**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JEREMY CIOE, on behalf of himself and all similarly situated persons, | ) ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC., | ) **No.** ) ) ) |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, Jeremy Cioe brings this action on behalf of himself and all persons similarly situated and alleges as follows against Defendants, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC. (individually and collectively, "Defendants" or "Verizon"):

## INTRODUCTION

1.      This action seeks relief for past and present employees of Verizon retail stores, whom Defendants failed to timely pay overtime wages and compensation in violation of the Fair Labor Standards Act (FLSA) and applicable state law.

## PARTIES, JURISDICTION AND VENUE

2.      Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") is a Delaware General Partnership, has its principal offices in Basking Ridge, New Jersey, and caused Plaintiff and similarly situated Verizon employees to be employed and/or paid at Verizon retail stores.  Defendant Verizon Wireless is a majority-owned subsidiary of Defendant Verizon Communications Inc.

3.      Defendant Verizon Communications Inc. is a Delaware corporation, has its

principal offices in New York, New York, and caused Plaintiff and similarly situated

Verizon employees to be employed and/or paid at Verizon retail stores.

4.      Plaintiff is a citizen of the State of Illinois and resides in this judicial

District.

5.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and

1367, and 29 U.S.C. § 216(b).

6.      The Court also has jurisdiction over the state-law claims under 28 U.S.C.

§ 1367 because those claims are so related to the federal claim that they form part of

the same case or controversy.  As fully described in detail herein, Plaintiff's state and

federal claims arise out of a common nucleus of operative fact; the above-described

facts give rise both to Plaintiff's federal and state law claims as set forth below.

7.      Alternatively, this Court has jurisdiction over Plaintiff's claims, *inter alia*,

pursuant to 28 U.S.C. § 1332(d)(2).  Based on the total value of the claims of Plaintiff's

and the other Class members, including the costs of complying with injunctive relief, the

total amount in controversy in this case exceeds, and Plaintiff and the Class seek

damages, in excess of, $5,000,000.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because one or

more Defendants regularly do business in this judicial District, and/or a substantial part

of the events or omissions giving rise to Plaintiff's claims arose in this District.

2

## FACTS

9.     Defendants own and operate retail stores – collectively hereinafter,

"Verizon Retail Stores" or "Retail Stores" – which are in the business of providing

customer support, services and sales of wireless telecommunication and mobile phone

services and products under various names.

10.     The duties of Defendants' Retail Store employees, classified as retail

communications consultants, sales associates, hosts, assistant managers, managers

and in other or like job positions, who are not exempt from Defendants' obligations to

pay them as required under the Fair Labor Standards Act (collectively herein, "Retail

Store Employees"), are, *inter alia*, to provide customer service and support, market and

sell mobile phone services and products, provide consultation, product expertise, and

demonstrations to their customers, have command of the technology behind Verizon

mobile devices and other products and how they work, and follow Verizon procedures.

11.     Defendants have employed Plaintiff and other Retail Store Employees

substantially on an hourly or salary basis, and on a limited basis on commission and

bonus, to perform such duties and operate Retail Stores in Illinois and in other States.

12.     Defendants employed Plaintiff as a retail communications consultant at

various Verizon Retail Stores located in Illinois, including at the Romeoville, Wheeling,

Hoffman Estates, and Lake Zurich locations from approximately March 2008 to January

2011.

13.     At relevant times (i.e., including during the past three years), Plaintiff and

the Class, including similarly situated employees and Retail Store Employees, worked

hours In excess of 40 hours per week, including during time periods for which they

3

earned commissions.

14.     At relevant times (i.e., including during the past three years), Defendants did purport to pay Plaintiff and other Retail Store Employees overtime for hours worked in excess of 40 hours per week, however, they failed to timely pay time and one-half of employees' regular rate of pay, and instead timely paid only time and one-half of employees' hourly wages.

15.     In contrast to Defendants' practices, relevant law requires Defendants to timely pay overtime compensation derived from hourly wages *and* applicable commissions and bonus pay (collectively herein, "commissions") combined, such as, for example, in the next payday after the employer can reasonably compute and arrange for payment of the additional compensation.

16.     But, at relevant times, Defendants failed to properly or timely pay overtime adjustments (or "true-ups") by timely adding-in commissions earned to the regular rate of pay upon which overtime is based as required by the FLSA and applicable law.  A "true-up," as used herein, means the re-computation of the hourly and overtime rates of pay for each work week worked by Plaintiff and each Class member, after applying the commission payment attributable to that week to the hourly rate of pay.

