UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY CIOE and SAROM PED, on behalf of themselves and all similarly situated persons, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-1002 |
| v. | ) ) | Judge Maria Valdez |
| CELLCO PARTNERSHIP, AIRTOUCH CELLULAR, and VERIZON WIRELESS TEXAS, LLC, all d/b/a VERIZON WIRELESS, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**AGREEMENT AND STIPULATION OF SETTLEMENT AND RELEASE**

This Agreement and Stipulation of Settlement and Release ("Stipulation of Settlement" or "Settlement") is made and entered into on April 1, 2013, by and between the following parties: Plaintiffs Jeremy Cioe and Sarom Ped ("Class Representatives" or "Plaintiffs"), individually and on behalf of similarly situated persons (collectively, the "Class" or the "Class Members"), and Cellco Partnership, Verizon Wireless Texas, LLC, and AirTouch Cellular all d/b/a Verizon Wireless (collectively, "Defendants"), in the consolidated lawsuits, *Cioe v. Cellco Partnership d/b/a Verizon Wireless et al.*, Case No. 11-cv-01002, and *Ped v. Cellco Partnership d/b/a Verizon Wireless et al.*, Case No. 11- cv-01851 (the "Cases"). Plaintiffs and Defendants are collectively referred to herein as the "Parties."

As more fully set forth below, the Cases seek relief for alleged unpaid overtime compensation on behalf of persons who worked in a Verizon Wireless retail sales location in the United States between March 16, 2008 and February 15, 2013. This Stipulation of Settlement constitutes the Parties' Settlement Agreement.

For the purposes of this settlement, the "Class" (or "Settlement Class") is defined as: all persons employed in a Verizon Wireless retail sales location in the United States (i.e., a store,

kiosk, or in-store location) who were classified and paid overtime as a nonexempt or Salary Plus employee at any time from March 16, 2008 to and including February 15, 2013.

For the purposes of this settlement, the "Subclass" (or "Settlement Subclass") is defined as: all persons employed in a Verizon Wireless retail sales location in the United States (i.e., a store, kiosk, or in-store location) who were classified and paid overtime as a Salary Plus employee at any time from March 16, 2008 to and including February 15, 2013.

References to the "Class" and "Class Members" in this Settlement and the attached papers include the Subclass and Subclass Members unless explained otherwise.

The following are excluded from this Settlement:

- Claims, judgments or settlements for work performed at call center locations serving Verizon Wireless customers or customers of any Released Party or where Verizon Wireless sales or service has been provided primarily via telephone, internet or other virtual means rather than in person.

- Claims, judgments or settlements for work performed for resellers of Verizon Wireless products or services.

- Any claim, judgment or settlement in the lawsuit, *Atzimba Cisneros v. Cellco Partnership,* Case No. JCCP 4693, pending in the California Superior Court for Los Angeles County, on behalf of class members in California, except such claims, judgments, or settlements concerning the calculation or untimely or insufficient payment of paid overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation, and retroactive deductions of overtime recorded by Class Members as worked.

- Persons who were members of a previous settlement class concerning claims of unpaid compensation in the lawsuit *Garnica v. Cellco Partnership et al.*, Case No 08-476827, resolved in the California Superior Court for San Francisco County, and who worked at one or more Verizon Wireless retail locations and time periods that are covered entirely by the *Garnica* settlement. Class and Subclass Members whose periods of employment

2

concerning allegedly unpaid compensation are released partially by *Garnica* will only be included in this Settlement to the extent they worked at a Verizon Wireless retail sales location during a period not covered by the *Garnica* settlement. In such a case, an individual's recovery of benefits under this Settlement will be pro-rated by excluding the amount of time worked at a Verizon Wireless retail location that is released by the *Garnica* settlement.

- Current and former officers of each of the Defendants, Defendants' counsel, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

The factual circumstances in the Cases include, but are not limited to:

- The alleged improper payment of overtime adjustments resulting from Verizon Wireless's payments of commissions, bonus or other incentive compensation;

- Verizon Wireless's payment of overtime compensation to workers classified as Salary Plus, at a half-time rate; and

- Retroactive deductions of or adjustments to overtime recorded or submitted by Class Members.

**THE PARTIES STIPULATE AND AGREE** as follows:

1.      On or about February 11, 2011, Plaintiff Jeremy Cioe filed a proposed Class Action Complaint in the United States District Court for the Northern District of Illinois on behalf of himself and similarly situated Verizon Wireless workers, seeking relief relating to payment of overtime adjustments related to bonuses, commissions, and other incentive compensation under the Fair Labor Standards Act ("FLSA") and state wage and overtime laws nationwide.

On or about March 16, 2011, and as amended on May 11, 2011, Plaintiff Sarom Ped filed a proposed Class Action Complaint in the United States District Court for the Northern District of Illinois on behalf of himself and similarly situated Verizon Wireless workers nationwide. That Complaint alleges, *inter alia*, violations of the FLSA and state wage and overtime laws, for failing to pay Plaintiffs and Class Members wages and overtime and seeks relief relating to

payment of overtime adjustments, in Verizon Wireless retail sales locations.

On or about July 2, 2012, Plaintiffs requested to relate and reassign the *Ped* action, Case No. 1:11-cv-01851, pending before the Honorable James B. Zagel with the *Cioe* action, Case No. 1:11-cv-1002, pending before the Honorable Sharon J. Coleman. The court consolidated the actions upon further motion on or about January 29, 2013.

Plaintiffs filed a Consolidated Complaint, which asserts claims under the FLSA and state wage and overtime laws, individually and on behalf of Verizon Wireless workers at retail sales locations nationwide, for improper calculation and payment of overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation; untimely calculation and payment of overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation; unpaid overtime compensation for workers classified as Salary Plus who were paid overtime at a half-time rate; overtime compensation for deductions of overtime recorded or submitted by Class Members; and penalties, liquidated damages, and attorneys' fees and costs.

2.     The Parties are represented as follows:

- Robin Potter & Associates, P.C. and Progressive Law Group LLC located in Chicago, Illinois, are counsel of record for Plaintiffs. Herein reference to "Class Counsel" and "Plaintiffs' Counsel" is to Progressive Law Group LLC and Robin Potter & Associates, P.C.

- Jones Day is counsel of record for Defendants.

