

# Progressive
# Law Group, LLC
### www.progressivelaw.com

One North LaSalle Street, Suite 2255
Chicago, IL 60602
Telephone: (312) 787-2717
Facsimile: (888) 574-9038

## FIRM PROFILE

Progressive Law Group LLC in Chicago, Illinois is a law practice dedicated to protecting people through class action lawsuits against corporations that have caused widespread harm without regard to principles of law or equity. PLG prosecutes consumer, employee, and antitrust claims in Illinois and venues nationwide. PLG works with its sister law practice, Progressive Law Group LLC based in Madison, Wisconsin, to prosecute class action litigation.

## ATTORNEY PROFILES

**Frank Jablonski** founded the Progressive Law Group LLC practice in Madison, Wisconsin, in 2004. He focuses on trials and related work (litigation, mediation, and arbitration). He has represented persons and litigated class actions on behalf of persons harmed by corporate malfeasance, communities, non-profit organizations, businesses and business shareholders, and individuals, including both individual consumers and landowners subject to condemnation "takings" by utility companies. He has a broad legal and policy background, having worked on legislation and rules as a lobbyist for environmental and industry organizations. He has been honored twice for his work on public policy issues through Wisconsin Legislative Council Special Committees (1985 and 1993). He has also managed small and medium businesses, including a wood products manufacturing division within a Wisconsin manufacturing, distribution, and energy services Company, and a subsidiary of Puget Sound Power and Light Company, an investor-owned utility. Over the last 27 years he has been lead counsel in administrative, regulatory, trial and appellate court actions too numerous to recount. These have involved both individual and class action matters, ranging from misrepresentation to telecommunications to contaminated pet food. They have also included environmental matters such as regulated industries, energy facilities development and impacts, (e.g. planning dockets, power plants, transmission lines, stray voltage, EMF), licensing and permitting, transportation, land use, and business disputes (contracts, fair competition, stockholder disputes, and the duties of owners to each other and to the shared enterprise). (J.D., University of Wisconsin, 1983).

**Ilan Chorowsky** concentrates his practice in multi-state class action litigation of consumer, employee, and antitrust claims in federal and state court venues across the country, and serves as the Co-President of the Illinois Chapter of the Wisconsin Bar Association. He has served as counsel in numerous cases resulting in recovery of tens of millions of dollars and other favorable relief for class members. Mr. Chorowsky has also represented numerous Indian tribes in a variety of litigation, employment, and environmental matters, and has successfully prosecuted actions and defended clients in commercial and contract litigation. He has served as a member of the Board of Directors for the Wisconsin Bar Public Interest Law Section, and the American Bar Association AIDS Coordinating Committee, and has lectured at the John Marshall Law School, the University of Wisconsin Schools of Law and Medicine, and the Wisconsin State Bar Convention. A 1996 graduate of the University of Wisconsin Law School, he clerked for the Wisconsin Department of Justice Civil Litigation Unit, and was employed by *The Washington Post*, the National Endowment for the Arts, and as a researcher for the Smithsonian Institute Woodrow Wilson Center for Scholars prior to practicing law. He has represented and counseled indigent clients in various matters including in connection with the Legal Assistance Foundation of Metropolitan Chicago and the Chicago Legal Clinic. He previously successfully prosecuted class action lawsuits for several years as an attorney with Larry D. Drury Ltd., and has served as an attorney on numerous cases that resulted in class action settlements, including, for example, *In re Vitamins* antitrust litigation, and lawsuits filed against the Chicago Sun-Times, Village of Crestwood, Illinois, and Conseco Insurance Co. He has been appointed class counsel and has worked as lead counsel in class action settlements against Sprint United Management Company and Sprint Nextel Corporation, Guitar Center, Inc., and Tri-State Auto Auction Company. He holds degrees from the University of Wisconsin-Madison (B.A. – Hon., 1992) (J.D., 1996).

**Mark A. Bulgarelli** is a dedicated professional who concentrates his practice in litigation of class action, employment, consumer fraud, antitrust, and contract disputes. Additionally, Mr. Bulgarelli provides estate planning and administration services to families. Mr. Bulgarelli has successfully prosecuted claims on behalf of individuals and governments in state court, federal courts, bankruptcy courts, appellate courts, and before the Equal Employment Opportunity Commission. He is admitted to practice law in Illinois, the United States District Court for the Northern District of Illinois, the United States District Court for the Western District of Michigan, and the United States Court of Appeals for the Fifth and Ninth Circuits. Prior to becoming a member of Progressive Law Group, Mr. Bulgarelli was an attorney at Keaton & Associates, P.C. and Foote, Meyers, Mielke & Flowers, LLC. In the course of his career Mr. Bulgarelli has litigated numerous complex and class action cases, including, but not limited to RICO, FLSA, mass tort, Qui Tam, and consumer products cases, along with cases under the Perishable Agricultural Commodities Act. He has been appointed class counsel and worked as lead counsel in a class action settlement against Tri-State Auto Auction Company. Mr. Bulgarelli received his undergraduate degree from Indiana University and was a member of the university's Honors College. Mr. Bulgarelli received his law degree and a Certificate in International Trade and Development Law from Valparaiso University where he was also a member of the law school's Jessup International Moot Court Team (J.D., 2004).