17.     During the relevant time period, Defendants failed to pay true-ups on a timely basis by paying true-ups up to one year past when the commission was earned. For example, in May 2009, Defendants' paid Plaintiff overtime true-ups for commissions earned in the *prior year*.  In fact, on Plaintiff's pay stub of May 2, 2009, Defendants paid Plaintiff a true-up, in the amount of $35.34, and marked that true-up compensation as "FLSA True Up – Prior Yr."  Defendants perpetrated the same practice of paying true-

ups for overtime and commissions earned in the "prior year" with respect to other Retail

Store employees and even paid said true-ups in a markedly large rate of upwards of

$500 - $600.

18.     While Plaintiff and the Class earned commissions during weeks when they

worked overtime and were paid overtime compensation including based on their

attributable hourly rate, Defendants failed to pay Plaintiff and the Class any true-up

compensation for said commissions for months at a time.  Defendants instead

attempted to make-up for such lacking true-up compensation by paying Plaintiff and the

Class a disproportionate sum of true-up compensation at a later and untimely date.

19.     For example, in January 2009 Defendants paid Plaintiff $757.44 in true-up

compensation.  However, in the preceding months, Plaintiff earned a mere $1,457.47 in

commissions, which, Plaintiff reasonably believes, would not merit such a large true-up

payment, but rather, indicates that the true-up was untimely and based on commissions

earned long ago.  By contrast, in April 2009 Defendants paid Plaintiff only $137.50 of

true-up compensation when Plaintiff earned $3,358.20 in commissions in the preceding

months.  The true-up compensation Defendants paid to Plaintiff in January 2009 is

clearly disproportionate to the amount of commission wages earned in the preceding

months.  By paying such a large sum of true-up compensation in January 2009 in

comparison to the amount of commissions earned, Defendants attempted to

compensate Plaintiff for previously due and owing true-ups stemming from commissions

earned and calculated long prior, i.e., multiple months or pay periods prior, to receipt of

the January 2009 pay check.  Such a practice causes Defendants to compensate

Plaintiff and the Class for earned true-ups in an untimely manner in violation of

applicable law.

20.     Defendants never told Plaintiff why they paid him true-ups so long after working and earning commissions for the above-described relevant overtime periods, and never told Plaintiff that they could not determine and pay such commissions prior thereto or within the month or pay period after such commissions were earned.  In fact, notwithstanding the above-described instances of tardy true-ups, Defendants were able to, and did compute and pay all commissions within a month or pay period after such commissions were earned.

21.     As a result of the above conduct, despite Plaintiff's demands, Defendants have unlawfully failed to pay Plaintiff and other Class members' timely wages and overtime as required by applicable law.

## COLLECTIVE ACTON ALLEGATIONS

22.     Plaintiff brings Count I of this Complaint as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of himself and the following Collective:

> All individuals who worked in a Verizon Retail Store in the United States, for more than 40 hours in a week, in a pay period in which commissions (or bonuses) were earned, as a retail communications consultant, sales associate, host, assistant manager, manager or in another Retail Store job classification, at any time from February 11, 2008 to the date of trial.[1]

Excluded from the Collective are current and former executives and officers of Defendants, Defendants' counsel, Plaintiff's counsel, and any member of the judiciary presiding over this action.

23.     An FLSA collective action will benefit Plaintiff and other employees who were similarly subject to Defendants' practice of failing to timely pay (or correctly pay) overtime wages.

24.     The number and identity of such similarly situated employees are ascertainable from Defendants' records.

25.     The facts set forth here satisfy the lenient requirements for maintenance of a collective action under Section 216(b) of the FLSA.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 201 *et. seq.*)

26.     Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count I pursuant to the Fair Labor Standards Act (FLSA) on behalf of himself and the Collective.

27.     Defendants, by their conduct set forth above, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 *et seq*.

28.     At relevant times, Plaintiff and other members of the Collective were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).  In fact, Defendants themselves admit that Plaintiff is a non-exempt employee by paying him overtime and true-ups (albeit in untimely fashion).

29.     Within the past three years, Defendants failed to timely pay Plaintiff and other members of the Collective true-ups for all periods due and owing.

---

[1] Plaintiff reserves the right to amend or expand the Collective definition including following discovery or further investigation.

30.     In instances when Defendants did pay overtime to Plaintiff and other members of the Collective, Defendants timely paid only 1.5 times their hourly wage, but failed to timely and properly pay 1.5 times their regular rate of pay (*i.e.*, 1.5 times a composite of the hourly wage and applicable commissions combined).

31.     At times when Defendants did pay Plaintiff and other members of the Collective true-ups, Defendants untimely paid such true-ups, paying them months and up to one year after commissions were earned, and paying them true-ups for overtime worked and commissions earned in the "prior year." *See, e.g.,* ¶¶ 17-19 *supra*.