3.     Plaintiffs believe the Cases are meritorious based on alleged violations of the FLSA and state laws, and that the Cases are appropriate for Class Action treatment. Plaintiffs' Counsel represent that they have diligently pursued an investigation of Plaintiffs' and the Class Members' claims against Defendants including (i) reviewing relevant documents, (ii) conducting extensive employee payroll analyses and a thorough investigation of the payment procedures at issue, and (iii) researching the applicable law and the potential and asserted defenses. Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims

alleged in the Cases.

4.     Arm's-length settlement negotiations have taken place between the Parties, including two settlement conferences, on or about July 10, 2012, and August 10, 2012, in Chicago, Illinois, before the Honorable Maria Valdez.

5.     After extensive informal discovery and investigation of the facts and after carefully considering applicable law, the Class Representatives and Class Counsel have concluded that:  (i) it is in the best interests of the Class to enter into the Settlement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure benefits to the Class Members, and (ii) the terms and conditions of this Settlement, are fair, reasonable and adequate, and in the best interests of all members of the Class.   Despite Defendants' good faith belief that they are not liable for any of the claims asserted in the Cases and that they have good defenses to those claims, they will enter into this Settlement to obtain the conclusive and complete dismissal of the Cases, to resolve fully all claims related to the allegations in the Cases, and to avoid:  (i) the further expense, inconvenience and burden of this litigation, (ii) the distraction and diversion of their personnel and resources, and (iii) the risk and uncertainty of the outcome inherent in any litigation.

6.     Motions for class certification have not been filed and no class has been certified in this Cases.  The Parties agree that for the purpose of this Settlement only, the Class and Subclass defined above should be certified under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).  If the Court does not grant final approval of the Settlement, at Plaintiffs' or Defendants' option, the Parties' stipulation to class certification shall be void *ab initio*. Defendants expressly reserve the right to oppose class certification should the Settlement not become final.   Neither this Stipulation of Settlement nor any statements made solely for mediation and settlement of the Cases, nor any documents filed by the parties in connection with this settlement shall be admissible or offered into evidence in the Cases or any other Case for any purpose whatsoever other than for this settlement or as agreed by the Parties.

7.      Based on an independent investigation and evaluation, Class Counsel is of the opinion that Settlement with Defendants for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances.  Defendants and Defendants' counsel also agree that the Settlement is fair and in the best interest of the Class.

8.      The Parties intend that this Stipulation of Settlement be a full and complete settlement and release of all claims set forth in the Consolidated Complaint.  The Parties agree to cooperate and take all necessary and appropriate steps to effectuate the terms of this Settlement, and, upon the entry of an order granting final approval to this Settlement, shall dismiss with prejudice all claims as set forth in Paragraphs 18 and 21.

9.      This Settlement provides for a claims process requiring the Claims Administrator to make settlement payments to the Class Members according to a specified formula for each timely and valid claim submitted.  The maximum total payment under the Settlement, including all attorneys' fees and costs, the enhancement payments to the Class Representatives, and any other payments provided by this Settlement, is Seven Million Seven Hundred and Twenty-One Thousand Dollars ($7,721,000.00), which, together with any accrued interest thereon as set forth in Paragraph 20, below, constitutes the "Settlement Fund."

## TERMS OF SETTLEMENT

10.      In consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

a.      It is agreed by and among Plaintiffs and Defendants that the Cases, including any claims, damages, or causes of action arising out of or related to the disputes, whether asserted or not, which are the subject of the Consolidated Complaint, be settled and compromised as between the Class and Defendants, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court.

b.      Effective Date:  The settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred:

        i.        this Stipulation of Settlement has been executed by the Parties and by Class Counsel and Defendants' Counsel;

        ii.        the Court has given preliminary approval to the settlement;

        iii.        notice has been given to the Class Members, providing them with an opportunity to submit claim forms or to opt out of the settlement;

        iv.        the Court has held a final approval hearing and entered a final order and judgment certifying the Class and Subclass, dismissing the Cases with prejudice, and approving this Stipulation of Settlement; and

        v.        the later of the following events: when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld in all respects the Court's final order approving the settlement with no right to pursue further remedies or relief.  It is the intention of the parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

        c.        <u>Settlement Payments</u>:  The Net Settlement Amount ("NSA") shall be calculated by deducting, from the Settlement Fund, the following anticipated payments under this Settlement: (1) up to thirty three and one third percent (33 1/3%) of the maximum total payment under the Settlement for attorneys' fees, costs and expenses incurred by Plaintiffs' Counsel/Class Counsel in this matter; and (2) Enhancement Payments to Jeremy Cioe and Sarom Ped for their efforts in prosecuting the Cases and release of any and all of their claims as provided below.  Settlement payments to the Class Members who file valid and timely claims will be calculated by the Claims Administrator and paid out of the NSA as follows ("NSA Payments").

        i.        <u>Net Settlement Amount Payments</u>:  NSA Payments to

Class Members will be on a "claims-made" basis; that is, Class Members must submit a valid and timely Class Member Claim and Opt-In Form (described below) in order to participate in the Settlement and be paid from the NSA. After deduction of the amounts described above from the Settlement Fund, each Class Member who does not opt out of the Settlement and who submits a valid and timely Class Member Claim and Opt-In Form will receive money from the Settlement, equal to the total number of his or her shares divided by the total number of shares of all Class Members who submit a valid and timely Class Member Claim and Opt-In Form, multiplied by the NSA. For example, if a Class Member has 250 shares and the total of all shares of all Class members submitting a valid and timely Claim and Opt-In Form is 1,800,000, and assuming an NSA of $5,122,333, that Class Member would receive an amount calculated by the following method: 250/1,800,000 x $5,122,333 = $711.44.

Shares will be determined as follows:

- Each dollar recorded as paid to a Class Member for an annual overtime adjustment for the time period June 1, 2008 through February 11, 2012 shall be assigned a share value equal to the Net Settlement Amount multiplied by 40% and then divided by the total number of dollars paid to the entire Class in annual overtime adjustments for the period June 1, 2008 through February 11, 2012.

- Each dollar recorded as paid to a Class Member for a monthly overtime adjustment for the time period March 16, 2008 through February 11, 2012 shall be assigned a share value equal to the Net Settlement Amount multiplied by 30% and then divided by the total number of dollars paid to the entire Class in monthly overtime adjustments for the period March 16, 2008 through February 11, 2012.