**Alex Stepick** has served as counsel for plaintiffs in multiple class action proceedings. Mr. Stepick was a graduate fellow with the U.S. Congress' Committee on the Judiciary, and a clerk with the United States Department of Justice. While in law school Mr. Stepick was a member of

Washington University Law's international moot court program, winning the "Best Advocate" award, the highest individual honor, and carrying his team to the semi-finals at the Niagara International Moot Court Competition in Toronto, Canada in 2009. Prior to joining Progressive Law Group, Mr. Stepick completed a post-graduate fellowship working as a Staff Attorney at the Florida International University's Immigration & Human Rights Clinic in Miami, FL. (J.D., Washington University School of Law in Saint Louis, 2010; A.B., The University of Chicago, 2006).

**Sang Yup Lee,** *Of Counsel,* has contributed to the prosecution of numerous class actions and previously interned for the Honorable Judge Mary Yu, with the Superior Court in Washington State. Mr. Lee has worked for legal services agencies before and during law school. Mr. Lee also worked as an Article Editor for the Journal of Law, Ethics & Public Policy, and served his law school community as Co-President of the Public Interest Law Forum and President of the Asian Law Student Association. (J.D., University of Notre Dame Law School, 2009).

**Anita Dellaria,** *Of Counsel,* graduated from The John Marshall Law School in Chicago (J.D., 2010). She received a CALI award for her course work in Fair Housing Law and served as an intern in The John Marshall Law School Fair Housing Legal Clinic where she worked on cases involving housing discrimination. She also served as an extern for the Honorable Thomas P. Quinn of the Circuit Court of Cook County and as an intern with the Board of Education for the City of Chicago. Ms. Dellaria has worked with Progressive Law Group on multiple class action cases since 2010. She is also an associate editor of the Tribeca Poetry Review.

# ROBIN POTTER & ASSOCIATES, P.C.

### ATTORNEYS AT LAW

111 East Wacker Drive ♦ Suite 2600 ♦ Chicago, Illinois 60601
Telephone [312] 861-1800 ♦ Facsimile [312] 861-3009
potteroffice@robinpotter.org

 445

April 15, 2013

**ROBIN POTTER & ASSOCIATES, P.C. FIRM RESUME**

1. Robin Potter & Associates, P.C. is composed of myself and six associates and one full time paralegal. I am admitted to practice in Illinois (1979) and Iowa (1978)(inactive); before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District Trial Bar and the United States Court of Appeals for the Seventh Circuit.

2. Following law school, I was a staff attorney at HELP Legal Assistance in Davenport, Iowa, where I represented poor people in constitutional, class and impact litigation. I have been in private practice in Chicago since 1979, concentrating in Labor & Employment, Discrimination, Wage & Hour and False Claims Act litigation on behalf of unions, class plaintiffs, individual employees and whistleblowers. Since 2010, I have been counsel to the Chicago Teachers Union (CTU).

3. From approximately 1981-1983, I taught Labor Law at Indiana University, Department of Labor Studies (Gary). I frequently lecture, mentor and write on representing employees and litigating labor & employment, discrimination, class actions, FLSA and False Claims Act cases.

**Organizational Memberships and Officer Appointments**

4. I am a member of the ABA Labor and Litigation Sections and from 1995-2003, served as the Plaintiffs' Chair of the ABA's Labor & Employment Committee, Workers' Dislocation Subcommittee. I frequently lecture, including at the

following: ABA Midyear / annual/ labor & employment and EEOC meetings; ISBA (Labor Section); National Employment Lawyers' Association [NELA], ATLA (Civil Rights and Individual Employee Rights Sections); the Taxpayers Against Fraud [TAF] (lawyers representing plaintiffs in Qui Tam litigation); the American Federation of Teachers and American Federation of Labor Lawyers' Coordinating Committee [AFL-LCC and AFT]; and the Practicing Law Institute [PLI]. I am a member of the Board of Directors of Advocates for Justice, a New York City based group engaged in nation-wide advocacy and litigation, in public education and other areas of law reform.