32.     It is no secret that overtime true-ups must be timely paid as a matter of law. The FLSA and relevant regulations require overtime true-ups to be paid not later than in the next payday after the employer can reasonably compute and arrange for payment of the additional compensation. *E.g.*, 29 U.S.C. § 207; 29 CFR Pt. 778.106.

33.     Within the past three years for weeks when Plaintiff and the Collective worked overtime, Defendants were able to compute and arrange for payment of true-ups due to Plaintiff and the Collective just after their applicable commissions were earned, long ago and within a month or pay period after working the subject overtime hours. But, in violation of the above-described FLSA provisions, Defendants instead decided to remit the true-up compensation months, and up to a year late, after many pay periods and paydays have lapsed, and even at times labeled such compensation as "FLSA True Up – Prior Yr." *See, e.g.,* ¶¶ 17-19 *supra*. Therefore, when Defendants did pay overtime true-ups, such payment was untimely as it was paid up to one year when such true-up was due, though Defendants easily could have computed and arranged for payment of such amounts. *E.g.*, 29 CFR Pt. 778.106.

8

34.     Defendants are therefore in violation of the FLSA and all attendant regulations since they did not promptly pay Plaintiff and the Collective when such overtime wages could have reasonably been computed and arranged for payment and not later than the next payday after such computations could be made.  *E.g.*, 29 CFR Pt. 778.106, 29 CFR Pt. 778.119.

35.     The failure to timely pay such true-ups within this time period is willful, and grounds for liquidated damages in the entire amount of the non-timely payment of the true-up.  *E.g., James Dominici, et al., v. Board of Education of the City of Chicago*, 881 F. Supp. 315 (N.D. Ill. 1995).  Subsequent payment of overtime wages or true ups, such as what Defendants paid described more fully above in Paragraphs 17-19 does not discharge Defendants' other liabilities to timely pay overtime compensation including without limitation, liability for liquidated damages.  *E.g., Birbalas v. Cuenzo Printing Industries, Inc.*, 140 F.2d 826, 828 (7th Cir. 1944).

36.     At relevant times Defendants did not make a good faith effort to comply with their duties to compensate Plaintiff and the Collective as required by the FLSA.  In fact, Defendants were fully aware of their tardy payment of true-ups; Defendants repeatedly paid true-ups to Plaintiff and other members of the Collective in non-timely fashion, and even labeled true-ups paid as "prior year" true-ups.

37.     As a result of Defendants' aforementioned conduct, Plaintiff and the Collective were denied proper and timely overtime wages as set forth above for time worked in excess of 40 hours per week within the past three years, and are entitled to damages, including liquidated damages and any unpaid true-ups, as permitted by the FLSA, in amounts to be proven at trial.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff also brings Counts II and III of this Complaint individually and, pursuant to F.R.C.P. 23, as representative of the following Class of similarly situated individuals:

> All individuals who worked in a Verizon Retail Store in the United States, for more than 40 hours in a week, in a pay period in which commissions (or bonuses) were earned, as a retail communications consultant, sales associate, host, assistant manager, manager or in another Retail Store job classification, at any time from February 11, 2001 to the date of trial.[2]

Excluded from the Class are current and former executives and officers of Defendants, Defendants' counsel, Plaintiff's counsel, and any member of the judiciary presiding over this action.

39.     Plaintiff reasonably believes that the Class is so numerous that joinder of all members of the Class impracticable.

40.     Defendants' unlawful conduct as set forth herein is generally applicable with respect to the Class as a whole, so that final injunctive relief or corresponding declaratory relief is appropriate.

41.     Plaintiff's claims are typical of the claims of other Class members.

42.     Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to said Class members; and Plaintiff has retained counsel competent and experienced in class action litigation.

43.     A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all

members of the Class is impracticable, and many members of the Class cannot feasibly vindicate their rights by individual suits because the monetary value of their recoveries are outweighed by the burden and expense of litigating individual actions against the corporate Defendants.

44.     Common questions of law and fact exist as to all members of the Class, and predominate over questions affecting only individual Class members, including, without limitation, as follows:

    a. Whether Defendants failed to properly or timely pay overtime, or overtime true-ups, to Plaintiff and the Class;

    b. Whether Plaintiff and the Class were to be paid overtime wages as part of their agreement with Defendants;

    c. Whether Defendants timely paid Plaintiff and the Class earned overtime wages;

    d. Whether Defendants fully paid Plaintiff and the Class earned overtime wages;

    e. Whether Defendants' conduct violates the IMWL and similar state statutes;

    f. Whether Defendants' conduct violates the IWPCA and similar state statutes; and

    g. Whether Plaintiff and the Class are entitled to any damages and penalties allowed by applicable law.