- Each overtime hour recorded as paid to a Class Member for the time period March 16, 2008 through February 15, 2013 shall be assigned a share value equal to the Net Settlement Amount multiplied by 5% and then divided by the total number of overtime hours paid to the entire Class for the period March 16, 2008 through February 15, 2013.

- Each overtime hour recorded as paid to a Subclass Member under the Salary Plus program for the time period March 16, 2008 through February 15, 2013 shall be assigned a share value equal to the Net Settlement Amount multiplied by 25% and then divided by the total number of overtime hours paid under the Salary Plus program to the entire Subclass for the period March 16, 2008 through February 15, 2013.

- To determine share values and calculate NSA Payments, the amount of overtime adjustments or overtime hours (or fractions thereof) paid shall be based upon Defendants' payroll data, subject to the provisions for a Class Member to dispute said payroll data contained herein.

- Each dollar recorded as paid as an annual or monthly overtime adjustment, and each overtime or Salary Plus overtime hour recorded as paid, for work performed at a Verizon Wireless retail sales location and time period covered by the settlement of a previous lawsuit, *Garnica v. Cellco Partnership et al.*, Case Number 08-476827, resolved in the California Superior Court for San Francisco County, is excluded from this Settlement and will not be counted.

Class Members who file valid and timely claims will be paid based on the number of work overtime hours they were paid and the dollar amount of overtime adjustments they received, pursuant to the formula above, as calculated by the Claims Administrator. The Claims Administrator will issue a check to each Class Member who submitted a valid and timely claim in the value of that Class Member's claim, less any legal withholdings that are not to be borne by Defendants.

Following the end of the claims filing period, the Claims Administrator shall determine the total amount of monies to be distributed to the Class Members who filed a Claim and Opt-In Form and who are eligible to receive payment(s) under the terms hereof, and shall distribute settlement checks to Class Members accordingly.

Remainder Amounts. After such distribution to the Class Members, any remainder, to the extent there is any shall create a *cy pres* trust. The "Remainder Amounts" shall include un-cashed distribution settlement checks/payments consistent with applicable law as well as any unclaimed funds. The beneficiaries of the *cy pres*, to be used for the purpose of protecting worker rights, or promoting job opportunities, job quality, or workplace fairness, shall be (1) the Center for Urban Economic Development at the University of Illinois, Chicago and (2) the Donald Vial Center for Employment in the Green Economy at the University of California-Berkeley Institute for Research on Labor and Employment, and shall be designated in the Notice of Pendency of Class Action and Proposed Settlement described below (the "Class Notice").

9

ii.      Allocation Of Net Settlement Amount Payments:   The NSA Payments shall have two components: (1) a wage distribution; and (2) a liquidated damages, penalty, or interest distribution.  The claim for late payment of overtime adjustments alleged in the Cases consists entirely of the latter distribution.  The two components will be distributed to each Class Member who submits a timely and valid Claim and Opt-In Form as follows: 50 percent shall be a wage distribution; and 50 percent shall be a liquidated damages, penalty, or interest distribution.

The employees' share of appropriate federal, state and local tax withholdings will be deducted from the wage distribution and each Class Member will receive an IRS Form W-2 with respect to this portion of the Settlement.  The Class Members will be issued an IRS Form 1099 for the liquidated damages, penalty, or interest distribution, if required by law.  The Claims Administrator shall be responsible for preparing and filing all IRS Forms W-2 and 1099, and other necessary tax forms (and the equivalent state tax forms), notices, mailings, claims administration, and making any and all payments to Class Members in accordance with this Stipulation of Settlement.  Class Members are responsible to pay the appropriate individual taxes due on the NSA Payments they receive.  **Class Counsel and counsel for Defendant do not intend this Stipulation of Settlement to constitute legal advice relating to the tax liability of any Class Member.  To the extent that this Stipulation of Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.**

iii.      Settlement Payments Do Not Trigger Additional Benefits:   All NSA Payments to Class Members shall be deemed to be paid to such Class Members solely in the year in which such payments actually are received by the Class Members.  The NSA Payments are the sole payments to be made to the putative Class Members in consideration for the Released Claims and Released Subclass Claims, and that the Class Members are not entitled to any additional compensation or benefits as a result of having received the NSA Payments

(notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement). It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Class Member to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits.

        iv.    <u>Attorneys' Fees and Costs</u>: In consideration for the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly implemented and obtaining dismissal with prejudice of the Cases, and subject to final approval and/or modification by the Court, Defendants agree not to oppose, and to pay, in the amount ordered by the Court, an award by the Court of Class Counsel attorneys' fees, costs and expenses in the total amount of Thirty Three and One Third Percent (33 1/3%) of the maximum total payment under the Settlement Fund, before any other deduction or distribution from the Settlement Fund. Within Thirty (30) calendar days following the Effective Date, the Claims Administrator shall remit said amount from the Settlement Fund to Plaintiffs' Counsel, c/o Progressive Law Group LLC, Chicago, Illinois.

        v.    <u>Class Representative Enhancement Payment</u>: Subject to Court approval, and as part of the Settlement Fund, Defendants agree to pay enhancement payments of Twelve Thousand Five Hundred Dollars ($12,500.00) to Jeremy Cioe and Twelve Thousand Five Hundred Dollars ($12,500.00) to Sarom Ped, for service as class representatives and release of any and all claims as set forth below (the "Enhancement Payments"). These payments are in addition to the claim share to which the Class Representatives are entitled to claim along with other Class Members. The Claims Administrator will issue an IRS Form 1099 for the Enhancement Payment to each Class Representative, and the Class Representative will be responsible for correctly characterizing the payment for tax purposes and for paying any taxes

11

due on the amounts received. The Class Representatives agree to pay all taxes due on the Enhancement Payments. The Claims Administrator will pay the Enhancement Payment to the Class Representatives within Thirty (30) calendar days following the Effective Date.

    vi.  <u>Claims Administrator</u>: Defendants further agree to pay, out-of-pocket and not from the Settlement Fund, all costs of the Claims Administrator including all costs associated with the notices to the Class and administration of this Settlement. The Claims Administrator will be selected by the Defendants with approval of Class Counsel. The payment of fees and costs of the Claims Administrator for work done is not dependent on the outcome of this Settlement, and will be paid by Defendants regardless of the outcome of the Settlement.