5.     After helping to found the National Employment Lawyers Association (NELA), I co-founded the Illinois chapter of NELA, served on the NELA/Illinois Executive Board from about 1988 through March 2000, and as its President from April 1997-1999. I founded and edited the state-wide newsletter, the *Illinois Advocate*.

6.     In 1996 and again in 2001, I was appointed as a government Election Supervisor overseeing and conducting elections in the Laborers' International Union (LIUNA). My appointment was pursuant to the Consent Decree between LIUNA and the United States Department of Justice. As an election supervisor, I supervised a staff of election officers and assistants in Chicago.

7.     In December 2007, I was appointed as the Claims Administrator in *Smith v. NIKE*, Case No. 03 C 9110 (N.D. Il., J. Shadur), a class action race discrimination case. As the Claims Administrator, I determined the damages to be awarded to the class members pursuant to the Court approved Settlement

8.     In the fall of 2003, I was appointed by the United States District Court for the Northern District of Illinois (J. Urbom), as the Special Master in *EEOC v. The Dial Corporation,* Case No. 99 C 3356 (N.D. IL.), a pattern and practice sexual harassment case. My work was completed on schedule, in 2003. As the

master, I oversaw all appeals and final approvals of settlement awards to the

class members.

**Speaking Engagements and Writings**

9.      My speaking engagements and writings since 1998, include the following:

    \*      May 1998-2001, Speaker, EEOC Chicago District Office Technical Assistance Program Seminar - Chicago - Speaker, on *EEO Basics and Litigation* and paper

    \*      January 1999- Illinois National Employment Lawyers Association - Moderator and Program Organizer - *Title I of the ADA*

    \*      July 1999 - University of Louisville, Kentucky, Carl Warns Labor & Employment Institute - speaker - *Labor Law Developments* and paper

    \*      November, 1999 - Practicing Law Institute - Chicago - Speaker - *Retaliatory Discharge and Public Policy*, and paper

    \*      January 2001 - Chicago Bar Association Civil Rights Committee - Chicago - Speaker - *Damages In Employment and Civil Rights Cases* and paper

    \*      January 2002 - Chicago Bar Association Labor & Employment Committee - Chicago Panelist - *Recent Developments In Civil Rights Litigation*

    \*      January 2002 - Chicago Bar Association Civil Rights Committee - Chicago - Speaker - *Damages In Employment and Civil Rights Cases* and paper

    \*      May, 2002 - ITLA Civil Rights - Employment Litigation Strategies & Trends Seminar - Chicago - Speaker - *Illinois Retaliatory Discharge & Federal Retaliation* and paper;

    \*      July 2002 - ATLA Annual Convention, Atlanta - Panelist - *Qui Tam* Litigation under the False Claims Act

    \*      October 2002 - Panelist - Practicing Law Institute - Chicago, Workplace Torts, A Plaintiffs' Perspective and paper (annual speaker)

    \*      October 2002 - Program Organizer and Committee - National Employment Lawyers Association Mid-Year Seminar- Chicago - *Evidentiary Issues for The Plaintiff Employment Lawyer*

    \*      December, 2002 - Panelist & Paper - ISBA Labor & Employment Section, Chicago. *Representing Whistleblowers Under the False Claims Act*

    \*      January 2003 - Panelist & Paper - ABA National TeleConference on *Using Expert Witnesses in Labor and Employment Cases, The Trial Stage*

    \*      June 2003 - panelist - National Employment Lawyers Association Fourteenth Annual Convention, Vail, Colorado - Panelist - *Building Your Case Through Depositions - Trial Advocacy Track*

    \*      August 2003 - Panelist & Paper - ABA National Meeting, Section of Labor and Employment, San Francisco - Update: Equal Employment Opportunity - *Review of Desert Palace v. Costa*

    \*      October 2003 - Panelist & Paper - Practicing Law Institute - Chicago - *Workplace Violence*