## COUNT II

## VIOLATION OF STATE OVERTIME LAW

45.     Plaintiff repeats and realleges paragraphs 1-21 and 38-44 as if fully alleged herein, and brings Count II individually and on behalf of the Class.

---

[2] Plaintiff reserves the right to amend or expand the Class definition including following

46.     The same conduct giving rise to Plaintiff's claims above gives rise to

Defendants' violations of the Illinois Minimum Wage Law (IMWL) and similar state

statutes.

47.     Defendants are employers and Plaintiff and members of the Class are

employees within the meaning of the IMWL and similar state statutes, which require

Defendants to timely pay their non-exempt employees overtime at a rate of one and

one-half times their *regular rate of pay*.  *E.g.,* IMWL, 820 ILCS § 105/4a; 56 Ill. Admin.

Code 210.420(b) ("The regular rate is a rate per hour.  The Act does not require

employers to pay employees on an hourly rate basis.  Their earnings may be

determined on a piece-rate, salary, commission, or some other basis, but in such case

the overtime pay due must be computed on a basis of the hourly rate derived from such

earnings.")

48.     Pursuant to state overtime laws, such as the IMWL and relevant

regulations, the regular rate of pay includes "all remuneration for employment paid to, or

on behalf of, the employee" including any and all payments of commissions – *e.g.* 1.5

times a composite of the hourly rate *and* commissions, and/or including overtime "true-

ups" as defined above in Paragraph 16.  *E.g.,* IMWL, 56 Ill. Admin. Code § 210.410;  56

Ill. Admin. Code § 210.430(i).

49.     As set forth above, Defendants failed to timely and properly compensate

Plaintiff and the Class at a rate of one and one-half times their regular rates of pay for

overtime hours worked.

50.     When Defendants have paid overtime true-ups, they failed to timely pay

discovery or further investigation.

such compensation, paying them up to one year past due as described more fully above.  (¶¶ 17-19 *supra*).

51.     Further, Plaintiff and other members of the Class are entitled to recover the amount of any and/or all underpayments in violation of the IMWL and similar state acts.  *E.g.,* IMWL, 820 ILCS § 105/12(a).

52.     Further, Plaintiff and other members of the Class are entitled to "damages of 2% of the amount of any such underpayments *for each month* following the date of payment during which such underpayments remain unpaid."  *E.g.,* IMWL, 820 ILCS § 105/12(a) (emphasis added).

53.     Defendants' conduct complained of herein was willful and intentional, in that Defendants knew, required, approved and/or permitted Plaintiff and other members of the Class to work hours for which they were not timely and properly paid at a rate of time and one half their regular rate.

54.     As a result of Defendants' above-described illicit conduct in violation of the IMWL and similar state statutes, Plaintiff and the Class were damaged in that they were not timely compensated for all due and owing wages as required by law.

55.     Plaintiff seeks to recover, from Defendants, any unpaid overtime true-ups for the three years prior to the filing of this suit, and statutory damages available under state laws, including, for employees in Illinois, in the amount of 2% of the underpayment per month that payment was untimely, and reasonable attorneys fees and costs.  *E.g.,* IMWL, 820 ILCS § 105/12(a).

## COUNT III

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT AND SIMILAR STATE WAGE ACTS

56.     Plaintiff repeats and realleges paragraphs 1-21 and 38-55 as if fully alleged herein, and brings Count III individually and on behalf of the Class.

57.     The same conduct giving rise to Plaintiff's claims above gives rise to Defendants' violations of the Illinois Wage Payment and Collection Act (IWPCA) and similar state statutes.

58.     Defendants are employers and Plaintiff and members of the Class are employees within the meaning of the IWPCA and similar state statutes.  *E.g.,* IWPCA, 820 ILCS § 115/2.

59.     At hire and continuing thereafter, Defendants agreed to pay Plaintiff and the Class members for time worked, at agreed-upon "wages" as defined by the IWPCA and similar state statutes where Verizon Retail Stores are located.  *E.g.,* IWPCA, 820 ILCS § 115/2.

60.     As part of this wage agreement, which contains standardized terms uniformly applicable to Plaintiff and the Class, Defendants agreed to timely pay Plaintiff and other Class members overtime for time worked in excess of 40 hours per week, which includes true-ups as more fully described above.  *See e.g.,* ¶ 16.