    vii.  <u>Mailing Of Settlement Payments</u>: The Claims Administrator shall cause the NSA Payments to be mailed to the Class Members within Sixty (60) calendar days of the Effective Date. If any checks are returned to the Claims Administrator as undeliverable, the Claims Administrator will take reasonable measures to determine the accurate address, such as skip-tracing and information available in Defendants' records as needed, and will re-send the check to the new address.

    viii.  <u>Cashing Settlement Payments</u>: Class Members will have Ninety (90) calendar days after mailing of the Settlement Payments to cash, deposit or negotiate their settlement payment checks. If Class Members do not cash, deposit or negotiate their settlement payment checks within the 90-day period, their settlement checks will be void and a stop-pay will be placed on such checks. The settlement checks remitted to Class Members shall clearly disclose the end date by which the check must be negotiated. All uncashed settlement payments shall be treated as Remainder Amounts as set forth in Paragraph 10(c)(i) of this Agreement.

    ix.  <u>Claim and Opt-In Forms</u>: The Class Administrator will mail a simple Claim and Opt-in Form, approved by the Court, to each Class Member. For each Class Member, there will be pre-printed information on the first Claim and Opt-In Form, based on Defendants' records, stating: (i) the Total Overtime Hours the Class Member was paid from March 16, 2008 to February 15, 2013; (ii) the Total Overtime Hours the Class Member was paid

as part of the Salary Plus program from March 16, 2008 to February 15, 2013; (iii) the Total Dollar Amount the Class Member was paid for Annual Overtime Adjustments or "true-ups" from June 1, 2008 to February 11, 2012; and (iv) the Total Dollar Amount the Class Member was paid for Monthly Overtime Adjustments or "true-ups" from March 16, 2008 to February 11, 2012.

Defendants' signatures on this Stipulation of Settlement certify that Defendants have used best efforts to ensure that such information, including payroll data used to allocate Class Member settlement payments and the Class Member lists that Defendants produce in order to disseminate the Class Notice, are complete and correct.

The Claim and Opt-In Form will contain an optional section allowing any Class Member who disputes the information concerning his or her overtime hours paid or dollar amount of overtime adjustments received to challenge the accuracy of the hours and dollars reported on the Class Member's Claim and Opt-In Form and derived from Defendant's payroll records. If a Class Member lodges a dispute, he or she may produce evidence and/or an affirmation to the Claims Administrator indicating the dates and/or overtime hours or adjustments he or she contends to have worked or received. If there is a dispute, the Parties' counsel will make a good faith effort to resolve the dispute informally. If they cannot agree, the Claims Administrator will resolve the dispute pursuant to the procedures set forth in Paragraph 10(d), below.

All Claim and Opt-In Forms (including any challenges to the number of overtime hours or overtime adjustments paid) must be completed in their entirety and timely submitted to be valid. Defendants shall have no obligation to pay any person, entity or organization beyond: (1) the valid and timely claims filed by the Class Members; (2) the attorney's fees and costs approved by the Court; (3) the Enhancement Payments to the Class Representatives approved by the Court; (4) all costs of notice and claims administration; (5) the employer portion of the government-mandated withholdings attributable to the portion payable to Class Members as earnings; and (6) any other payments provided by this Settlement.

x.     Payments *Cy Pres* Recipients.    Within Forty-Five (45) calendar days after expiration of the end-date for Class Members to cash Settlement payments as set forth in Paragraph 10(c)(viii) above, the Claims Administrator shall distribute any Remainder Amounts in equal measure to the designated *cy pres* beneficiary(ies) set forth in Paragraph 10(c)(i) above, or as otherwise directed by the Court, and shall provide, to Class Counsel and Defendants' counsel, written confirmation of this distribution.

d.     Resolution of Disputes:  In the event a Class Member disputes the number of overtime hours or the dollar amount of overtime adjustments for which he or she is entitled to receive credit under the Settlement, the Claims Administrator shall forward said dispute both to Defendants' and Class Counsel, who will seek to resolve the dispute.  Defendants' regularly maintained business records shall create a rebuttable presumption as to the number of overtime hours or dollar amount of overtime adjustments paid.  Thus, the Class Member must submit information or documents supporting his or her position to the Claims Administrator within Thirty (30) calendar days of the date his or her Claim and Opt-In Form is postmarked, emailed, faxed, or submitted via the settlement website.  Information or documents submitted after Thirty (30) calendar days will not be considered by the Claims Administrator, unless otherwise agreed to by the parties.  If a dispute cannot be resolved within Ten (10) calendar days of the expiration of the Thirty (30) day period by which the Class Member must submit supporting documents, the Claims Administrator shall give notice to the claimant.  Class Counsel and Defendants will present the dispute to the Claims Administrator for resolution within Fourteen (14) calendar days of the date of said notice.

e.     Right to Rescission:

i.     If the total number of Class Members who opt out of the Settlement Class by submitting valid and timely Requests for Exclusion From Class Action Settlement exceeds Five Percent (5%) of the total number of Class Members, Defendants may in their sole discretion rescind the Settlement, by giving written notice to Class Counsel within

14

Fourteen (14) calendar days after the deadline for submitting a Request for Exclusion from this Settlement.

            ii.      In the event that the Court does not approve the Settlement, and the basis for the Court's disapproval of the Settlement does not involve a material term of this Stipulation of Settlement, the Parties shall make good faith efforts to modify this Stipulation of Settlement so as to gain the Court's approval.

            iii.      In the event that the Court issues an order preliminarily or finally approving the Settlement in a form materially different from this Stipulation of Settlement, the Parties shall each have Ten (10) calendar days to withdraw from the Settlement, which may be exercised immediately upon submission of written notice to the other Party and filing with the Court.  If either Party chooses to exercise the right to withdraw as set forth in this paragraph, the Settlement shall be null and void for all purposes, and the Parties shall be restored, without prejudice, to their respective pre-settlement litigation positions.