* November 2003 - Chicago Bar Association - Chicago - Panelist - Labor & Employment Committee - *Desert Palace v. Costa*.
* March 2004 - American Bar Association Labor and Employment Section - Employee Rights and Responsibility Committee Mid-year meeting, Palm Springs, Ca. - Trial Advocacy Track - *Trial Practice Tips*
* June 2004 - Panelist & Paper - National Employment Lawyers Association Annual Convention - *Representing Whistleblowers Under the False Claims Act*
* November 12, 2004 - Panelist & Paper: Illinois Public Sector Labor Relations Law Program, Kent Law School; *Litigating FLSA Cases in the Public Sector.*
* July 2005 - Paper presented - Association of Trial Lawyers of America, Toronto - *Litigating False Claims Act Cases*
* October 2005 - Panelist: Impact Litigation: Representing Workers in Class, Collective and Multiple Plaintiff Actions - *Litigating State Wage & Hour Claims*; National NELA Conference, Cambridge, Mass.
* October 2005 - Panelist - Practicing Law Institute - Chicago, Workplace *Electronic Evidence Discovery & Employment Litigation*
* October 2006 - Panelist - Practicing Law Institute - Chicago, Workplace *Use of Demonstrative Evidence in the Trial of Employment Cases*
* March 2007 - panelist - National Employment Lawyers Association Mid-year meeting, Chicago - *Representing Whistleblowers in Employment and False Claims Act cases*
* October 2007 - Panelist - Practicing Law Institute - Chicago, Workplace *Trial Evidence in Employment Cases - Plaintiffs' View*
* June 2008 Speaker - Contemporary Labor Relations Law, NLRB Region 13, Chicago Kent Law School - *Ethical Conflicts in Employment Cases*
* June 2008 Moderator Representing Whistleblowers - National Employment Lawyers Association Annual Convention, Atlanta.
* August 2008 Presentations to *EEOC* National Excel Meeting - *Ethics for Attorneys,* Chicago
* Fall, 2009 - Panelist - *Retaliation Under the False Claims Act,* Webinar, Taxpayers Against Fraud
* October 2009- Panelist - Practicing Law Institute - Chicago, Workplace *Direct Examination of Retaliation Plaintiff* (live)
* October, 2009 - Panelist and Moderator - *Proving Retaliation Under The False Claims Act*, presented at the Annual Conference of the Taxpayers Against Fraud, Washington, D.C.
* November, 2009 (ABA National Convention, Chicago)
* November, 2010 (ABA National Convention, Chicago)(Deposing Expert witnesses)
* November 2010 - Panelist and Co-Moderator - *Retaliation Updates* presented at the Annual Conference of the Taxpayers Against Fraud, Washington, D.C.

-4-

* 2010 NELA National Convention Committee Member (plans the national annual convention and speakers)
* 2011 NELA National Convention Committee Member
* 2011 NELA National Convention, New Orleans - Moderator, Retaliation Developments - New Laws
* 2012 NELA National Convention Committee Member
* June 2012 NELA National Convention Plenary Chair - Defense Playbook in Litigation (San Diego)
* November 2012, Chicago Bar Association, Year in Review with NLRB Regional Director
* March 2013 NELA Mid Year Seminar - Panelist Preventing Wage Theft: Litigating Cases Involving Wages, Hours & Work, Chicago, IL
* October 2013 NELA Fall Seminar Planning Comm. Member - Representing Workers in Whistleblower & Retaliation Actions (Washington, D.C.)
* Author: *Overtime Wages and the Suffer or Permit to Work Standard under the Fair Labor Standards Act*, Illinois Public Employee Relations Report, Spring 2005, Vol. 22, No. 2 (Institute of Labor & Industrial Relations - Univ. Of Illinois and Chicago-Kent College of Law)
* Author: Employment Litigation and Practice, Matthew Bender, published by the National Employment Lawyers Association, *Duty of Fair Representation Litigation* chapter

## SKILL AND EXPERIENCE OF ROBIN POTTER & ASSOCIATES

11.     For the last thirty-five years (35) years, I have represented thousands of employees in civil rights, FLSA, FCA, discrimination, retaliation and employment cases, seeking to expand and protect the rights of employees and unions, including the following individual and class cases. I have handled dozens of cases involving the False Claims Act or retaliation under the Act.

### False Claims Act Cases (Excludes cases under seal):

◆ Absher v. Momence, et al., Case No. 04-2889 C.D. Il.; (J. Baker) - FCA- Nursing home abuse case; 2 week jury trial, tried to verdict by Matt Farmer, lead trial counsel, RPA; jury verdict on February 8, 2013 for Government damages in the amount of $3,030,409 trebled to $9,091,227; civil money penalties - 1,729 false claims x $11,000 per claim = $19,019,000; 3730(h) retaliation for Vanessa Absher ($150,000); 3730(h) retaliation for Christine Mitchell ($262,320) or a total verdict of $28,522,547; Judgment entered 2-16-13 for $9,503,547 - Government damages in the amount of $3,030,409 trebled to $9,091,227; in

-5-

favor of the Vanessa Absher for $150,000 and in favor of Christine Mitchell $262,320 (rejecting statutory penalties of $19,019,000 as violative of 8th A excessive fines);

◆ *USA ex rel Chandra*, Case No. 06 C 2191 (J. Holderman); Intervened False Claims Act- Qui Tam Medicare Fraud, $20 million settlement and judgment);