61.     Additionally, pursuant to state wage laws, such as the IWPCA and relevant regulations, Defendants must timely pay all agreed upon wages after they are earned.  *E.g.,* IWPCA, 820 ILCS § 115/3 ("Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period…

14

Commissions may be paid once a month."); 820 ILCS § 115/4 (specifying brief, strict timelines for payment).

62.     Contrary to these requirements, as set forth above Defendants failed to timely and properly compensate Plaintiff and the Class for all wages including overtime and true-ups as required by the agreement between Defendants and Plaintiff and the Class (and by applicable law, *e.g.,* 29 U.S.C. § 207; 29 CFR Pt. 778.106; 820 ILCS § 105/4a; 56 Ill. Admin. Code § 210.420(b); 56 Ill. Admin. Code § 210.410; 56 Ill. Admin. Code § 210.430(i)).

63.     When Defendants have paid the subject overtime true-ups to Plaintiff and other members of the Class, they failed to timely pay such compensation, paying them up to one year past due, as described more fully above (¶¶ 17-19 *supra*), in violation of the IWPCA and similar states' law.  *E.g.,* 820 ILCS § 115/3.

64.     Defendants knowingly failed to pay and/or timely pay Plaintiff and other Class members said wages, in violation of their agreement with Plaintiff and the Class, and in violation of the IWPCA and similar state statutes as more fully set forth above.

65.     As a result of Defendants' willful failure to timely pay wages due and owing to Plaintiff and the Class for time worked, Plaintiff and other Class members were damaged in violation of the IWPCA and similar state acts, in amounts to be proven at trial.  *E.g.,* 820 ILCS § 115/14.

66.     Plaintiff and other Class members are owed payment of statutory interest and penalties for Defendants' failure to timely pay wages, including, under the IWPCA, in the amount of "2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."  *E.g.,* 820 ILCS § 115/14.

15

Defendants' tardy true-up checks have failed to compensate Plaintiff and other members of the Class accordingly.

67.     Plaintiff seeks to recover, from Defendants, any unpaid wages including overtime true-ups for the ten years prior to the filing of this suit, plus interest and statutory damages and penalties thereon for unpaid or untimely paid wages. *E.g.,* 820 ILCS § 115/14.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a.      Find that this case may be properly maintained as a FLSA collective action, and as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

b.      Order issuance of a notice to the Collective;

c.      Find that the Defendants violated and willfully violated the FLSA, and enter judgment in Plaintiff's favor and against Defendants accordingly;

d.      Find that the Defendants violated the IMWL and similar state laws, and enter judgment in Plaintiff's favor and against Defendants accordingly;

e.      Find that the Defendants violated the IWPCA and similar state overtime laws, and enter judgment in Plaintiff's favor and against Defendants accordingly;

f.      Award any back pay due to Plaintiff and the Collective for any unpaid or untimely paid overtime wages for the last ten years, and/or according to the applicable statute of limitations;

g.      Award liquidated damages to Plaintiff and the Collective equal to the amount of untimely paid and any unpaid back wages and late true-up payments tendered by Defendants to Plaintiff and the Collective, pursuant to the FLSA;

h.      Award statutory damages and penalties available under state overtime laws, including, *inter alia*, for Plaintiff and other Class members in Illinois, 2% of the amount of underpayments for each month following the date of payment during which such underpayments remained unpaid pursuant to 820 ILCS § 105/12;

i.     Award the full amount of wages due for any unpaid overtime as allowed by state wage payment laws, including, *inter alia,* for Plaintiff and other Class members in Illinois, pursuant to the IWPCA (*e.g.,* 820 ILCS § 115/4), plus interest thereon for untimely paid or unpaid wages (*e.g.,* 820 ILCS § 115/14);

j.     Award prejudgment interest with respect to the total amount of unpaid and untimely paid overtime compensation;

k.     Establish a constructive trust, until further order of the Court, consisting of any monies improperly held by Defendants from their above-described improper conduct;

l.     Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable law and statute; and

m.     Award such other and further relief as the Court deems just and appropriate, including prospective injunctive relief.

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters.

Respectfully submitted,

Jeremy Cioe, on behalf of himself and all similarly situated persons

By:     /s Ilan Chorowsky
One of Plaintiff's Attorneys

Ilan Chorowsky, Esq. (#6269534)
ilan@progressivelaw.com
Lindsey Goldberg, Esq.
lindsey@progressivelaw.com
**PROGRESSIVE LAW GROUP LLC**
505 N. LaSalle Street, Suite 350
Chicago, IL 60654
(312) 787-2717 (voice)

Robin Potter, Esq. (#3123932)
robin@potterlaw.org
**ROBIN POTTER & ASSOCIATES, P.C.**
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 861-1800 (voice)