## CLAIMS ADMINISTRATION

11.      The Claims Administrator will send notice to Class Members as provided in Paragraph 12, below.  The Claims Administrator will independently review the Claim and Opt-In Forms and documentation, based on Defendants' payroll records, to calculate the amounts due to Class Members in accordance with this Stipulation of Settlement.  The Claims Administrator shall report, in summary or narrative form, the substance of its findings.  The Claims Administrator shall be granted reasonable access to Defendants' records in order to perform its duties.  Likewise, Class Counsel will be granted reasonable access to the Claims Administrator and any records needed for enforcement or monitoring of this settlement agreement. The Claims Administrator will issue and send out NSA Payments to Class Members in accordance with this Stipulation of Settlement.  The Claims Administrator shall work jointly with the Parties to carry out its duties under this Settlement.

The Claims Administrator shall establish a settlement website including, *inter alia,* copies of relevant Settlement papers such as the Stipulation of Settlement, Class Notice, and

Claim and Opt-In Form; a toll-free telephone number to field and service Class Member communications regarding the Settlement; a Claims Administrator mailing address, email address and facsimile transmission telephone number to submit Claim and Opt-In Forms; online means to complete, electronically sign and submit the Claim and Opt-In Form via the settlement website, contact information for Class Counsel, and a list of frequently asked questions and responses. The form, content and domain name of the settlement website are to be approved by Class Counsel and Defendants' counsel. The settlement website shall remain "live" for a period of not less than 90 days after mailing of NSA Payments to the Class Members.

The Claims Administrator shall provide weekly reports of Class Member responses to the Class Notice. The Claims Administrator shall, upon website launch by the date the Class Notice is disseminated and on a weekly basis thereafter, perform testing of the settlement website, and of electronic means for submission of the Claim and Opt-In Form, to ensure accessibility and functionality.

## NOTICE TO THE CLASS

12.     A Notice of Pendency of Class Action and Proposed Settlement ("Class Notice") approved by the Court shall be sent by the Claims Administrator to the Class Members by first class mail (U.S.P.S.). Enclosed with the Class Notice will be a Claim and Opt-In Form (with pre-addressed envelope). The Class Notice will include instructions as to how a Class Member may submit a Request for Exclusion from this Settlement or object to the Settlement. Any envelopes returned as undeliverable from these mailings with forwarding addresses will be utilized by the Claims Administrator to forward the Class Notice and the Claim and Opt-In Form to the Class Members. The parties will propose court approval of the Class Notice and Claim and Opt-In Form as attached hereto as Exhibits A and B.

a.     Within Twenty (20) calendar days of the date that the Court grants preliminary approval of this Settlement, Defendants shall provide to the Claims Administrator a database, which will list each Class Member's name, last known address, dates of employment,

Social security number, number of overtime hours paid during the class period, number of Salary Plus overtime hours paid during the class period, amount of annual overtime adjustment paid from June 1, 2008 to February 11, 2012, and amount of monthly overtime adjustments paid from March 16, 2008 to February 11, 2012. Defendants shall obtain written agreement from the Claims Administrator to use this data, and any other Class Member data produced to the Claims Administrator in this matter, solely for the purposes of effectuating this Settlement; to take all reasonable precautions to safeguard the confidentiality of the data; and to comply with all state and federal laws that protect the privacy of current and former Verizon Wireless employees. This database shall be based on Defendants' payroll and other business records and in a format acceptable to the Claims Administrator. Defendants agree to consult with the Claims Administrator prior to the production date to ensure that the format will be acceptable to the Claims Administrator. Upon receiving the database, the Claims Administrator will run a check of the Class Members' addresses against those on file with the United States Postal Service's National Change of Address List; this check will be performed only once per Class Member by the Claims Administrator, except as otherwise consistent with this Settlement. Within Fifteen (15) calendar days after the database is provided to the Claims Administrator, the Claims Administrator will mail the Class Notice, and the Claim and Opt-In Form to the Class Members.

b. Claim and Opt-In Forms must be submitted via email, facsimile, or the settlement website, or postmarked via U.S. Mail, within Sixty (60) calendar days of the date the Class Notice and Claim and Opt-In Forms are mailed. Claim and Opt-In Forms must be completed in full, signed and timely submitted in order to be valid. If the Claim and Opt-In Form is not completed in full and signed, the Claims Administrator shall send one, but not more than one, deficiency notice to the Class Member advising the Class Member to cure the deficiency. The Claims Administrator will mail such deficiency notice to the Class Member at the address provided by said Class Member (or if none is provided, at the last address used by the Claims Administrator) within Ten (10) calendar days from the date of submission or mailing of the deficient Claim and Opt-in Form. The deficiency notice will give the Class Member

17

Thirty (30) calendar days from the date of mailing of the deficiency notice to cure the deficiency; the corrected Claim and Opt-In Form must be postmarked, emailed, faxed, or submitted via the settlement website no later than Thirty (30) calendar days after the date of mailing of the deficiency notice or by the expiration of the Sixty (60) day claim period, whichever is later.

c.       The Claims Administrator shall promptly resend Class Notice and Claim and Opt-In Forms returned to the Claims Administrator as non-delivered within the Sixty (60) day claim period, to the forwarding address, if any, on the returned envelope.

If a Class Notice and Claim and Opt-In Form is returned to the Claims Administrator as non-delivered without a forwarding address, the Claims Administrator may promptly do a computer search for a new address using the Class Member's social security number and will resend the Class Notice and Claim and Opt-In Form to the new address.  The Claims Administrator will resend a returned Class Notice and Claim and Opt-In Form to a forwarding address or another new address only one time per Class Member.  The Claims Administrator shall use reasonable means to perform an address updating check prior to mailing the Class Notice and will use skip-tracing and other appropriate steps to ensure, to the extent practicable, that the Class Notice is sent to all Class Members.  To facilitate re-mailing for Class Members whose Class Notice and Claim and Opt-In Form are returned as undeliverable, Defendants will provide additional information to the Claims Administrator such as those Class Members' date of birth, and other relevant information in Defendants' possession.  Claim and Opt-In Forms must be submitted or postmarked within the time prescribed by Paragraph 12(b).