◆ *USA ex rel District Council of Carpenters v. Sound Solutions,*
Case No. 09 C 6948 (N.D. Il., J. Nordberg)(intervened case, minority business enterprise fraud);

◆ *USA ex rel Baltazar*, Case No. 09-2167, 635 F.3d 866 (7th Cir. 2011) (J. Norgle); Summary Judgment reversed on public disclosure/original source; USA amicus; Medicare - private carrier fraud;

◆ *Howard v. Urban, et al.,* Case No. 03 C 7668 (J. Leinenweber) - whistleblower, retaliation and fraud case (embezzlement of CHA and HUD funds); numerous *Memorandum Opinions*, on Motions to Dismiss and for Summary Judgment; ($125,000 verdict on retaliation/constructive discharge count, to be trebled per the FCA);

◆ *USA ex rel Coose v. ANL*, Case No. 03 C 1949 (J. St. Eve) -Intervened and settled Grant Fraud Case; (2-20-08 Mem.Op. denying M-D on res judicata and affirming doctrine that DOJ, Court and relator approval is required for QT settlements);

◆ *Toomey, et al., v. Maxwell Manor*, Case No. 00 C 1102 (N.D. IL.) - Intervened False Claims Act case - Nursing Home Abuse case, alleged to be a "house of death, terror and filth"; settlement with management company in November 2004 for $1,898,000; $55 million FCA default judgment entered in 1/05 and 3/05 against owner). Established worthless services doctrine in settlement, with DOJ and law enforcement, residents moved from facility to safety due imminent jeopardy.

◆ *USA ex rel. Dr. Raymond Pollak v. University of Illinois*, et al., Case No. 99 C 710 (J. Leinenweber) - Intervened False Claims Act; partial settlements in 2003 of $2.4 million on Medicare and Medicaid fraud, false hospitalizations in liver transplantation; (individual employment and tort cases separate confidential settlement);

◆ *USA ex rel. Grandeau v. Cancer Treatment Centers of America,* Case No. 99 C 8287 (N.D. IL.l)(J. Moran) - Medicare and Medicaid overbilling - reported decisions, including on motions to compel arbitration of *Qui Tam* claims and to dismiss *Qui Tam* action;

◆ *USA ex rel., Figurski v. Forest Health Systems et al., (J.* Grady)- Case No. 96 C 4663 ($4.1 million settlement of intervened federal False Claims Action; separate retaliatory discharge claims under 31 U.S.C. §3730(h).

**Wage and Hour Cases**

◆ *Silva et al. v. Sabatino's, Inc.,* No. 10 C 4226 (J. Pallmeyer) (Fed.R.Civ.P) Rule 23 class action and FLSA collective action certified in wage and hour restaurant case);

◆ *Gillespie et al v. Devry,* Case No. 09 CV 06041 (J. Hibbler)(nation-wide FLSA collective action conditionally certified for college admissions advisors);

◆ *Hall v. Sterling Park District*, Nos. 08 C 50116 and 09 C 50146, 2011 U.S. Dist. LEXIS 48367 (N.D.Ill. 5/4/11)(Mag. Mahoney)(denial of summary judgment in individual wage & hour, age discrimination and retaliation case)(settlement);

◆ *Kuhl v. Guitar Center,* Case No. 07 C 214 (J. Gottschall)(nation-wide FLSA and Rule 23 class for commissioned sales force; class settlement of $2,870,000  - 9000 class members, 1/3 contingent fee awarded to class counsel);

◆ *Osorio et al v. Sprint,* 08 C 3228 (J. Darrah) (nation-wide Rule 23 class wage and hour class action for commissioned sales force; class settlement of $2,712,200 settlement, and 1/3 contingent fee awarded to class counsel);

◆ *Cruz v. Unilock Chicago, Inc.,* (J. Colwell) 383 Ill. App. 3d 752; 892 N.E.2d 78; 322 Ill. Dec. 831 (1st Dist. 2008); certified class of 300 plant employees under IMWL and IWPCA; class-wide settlement of $1,600,000;

◆ *Lueders et al. v. 3M,* Case No. 08 C 4047 *(J.* Mihm)(C.D. IL); $4,950,000 million overtime / doff & don class settlement for hourly employees at Cordova plant)(

◆ *Millage v. CRC,* Case No. 09 C 5834 (J. St. Eve)(FLSA-W& H case, confidential settlement);

◆ *Cioe & Mynes v.  GVCN, a/k/a Bamboo Room,* Case No.  05 CH 7829 (Cook Co.)(Prevailing parties - default judgment in FLSA and state W & H case; (11-07 Order granting default judgment and 2-15-08 Mem. Op., J.  Mary Rochford awarding fees.