Upon completion of these steps by the Claims Administrator, the Parties shall be deemed to have satisfied their obligation to provide the Class Notice to that Class Member and the Class Member shall be bound by all the terms of the Stipulation of Settlement and the Court's order and final judgment.

d.       Defendants shall provide for filing with the Court, at least Fourteen (14) calendar days prior to the final approval hearing, a declaration by the Claims Administrator

indicating due diligence and proof of mailing with regard to the mailing of the Class Notice as set forth above and other information as reasonably requested by Class Counsel or Defendants.

e.       All objections to the Settlement by Class Members must be filed in writing with the District Court and served upon all counsel of record within Sixty (60) calendar days of the date the Class Notice is mailed.  This deadline applies notwithstanding any assertion of non-receipt of the Notice by any Class Member.

Any objection to the Settlement must be stated with particularity.  Any Class Member filing an objection who intends to appear at the final approval hearing either in person or through counsel, must state in the objection the intention to appear, the purpose of the appearance, and whether the Class Member is represented by counsel.  Named Plaintiffs and Defendants will be permitted to respond in writing to such objections within the time period allowed by the Court.

f.       Class Members will have until Sixty (60) calendar days after the date the Class Notice is mailed to submit a Request for Exclusion from this Class Action Settlement.  The right to submit a Request for Exclusion from this Class Action Settlement may only be exercised individually by a Class Member or his or her legally designated heir or legal administrator of the deceased's estate.

## CLAIMS PROCESS

13.       Claim and Opt-In Forms will not be honored if submitted or postmarked after the Sixty (60) day period for the filing of Claims, unless counsel for Defendants and Class Counsel mutually agree to accept such a Claim and Opt-In Form.

14.       All original Claim and Opt-In Forms shall be submitted directly by Class Members to the Claims Administrator using the address or a delivery method indicated on the Claim and Opt-In Form.  The Claims Administrator will certify jointly to Class Counsel and Defendants' Counsel those claims that were timely filed.

15.       Within Twenty-One (21) calendar days after the expiration of the Sixty (60) day period for the filing of claims, the Claims Administrator shall provide Class Counsel and Defendants with a report listing the amount of all payments to be made to each Class Member.

The Claims Administrator shall provide subsequent updates to the report as appropriate. Following the payments to be made after the Effective Date of the Settlement, the Claims Administrator will provide proof of payments to Class Counsel and Defendant's Counsel.

## RELEASE OF CLAIMS

16.      Release of Claims by the Plaintiffs and the Settlement Class.

### A.  RELEASE OF CLAIMS BY THE CLASS.

Subject to the Exclusions below, upon the final approval by the Court of this Settlement, and except as to such rights or claims as may be created by this Settlement, the Settlement Class defined above and each Class Member who has not submitted a valid and timely Request for Exclusion from this class action Settlement on their behalf, and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge Cellco Partnership d/b/a Verizon Wireless, Verizon Wireless Texas, LLC d/b/a Verizon Wireless, and AirTouch Cellular d/b/a Verizon Wireless, and each of their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, members, managers, co-joint venturer, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with Cellco Partnership d/b/a Verizon Wireless, Verizon Wireless Texas, LLC d/b/a Verizon Wireless,, and/or AirTouch Cellular d/b/a Verizon Wireless, (collectively, the "Released Parties") from any and all claims, debts, losses, demands, obligations, liabilities, penalties, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected which relate to nonpayment or inaccurate payment by any Released Parties of employee overtime compensation as described in this paragraph below as the Released Claims, under any federal, state or local law – inclusive of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., only insofar as individuals have opted-in to this settlement and timely and validly completed a Claim and Opt-In Form –

arising from the Class Members' employment at a Verizon Wireless retail sales location in the United States at any time from March 16, 2008 to February 15, 2013, concerning retroactive deductions of overtime recorded by Class Members as worked and calculation or payment of overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation and time worked in whole or in part between March 16, 2008 and February 15, 2013, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown (collectively, the "Released Claims").

## B. ADDITIONAL RELEASE OF CLAIMS BY THE
## SUBCLASS – FOR "SALARY PLUS" WORKERS.

Subject to the Exclusions below, upon the final approval by the Court of this Settlement, and except as to such rights or claims as may be created by this Settlement, the Settlement Subclass defined above and each Subclass Member who has not submitted a valid and timely Request for Exclusion from this class action Settlement on their behalf, and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge each of the "Released Parties" described in the paragraph above, from any and all claims, debts, losses, demands, obligations, liabilities, penalties, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected which relate to nonpayment or inaccurate payment, by any Released Parties, of employee overtime compensation as described in this paragraph below as the released subclass claims for the Subclass, under any federal, state or local law – inclusive of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., only insofar as individuals have opted-in to this settlement and timely and validly completed a Claim and Opt-In Form – arising from the Subclass Members' employment at a Verizon Wireless retail sales location in the United States at any time from March 16, 2008 to February 15, 2013, concerning the calculation of overtime pay rates under the fluctuating workweek method of overtime compensation, and the payment of

21

overtime at a half-time rate, for employees classified as "Salary Plus," including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown (collectively, the "Released Subclass Claims").

### C. EXCLUSIONS.

The following persons and claims are excluded from this Release and all of the Released Claims and Released Subclass Claims set forth above:

- Claims, judgments or settlements for work performed at call center locations serving Verizon Wireless customers or customers of any Released Party or where Verizon Wireless sales or service has been provided primarily via telephone, internet or other virtual means rather than in person.

- Claims, judgments or settlements for work performed for resellers of Verizon Wireless products or services.

- Any claim, judgment or settlement in the lawsuit, *Atzimba Cisneros v. Cellco Partnership,* Case No. JCCP 4693, pending in the California Superior Court for Los Angeles County, on behalf of class members in California, except such claims, judgments, or settlements concerning the calculation or untimely or insufficient payment of paid overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation, and retroactive deductions of overtime recorded by Class Members as worked.

- Persons who were members of a previous settlement class concerning claims of unpaid compensation in the lawsuit *Garnica v. Cellco Partnership et al.*, Case No. 08-476827, resolved in the California Superior Court for San Francisco County, and who worked at one or more Verizon Wireless retail locations and time periods that are covered entirely by the *Garnica* settlement. Class and Subclass Members whose periods of employment concerning allegedly unpaid compensation are released partially by *Garnica* will only be included in this Settlement to the extent they worked at a Verizon Wireless retail sales

location during a period not covered by the *Garnica* settlement. In such a case, an individual's recovery of benefits under this Settlement will be pro-rated by excluding the amount of time worked at a Verizon Wireless retail location that is released by the *Garnica* settlement.