◆ *O'Neil et al.  v.  Bar Louie,* Case No.  04 CH 8916 (J. Maki)(Class action overtime case - J.  Maki

◆ *Brooker et al. v. Rizzo's Live et al.,* Case No. 06 C 4308 (N.D. IL.)(J. Gottschall); FLSA and class settlement for restaurant workers;

◆ *Vander Vennett v. AIU, et al.,* (J. Hart),Case No. 05 C 4889 (N.D.IL)(FLSA collective action on behalf of 300 college admissions advisors (confidential settlement)

◆ *Finnigan v. AIU,* Case No. 03 CH 18335 (J. Quinn)(Cook) IMWL-IWPCA overtime action for college admissions advisors; defense judgment following trial;

◆ *Skelton-Abbinanti v. AIU,* Case No. 03 C 9009 (J. Kennelly)(N.D. IL.) FLSA and FLSA retaliation case for college admissions advisors; (confidential settlement;

◆ *Stallings v. City of Chicago,* Case No. 03 C 8977 (J. Holderman) (N.D. IL., FLSA overtime case for City of Chicago crossing guards)(settlement);

◆ *Muecki v. A-Reliable,* et al., Case No. 01 C 2361 (N.D. Ill.) (J. Kennelly) - Class action -FLSA overtime case for auto parts employees; ruling refusing to compel mandatory arbitration of FLSA claims (confidential settlement);

◆ *Pauley v. A-Reliable, et al.,* Case No. 01 C 2359 (MJ. Keys); overtime and retaliatory discharge case; (confidential settlement);

◆ *Guillebeaux v. Riteway, et al.,* Case No. 99 C 1043 (J. Hibbler) FLSA and wage and hour class action for gravel haulers/truck drivers; class settlement;

◆ *Berry v. NW,* et al., Case No. 98 CH 12167 (J. Foreman)(Cook); overtime class action for 140 hospital employees, settlement of $300,000

◆ *Bell v. UPS,* Case No. 94 CH 1658 (Cir. Ct. of Cook Co., IL.); $7.25 million settlement of class action overtime case for 3000+ Illinois package car drivers;

◆ *Johnson v. CHA,* Case No. 94 C 7692 (J. Plunkett) (N.D. Il.) $2.5 million settlement in FLSA and Illinois overtime class action for CHA police officers;

**Employment & Retaliation Cases**

◆ *Chicago Teachers Union, Local No. 1, AFT v. Bd. of Educ. of Chi., 2011 U.S. App. LEXIS 6395 (7th Cir. Ill., Mar. 29, 2011) - affirming District Court injunction enjoining massive layoffs of teachers; per curiam decision reversing injunction, certifying questions to Illinois Supreme Court; - 2011 U.S. App. LEXIS 11977; 190 L.R.R.M. 3243 (June 13, 2011); rev'd. by Illinois Sup. Ct.*

◆ *McKinney v. Valley Fire Protection Systems, LLC, et al.,* No. 11 C 8043 (N.D.Ill.) (Feinerman, J. and MJ Kim)(race, age discrimination)

◆   *Blount v. Stroud, et al.,* 01 L 2330 (Cook County, IL. - J. Goldberg)($3.1 million verdict for retaliatory discharge and retaliation under 42 U.S.C. §1981, November 2005; 376 Ill. App. 3d 935, 877 N.E.2d 49 (1st Dist. 2007)(verdict rev'd. on IDHR preemption grounds); *PLA recon. granted* to Illinois Supreme Court - 232 Ill. 2d 302, 904 N.E.2d 1 (2008)(reversing and remanding to Appellate Court), 395 Ill. App. 3d 8; 915 N.E.2d 925; 2009 Ill. App. LEXIS 553; 333 Ill. Dec. 854; 106 Fair Empl. Prac. Cas. (BNA) 1163 (1st Dist. - Oct. 6, 2009);(denying remaining post-trial appeals and reinstating jury verdict); *Rehearing den.,* 2009 Ill. App. LEXIS 1051 (Ill. App. Ct. 1st Dist., Oct. 2, 2009); defense appeal denied 2010 Ill. LEXIS 160 (Ill., Jan. 27, 2010); *cert den.,* 131 S. Ct. 503 (2010)

◆   *Hall v. Sterling Park District,* Nos. 08 C 50116 and 09 C 50146, 2011 U.S. Dist. LEXIS 48367 (N.D.Ill. 5/4/11)(Mag. Mahoney)(denial of summary judgment in individual wage & hour, age discrimination and retaliation case; settlement before trial);