- Current and former officers of each of the Defendants, Defendants' counsel, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

- This Release does not waive, release or modify any Class Member's vested benefits under any ERISA plan, such as a Class Member's vested rights under a pension plan.

The Claim and Opt-In Form issued to members of the Settlement Class will advise Class Members of the Release of Claims or a summary thereof. Released Claims and Released Subclass Claims under the FLSA, 29 U.S.C. § 201 *et seq.*, shall only apply to those individuals who have opted-in to the Cases by submitting a Claim and Opt-In Form.

17.  Release of Claims By and Against Plaintiffs Cioe and Ped.

A.  Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, Plaintiffs Jeremy Cioe and Sarom Ped, and each of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge Cellco Partnership, d/b/a Verizon Wireless, Verizon Communications, Inc., Verizon Wireless Texas, LLC, and AirTouch Cellular, and each of the Released Parties described above, from any and all claims, counterclaims, debts, losses, damages, demands, obligations, liabilities, penalties, causes of action, charges, grievances, requests for attorneys' fees or costs, and complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, arising out of or in response to any subject matter, whether known or unknown, whether asserted or not asserted, arising at any time until February 15, 2013.

B.  Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, Cellco Partnership, d/b/a Verizon Wireless, Verizon Wireless Texas, LLC d/b/a Verizon Wireless, and

AirTouch Cellular d/b/a Verizon Wireless, and each of the Released Parties described above, fully release and discharge Plaintiffs Jeremy Cioe and Sarom Ped, and each of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, from any and all claims, counterclaims, debts, losses, damages, demands, obligations, liabilities, penalties, causes of action, charges, grievances, requests for attorneys' fees or costs, and complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, arising out of or in response to any subject matter, whether known or unknown, whether asserted or not asserted, arising at any time until February 15, 2013.

18.     If the Settlement is approved by the Court and not otherwise terminated, and if payments are made in accordance with the Settlement, the Parties will ask the Court to enter an order dismissing the Cases with prejudice.

## **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

19.     The Parties shall submit this Stipulation of Settlement in support of the Motion to the Honorable Maria Valdez for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness.   Promptly upon execution of this Stipulation of Settlement, Plaintiffs shall apply to the Court for the entry of an order substantially in the following form:

a.     Scheduling a final approval hearing on the question of whether the Settlement, including payment of attorneys' fees and costs, and the Class Representatives' Enhancement  Payments, should be finally approved as fair, reasonable and adequate as to the members of the Class;

b.     Approving as to form and content the proposed Class Notice;

c.     Approving as to form and content the proposed Claim and Opt-In Form;

d.     Directing the mailing of the Class Notice and the Claim and Opt-In Form by first class mail to the Class Members; and

e.     Certifying the Settlement Class and approving the Settlement subject only to the objections of Class Members and final review by the Court.

        f.      Directing deposit of the Settlement Fund into escrow as set forth herein. Disagreements about any terms herein or implementation of the settlement, which the Parties cannot resolve together in good faith, are to be resolved in further settlement conference with Magistrate Judge Valdez.

## DUTIES OF THE PARTIES AFTER PRELIMINARY APPROVAL AND PRIOR TO FINAL APPROVAL

20.    Defendants, within Thirty (30) calendar days after entry of an order of preliminary approval of the Settlement by the Court, shall, at their expense, arrange to hold the entirety of the maximum total payment under the Settlement, Seven Million Seven Hundred and Twenty One Thousand Dollars ($7,721,000.00) in a third-party interest-bearing escrow account for the benefit of the Class, which, together with any accrued interest thereon, constitutes the Settlement Fund. The Claims Administrator shall distribute amounts from the Settlement Fund escrow account to the Class Members, Class Representatives, and Class Counsel in accordance with Paragraph 10 of this Stipulation of Settlement and the terms and conditions described above. Class Counsel may make reasonable inquiry with the Claims Administrator as to the status of the escrow account.

21.    Prior to the final approval hearing, Class Counsel will prepare and, after review and approval by Defendants, submit to the Court a proposed final order and judgment of dismissal with prejudice:

        a.      Certifying the Settlement Class and approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

        b.      Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

        c.      Approving the Enhancement Payments to the Class Representatives;

        d.      Attaching the Parties' instant Stipulation of Settlement and Release as an exhibit to the proposed final order and judgment of dismissal, and directing that all payments to

the Class, Class Counsel, and Class Representatives be distributed in the manner and schedule set forth therein;

    e.  Dismissing the Cases with prejudice; and

    f.  Retaining jurisdiction to enforce the proposed final order and judgment of dismissal and Settlement terms therein, consistent with applicable law.

## PARTIES' AUTHORITY

   22.  The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and to bind the respective Parties hereto, and upon the Court's order granting final approval of this Settlement the Class Members, to the terms and conditions thereof.

## MUTUAL FULL COOPERATION

   23.  The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other actions as reasonably may be necessary to implement the terms of this Stipulation of Settlement.  The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement.  As soon as practicable after execution of this Stipulation of Settlement, the Parties shall each take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

   24.  Defendants and their counsel agree that they will not attempt to discourage Class Members from submitting Claim and Opt-In Forms or Requests for Exclusion from this Class Action Settlement, that they will not retaliate against Class Members in any fashion for participating in or inquiring about the Settlement, and that the Class Notice will advise Class Members accordingly.

   25.  Defendants agree to bear their own attorneys' fees and costs in connection with carrying out this Settlement and the terms described herein.

26.     The Parties and their counsel will use their best efforts to ensure that any factual statements they make to any third party (including the media), if any, are accurate.

### NO PRIOR ASSIGNMENTS

27.     The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

### NO ADMISSION

28.     Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any of the Releasees.  The Parties have entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation and attendant inconvenience and expense.