◆   *Moore v. Board of Trustees,* et al., Case No. 09 C 4470 (MJ Ashman) - whistleblower -retaliatory constructive discharge for exposing misuse of federal funds (confidential settlement);

◆   *Perius v. Abbott,* Case No. 07 C 1251- 2009 U.S. Dist. LEXIS 5590 (N.D. IL. 6-26-09) (J. Coar) granting summary judgment on retaliatory discharge - whistleblower claims; and 7th Cir. Appeal and Case No. 09 L 8765 (J. Pierce); and Mem. Opinion, 2008 U.S. Dist. LEXIS 83775 (Mag. Brown) - granting and denying in part Motions to Compel and for Protective Orders, 8/20/2008. (confidential settlement);

◆   *Serafinn v. IBT,*(N.D. Il. J. Kendall) jury verdict, upheld on appeal, 597 F.3d 908 (7th Cir. 2010)  see also, 2006 U.S. Dist. LEXIS 60949 (8-28-06 Summary Judgment Opinion); 2007 U.S. Dist. LEXIS 40731 (6-5-07 deciding post-trial motions); 414 BR 443 (10-6-09 - dismissal of improper one party creditor L.722 Chapter 11 Petition).

◆   *West v. Ortho,* 405 F.3d 578 (7th Cir. 2005); (J. Leinenweber); Reversing directed verdict for defense in race discrimination case; remanded for trial; Confidential Settlement);

◆   *Gissendanner v. Gerber, et al.,* Case No. 01 C 5988 (J. Andersen); race discrimination under Title VII and Section 1981) (confidential settlement, January, 2006);

i◆   *Jackson v. Lake Co.,* Case No. 01 C 6528 (J. Lefkow) - ADA - $325,000 verdict in 11/03 on emotional distress damages (11-7-03); + back pay judgment;

◆ *EEOC v. The Dial Corporation,* Case No. 99 C 3356 (J.Urbom) (N.D. IL.) - Court appointed Special Master in classwide sexual harassment case)

◆ *Kessel and Meador v. Cook County, et al.,* 00 C 3980 (N.D. Ill.)(J. Amy St. Eve) - 2001 U.S. Dist. LEXIS 10300 (N.D.Ill. July 17, 2001) - jury verdict of $700,000 for Kessel in July, 2003 on Section 1983 / sex harassment claims - all pretrial discovery by Potter & Schaffner; trial by successor counsel;

◆ *Kramarski v. Vill. of Orland Park,* 2002 U.S. Dist.LEXIS 14662 (N.D.Ill. Aug. 9, 2002) - ($1 million settlement, Section 1983/ sex harassment claims; (J. Leinenweber);

◆ *Price, et al. v. ComEd,* Case No. 99 C 5616 (N.D. Il., J. Kennelly)(class action and individual sexual harassment, confidential settlement);

◆ *Eager v. Com Ed,* Case No. 01 C 3159 (J.Bucklo-MJ Mason)(sexual harassment and tort case, confidential settlement);

◆ *Quinn v. Ultimo,* et al., Case No. 99 C 7268 (J. Holderman) (ADA discrimination case, attorneys' fees awarded as prevailing party in February 2001

◆ *Meeker v. City of Chicago,* Case No. 97 C 8946 (J. Kocoras) - 1998 U.S. Dist. LEXIS 9279 (N.D.Ill. 1998) - $250,000 settlement, ADA case

◆ *Nicosia v. SEIU and Williams,* et al., Case No. 98 C 3903 (J. Lindberg) (LMRDA - removal of union officer)(confidential settlement);

◆ *Gee v. Textile Processors,* 164 LRRM (BNA) 2049 (N.D. Il. 2000)(J. Pallmeyer - J. Kennelly) (representing UNITE union and individual union members; preliminary injunction issued enjoining union merger, following hearings under LMRDA - Title I);

◆ *Rankin v. UPS,* Case No. 96-MI-307598 (Law Division)(retaliatory discharge for filing <u>Bell</u> class action overtime case)(confidential settlement);

◆ *Kennedy v. Commercial Carriers, Inc.,* Case No. 89 CH 11486 (Duncan-Brice)(Cook) - $2,313,142 verdict and interest on behalf of class of truck drivers for breach of lease agreement/contract; *affd.,* 1997 Ill. App. LEXIS 904 (1st Dist. 12/30/97);

◆ *Cook v. McCarron,* Case No. 92 C 7042 (J. Manning)(N.D. Illinois) - $13.5 million class action settlement on behalf of 15,000 ERISA Fund participants;

◆ *Gaul v. Crawford & Co.,* Case No. 95 C 586 (J. Holderman) (N.D. Ill.) (ADEA/breach of contract case; discovery sanctions and attorneys' fees awarded to plaintiff, with orders for electronic discovery and recovery)(confidential settlement)