### ENFORCEMENT ACTIONS

29.     In the event that the Class Representatives (*i.e.,* excluding putative Class Members) institute a legal action or other proceeding against any of the Defendants, or *vice versa,* to enforce the provisions of this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

### NOTICES

30.     Unless otherwise specifically provided herein, and to the exclusion of  returns of Claim and Opt-In Forms, Requests for Exclusion from this Settlement, and the Class Notice, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

27

To Plaintiffs and the Settlement Class:

> Mark Bulgarelli, Esq.
> Progressive Law Group LLC
> 1 North LaSalle St., Suite 2255
> Chicago, IL 60602

To Defendants:

> Elizabeth McRee
> Jones Day
> 77 West Wacker Drive
> Suite 3500
> Chicago, IL 60601
>
> Stanley Weiner
> Jones Day
> North Point
> 901 Lakeside Avenue
> Cleveland, OH 44114

31.     Defendants, through the Claims Administrator or otherwise, will provide timely notice of the Settlement to the appropriate State and Federal officials as required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 and as follows.  The CAFA notice will be sent no more than Ten (10) calendar days after the motion for preliminary approval of this Settlement is filed with the Court.  The CAFA notice must include the Complaint, Notice of the Preliminary Approval Hearing, Motion for Preliminary Approval and all other information required by CAFA, including all applicable appendices and exhibits, and proposed final orders or judgments, and must otherwise comply with CAFA.  Defendants shall pay all costs associated with the CAFA notice.

## CONSTRUCTION

32.     The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.  For California Class Members, the Parties waive the provisions of section 1654 of the California Civil Code, which provides, in pertinent part, that the language of

28

a contract should be interpreted most strongly against the Party who caused the uncertainty to exist.

33.     For California Class Members, with respect to the Released Claims, each Class Member shall be deemed to have expressly waived and relinquished to the fullest extent permitted by law, the provisions, rights and benefits afforded by section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## CAPTIONS AND INTERPRETATIONS

34.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

35.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing signed by the Parties, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

36.     Except with respect to any terms or statement of settlement stated in the court record, this Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are superseded by this Agreement.  No rights hereunder may be waived except in writing.  As such, this is an integrated agreement.

## BINDING ON ASSIGNS

37.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## SIGNATORIES

38.     It is agreed that because the number of Class Members is so numerous, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement. The Class Notice will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Class Member.

## STAY OF PROCEEDINGS

39.     Pending completion of the settlement process, the Parties agree to stay all proceedings in the Cases, except such as are necessary to implement the Stipulation of Settlement itself.

## COUNTERPARTS

40.     This Stipulation of Settlement may be executed in counterparts, and when each party has signed and served at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to the Parties and each of them. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

**CLASS REPRESENTATIVES AND CLASS COUNSEL**

Dated: 4/15____, 2013            PLAINTIFF JEREMY CIOE

_____

Dated: _____, 2013           PLAINTIFF SAROM PED

_____

Dated: _____, 2013           ROBIN POTTER & ASSOCIATES, P.C.

_____

By: ROBIN B. POTTER

Dated: _____, 2013           PROGRESSIVE LAW GROUP LLC

_____

By: MARK BULGARELLI

Attorneys for Plaintiffs

**DEFENDANTS**

Dated: _____, 2013           CELLCO PARTNERSHIP, D/B/A
                                 VERIZON WIRELESS

_____

[Printed Name: _____]

31

## CLASS REPRESENTATIVES AND CLASS COUNSEL

Dated: _____, 2013          PLAINTIFF JEREMY CIOE

_____

Dated: 4/14 _____, 2013     PLAINTIFF SAROM PED

_____

Dated: _____, 2013          ROBIN POTTER & ASSOCIATES, P.C.

_____

By: ROBIN B. POTTER

Dated: _____, 2013          PROGRESSIVE LAW GROUP LLC

_____

By: MARK BULGARELLI

Attorneys for Plaintiffs

## DEFENDANTS

Dated: _____, 2013          CELLCO PARTNERSHIP, D/B/A
                                 VERIZON WIRELESS

_____

[Printed Name: _____ ]

31

**CLASS REPRESENTATIVES AND CLASS COUNSEL**

Dated: _____, 2013                    PLAINTIFF JEREMY CIOE

_____

Dated: _____, 2013                    PLAINTIFF SAROM PED

_____

Dated: April 15, 2013                      ROBIN POTTER & ASSOCIATES, P.C.

                                           *Robin Potter*
                                           By: ROBIN B. POTTER

Dated: _____, 2013                    PROGRESSIVE LAW GROUP LLC

                                           _____

                                           By: MARK BULGARELLI

                                           Attorneys for Plaintiffs

**DEFENDANTS**

Dated: _____, 2013                    CELLCO PARTNERSHIP, D/B/A
                                           VERIZON WIRELESS

                                           _____

                                           [Printed Name: _____]

31

## CLASS REPRESENTATIVES AND CLASS COUNSEL

Dated: _____, 2013          PLAINTIFF JEREMY CIOE

_____

Dated: _____, 2013          PLAINTIFF SAROM PED

_____

Dated: _____, 2013          ROBIN POTTER & ASSOCIATES, P.C.

_____

By: ROBIN B. POTTER

Dated: 4/15, 2013          PROGRESSIVE LAW GROUP LLC

_____

By: MARK BULGARELLI

Attorneys for Plaintiffs

## DEFENDANTS

Dated: _____, 2013          CELLCO PARTNERSHIP, D/B/A
                                 VERIZON WIRELESS

_____

[Printed Name: _____ ]

31

## CLASS REPRESENTATIVES AND CLASS COUNSEL

Dated: _____, 2013          PLAINTIFF JEREMY CIOE

                                 _____

Dated: _____, 2013          PLAINTIFF SAROM PED

                                 _____

Dated: _____, 2013          ROBIN POTTER & ASSOCIATES, P.C.

                                 _____

                                 By: ROBIN B. POTTER

Dated: _____, 2013          PROGRESSIVE LAW GROUP LLC

                                 _____

                                 By: MARK BULGARELLI

                                 Attorneys for Plaintiffs

## DEFENDANTS

Dated: April 4, 2013             CELLCO PARTNERSHIP, D/B/A
                                 VERIZON WIRELESS

                                 _____

                                 [Printed Name: Andrew Davies          ]

31

Dated: April 4 , 2013

VERIZON WIRELESS TEXAS, LLC,
D/B/A VERIZON WIRELESS

[Printed Name: Marni M. Walden ]

Dated: April 4 , 2013

AIRTOUCH CELLULAR, D/B/A
VERIZON WIRELESS

[Printed Name: Marni m Walden ]

Approved as to form by:

Dated: April 8 , 2013

JONES DAY

[Printed Name: Elizabeth McRee ]

32