◆ *Agretti, et al. v. ANR,* 982 F.2d 242 (7th Cir. 1992) (J. Lindberg) -class settlement upheld - LMRA/LMRDA case;

◆ *Daniels v. L. 597,* 53 FEP 1669 (J. Alesia)(N.D. Ill. 1990), aff'd., 945 F.2d 906 (7th Cir. 1991), *cert. denied,* 112 S.Ct. 1514 (1992) (Title V11, Section 1981 [race] and LMRA jury verdict $321,000; Consent Decree entered, 12/10/93, widespread class relief in individual case);

◆ *Kennedy v. CCI,* 739 F. Supp. 406 (N.D. Ill. 1990) (J. Grady) - class action; union members' rights to pursue independent contract claims against employer upheld; LMRA/Section 301 preemption denied);

◆ *Brooms v. Regal, et al.,* 881 F.2d 412 (7th Cir. 1989) *aff'd in part, rem'g in part,* 44 FEP 1119 (N.D. Ill. 1987)(J. Leinenweber) - Title VII sexual harassment & Section 1981 race discrimination case - established the prevailing reasonable woman standard in sexual harassment cases; (settled following jury verdict for plaintiff on Title VII claims)

◆ *Thomas v. UPS,* 890 F.2d 909 (7th Cir. 1989) - LMRA Section 301 discharge case of Teamster union dissident and reformer; confidential settlement) (appointed following remand);

◆ *Grant v. Chicago Truck Drivers Union,* 806 F.2d 114 (7th Cir. 1986) -Title I - equal rights, right to vote case;

◆ *Brazinski v. Transport Service Co.,* 159 Ill. App.3d 1061, 513 N.E.2d 76 (1st Dist. 1987) - discharge of union member/whistleblower for filing wage claim in violation of Illinois public policy- (confidential settlement following remand);

◆ *Lynn v. City of Chicago,* Case No. 86 C 2207 (J. Nordberg) -(Section 1983, 1st and 14th Amendment case - City's practice of improperly referring police officers for psychiatric exams enjoined; (confidential financial settlement);

◆ *Glavas v. USWA, et al.,* Case No. 85 C 1077 (J. Mihm)  (C.D. Ill.) -jury verdict for plaintiff on LMRDA Title I free speech and unlawful discipline claims; (confidential settlement following jury verdict for plaintiff)(J. Mihm);

◆ *Bassett v. Teamsters Local 705,* 773 F.2d 932 (7th Cir. 1985) (J. Marshall) - LMRA case; futility of exhaustion of internal remedies under IBT Constitution established)(defense verdict at trial);

-11-

◆    *Sako v. Teamsters Local 705,* 125 LRRM 2373 and 127 LRRM 2556 (N.D. Ill. 1987) -LMRDA Title I class case - rights to vote, free speech and assembly on contract ratification; (confidential settlement agreement);

◆    *Conroy v. Teamsters Local 705,* 124 LRRM 3229, 3238, 3240 and 3246 (N.D. Ill. 1984-1985); LMRDA Title I class case - rights of free speech and to vote on contracts for union members; (confidential settlement);

◆    *Vallone v. Teamsters,* 755 F.2d 520 (7th Cir. 1985) - LMRDA Title I - Right to Vote on Teamster contracts; summary judgment for defendants on LMRDA under DelCostello statute of limitations; *overruled* and expanded tort limitations period applied in *Cliff v. Int'l Union,* 881 F.2d 408 (7th Cir. 1989).

<u>Additional RPA Attorneys and Staff in Verizon</u>

• **Stacey Scanlon:** Stacey is a 2009 Graduate of the Labor & Employment Law Certificate Program at Kent Law School, admitted to the Illinois Bar in November 2009. She was employed by Robin Potter from 2011 until recently, when she departed to assume a position as an attorney with Wage & Hour Division of the United States Department of Labor, Region V (Chicago). Previously, Stacey worked for other well known Chicago class action and wage & hour law firms including Werman Law Office, Steve Seliger and Thomas Morrisey.

• **Alex Taylor** (senior paralegal for RPA since 1990). Alex Taylor has been a paralegal with RPA and its predecessor Potter & Schaffner since 1990, or for 23 years. Mr. Taylor is an extraordinarily skilled, efficient and knowledgeable paralegal. He has worked on most of the employment, class cases and complex litigation in the Firm. His contribution to the success of this case was invaluable

• **Lucy Vasquez** was a senior and experienced paralegal, now an attorney. She worked briefly on the case in its inception.

-12-