UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY CIOE and SAROM PED, on behalf of themselves and all similarly situated persons,<br><br>     Plaintiffs,<br><br>     v.<br><br>CELLCO PARTNERSHIP, AIRTOUCH CELLULAR, and VERIZON WIRELESS TEXAS, LLC, all d/b/a VERIZON WIRELESS,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:11-cv-1002<br><br>Judge Maria Valdez |

**DECLARATION OF KRISTIN DAHL WITH RESPECT TO NOTICE AND CLAIMS
ADMINISTRATION ACTIVITIES COMPLETED AS OF OCTOBER 18, 2013**

I, Kristin Dahl, declare:

1.     I am over 21 years of age and am not a party to this action.

2.     I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

3.     I am a Principal at Dahl Administration, LLC ("Dahl"), headquartered in Minneapolis, Minnesota.  I have over 18 years of experience in all areas of class action settlement administration including notification, claims processing and distribution.

4.     Dahl has extensive experience performing the full range of administration services for class action settlements of employment-related disputes, and has completed the administration of 58 employment settlements since 2005.  Dahl's firm information, my biography, and a list of cases Dahl or I have provided services for is attached as Exhibit A.

5.     I submit this Declaration to provide proof of mailing of the *Notice of Class Action*

*and Proposed Settlement and Settlement Hearing* and *Claim and Opt-In Form* ("Class Notice Packet") to identified Class Members and to demonstrate Dahl's due diligence in carrying out the notice and claims processing activities required by the *Agreement and Stipulation of Settlement and Release* ("Stipulation of Settlement") and the Court's *Order of Preliminary Approval, Notice to the Settlement Class, and Conditional Certification* ("Order") dated May 1, 2013.

6.      This Declaration describes: (a) distribution of the CAFA Notice; (b) receipt and processing of the list of Class Members received from the Defendants; (c) printing and mailing of the Class Notice Packet; (d) receipt and processing of undeliverable Class Notice Packets; (e) implementation and maintenance of the settlement website; (f) implementation and maintenance of the settlement information line; (g) an accounting of other Class Member communications; (h) receipt of Claim and Opt-In Forms and related claim processing activities; and (i) receipt of Requests for Exclusion from the settlement.

## SERVICE OF CAFA NOTICE

7.      On May 10, 2013, as required by 28 U.S.C. §§ 1715(a) and (b), Dahl mailed notice of the proposed settlement of this action via Certified Mail to the Attorneys General in all fifty states and the District of Columbia, and to the U.S. Attorney General (the "CAFA Notices"). The mailings included the items set forth in the CAFA Notices. A copy of the CAFA Notice (without the court filings that were included with the mailing on CD-ROM) that was mailed to U.S. Attorney General Eric Holder is attached hereto as Exhibit B.

8.      Copies of the United States Postal Service ("USPS") Certified Mail Receipts for the CAFA Notices are attached hereto as Exhibit C.

## RECEIPT AND PROCESSING OF CLASS MEMBER MAILING LIST

9.      Defendants provided a final data file to Dahl on July 19, 2013, containing each

2

Class Member's name, last known address, dates of employment, Social Security Number, number of overtime hours paid during the class period, number of Salary Plus overtime hours paid during the class period, amount of annual overtime adjustments paid from June 1, 2008 to February 11, 2012, and amount of monthly overtime adjustments paid from March 16, 2008 to February 11, 2012. The data file provided by Defendants contained 55,046 records.

10. Dahl reviewed the data to identify records with incomplete or missing information and to confirm that there were no duplicate records. All records were complete as provided by Defendants and included the data elements required by the Stipulation of Settlement. The final file contained 55,046 complete Class Member records ("Class List").

11. In order to obtain the most current mailing addresses for Class Members, Dahl processed the Class List name and address information through the U.S. Postal Service's National Change of Address database. This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the U.S. Postal Service ("USPS").

12. Subsequent to the mailing of the initial Class Notice Packet, six (6) records from the original Class List provided by the Defendants were determined to be ineligible for class membership and one (1) additional Class Member was identified as eligible, resulting in a final Class size of 55,041. Dahl mailed letters to the six (6) non-Class Members notifying them that they are not Class Members and are therefore not eligible to make a claim for Settlement benefits nor are they bound by the terms of the Settlement. The notification letters also informed the recipients to contact Class Counsel with any questions and included Class Counsel's contact information.

## PRINTING AND MAILING OF THE CLASS NOTICE PACKET

13.     Dahl worked with Defendants' Counsel and Class Counsel to format the Class

Notice and Claim and Opt-In Form into a packet suitable for mailing.   The form and content of

the Class Notice is substantially similar to the version attached as Exhibit A to the Joint Status

Report filed by the parties on July 22, 2013 and approved by the Court on July 25, 2013.   The

form and content of the Claim and Opt-In Form is substantially similar to the version of this

document attached as Exhibit 3 to the Motion for Preliminary Approval of Class Action and

Notice to Settlement Class filed with the Court on April 16, 2013 and approved by the Court's

Order dated May 1, 2013.   The final Class Notice Packet included the Class Notice; a

personalized Claim and Opt-In Form with each Class Member's unique claim number, name,

address, number of overtime hours paid during the class period, number of Salary Plus overtime

hours paid during the class period, amount of annual overtime adjustments paid from June 1,

2008 to February 11, 2012, and amount of monthly overtime adjustments paid from March 16,

2008 to February 11, 2012; a postage-prepaid Business Reply envelope; and a customized outer

mailing envelope that included a "QR" matrix barcode which directs Class Members to the

settlement website when scanned by a mobile device.   A copy of the final Class Notice Packet

contents and mailing envelope is attached as Exhibit D.

14.     The Class Notice Packets were mailed via USPS First Class mail to 55,046 Class

Members on August 1, 2013.   Certification of mailing is attached as Exhibit E.


## RECEIPT AND PROCESSING OF UNDELIVERABLE CLASS NOTICE PACKETS

15.     Dahl is responsible for receiving and processing any Class Notice Packets

returned as undeliverable by the USPS.  As of October 18, 2013, Dahl has received 3,809

undeliverable Class Notice Packets from the initial Class Notice Packet mailing. Of these, 155 were returned by the USPS with a forwarding address and were promptly re-mailed to the new address provided, 3,654 were returned by the USPS without a forwarding address and the undeliverable address information was sent to an address search firm for tracing to determine if a more recent address was available. As a result of this initial tracing effort, Dahl re-mailed 3,044 Class Notice Packets to updated addresses received from initial tracing efforts, or approximately 83% of those sent for tracing from the initial mailing and 610 Class Member records were not initially re-mailed because no new address was found.

16.     After discussions with Counsel about options for locating addresses on the remaining undeliverable Class Notice Packets, including those that were returned after mailing to an initial traced address, Dahl implemented a subsequent tracing program that included sending information for 1,119 unlocated Class Members back to Defendants for research and a follow-up manual tracing process by Dahl for these same records that allowed Dahl to review a more complete address history for Class Members. As a result of the subsequent tracing program, 580 additional previously unlocated Class Member records were re-mailed Class Notice Packets.

17.     As of October 18, 2013, 710 Class Notice Packets remain undeliverable either because no new address was obtained through any tracing process or because the Class Notice Packet was returned as undeliverable from its final traced address, which is 1.3% of the Class Member List. The remaining 54,336 Class Notice Packets or 98.7% are presumed to have been delivered.

## THE SETTLEMENT WEBSITE

18.     On August 1, 2013, in coordination with the mailing of Class Notice Packet, Dahl established a settlement website at www.VerizonWirelessRetailSettlement.com. The website

address was printed in the Class Notice and Claim and Opt-In Form. The settlement website was activated on August 1, 2013 and is still operating. Dahl worked with Counsel to develop the content for the settlement website. Counsel reviewed and approved the content prior to implementation of the website.

19.    Prior to the Claim and Opt-In Form filing deadline of September 30, 2013, the settlement website provided Class members with general settlement information; a list of FAQ's; a list of important dates and deadlines; a means by which to file a claim online using the Claim Number printed on the mailed Claim and Opt-In Form; a means by which to download and print a personalized Claim and Opt-In Form to be submitted by mail, email, or fax; electronic copies of certain settlement documents including the Class Notice, Stipulation of Settlement, and Preliminary Approval Order; explanations of class member rights and options; and information on how to contact the Settlement Administrator or Class Counsel via email, U.S. Mail, phone, or fax.

20.    On October 1, 2013, the day after the Claim and Opt-In Form filing deadline, the options to file a claim online and to print a personalized Claim and Opt-In Form were removed from the website. The remaining content of the settlement website was updated by Dahl on October 10, 2013. Dahl worked with Counsel to draft and obtain approval for the updated website language.

21.    As of October 18, 2013, the settlement website has received 34,733 visits.

### THE SETTLEMENT INFORMATION LINE

22.    On August 1, 2013, in coordination with the mailing of Class Notice Packet, Dahl established an automated toll-free settlement information line (1-866-561-0058) to assist Class Members. The toll-free number was printed in the Class Notice and Claim and Opt-In

Form and displayed on the settlement website. The information line provides access to live Customer Service Representatives on Monday through Friday from 8 a.m. to 8 p.m. Central Time. The information line is also fully automated and operates 24 hours per day, seven days per week and is still operating.

23.     The toll-free telephone system includes a voice response system that allows callers to listen to general information about the settlement through a series of responses to frequently asked questions ("FAQs"), with the option to transfer to a Customer Service Representative during live coverage hours. Dahl worked with Counsel to prepare approved questions and responses for the automated FAQ's and to prepare a more detailed script of questions and responses for use by the Customer Service Representatives.

24.     As of October 18, 2013, the settlement information line has received 3,754 telephone calls and 2,208 of these incoming calls were answered by Customer Service Representatives.

### OTHER CLASS MEMBER COMMUNICATIONS

25.     As of October 18, 2013, Dahl has received 673 emails and six (6) pieces of mailed correspondence related to this settlement. All Class Member inquiries have received a timely response as appropriate.

### RECEIPT AND PROCESSING OF CLAIM AND OPT-IN FORMS

26.     As of October 18, 2013, Dahl had received 22,627 Claim and Opt-In Forms submitted by Class Members. Of this total, 8,508 were submitted online, 12,718 were submitted by mail, 238 were submitted by email, and 1,163 were submitted by fax. Of the 22,627 Claim and Opt-In Forms submitted, 21,690 are valid as filed or are valid after curing a deficiency, 126 are pending because they have outstanding deficiency notices, 807 are duplicate filings and are

not valid, three (3) were filed by non-Class Members and are not valid, and one (1) claim was rescinded by a Class Member who filed a valid Request for Exclusion.

27.     The 21,816 valid and pending claims represent a 39.6% filing rate overall.  Based on my 18 years of experience overseeing the administration of employment settlements, this is an exceptionally high filing rate.  In my experience, employment settlement claim filing rates rarely exceed 25% unless extensive additional outreach is performed.  Of the total valid and pending claims filed, 3,945 were filed by Class Members who are also in the Salary Plus Subclass, which is 48.0% of the 8,218 Subclass members eligible to file a claim.

28.     Dahl has prepared preliminary Settlement payment calculations for Class Members with valid or pending claims.  The average estimated Settlement payment for all Class Members with valid or pending claims is $234.85.  The average estimated Settlement payment for Salary Plus Subclass Members with valid or pending claims is $666.92.

29.     Claim and Opt-In Forms must be completed in full, signed and timely submitted in order to be valid.  Dahl reviews each Claim and Opt-In Form for completeness and marks records for receipt of a deficiency notice when required.  Dahl worked with Counsel to draft deficiency notices for mailing to Class Members with deficient claims.  Reasons for deficiency include missing Social Security numbers, missing signatures, and missing pages of the Claim and Opt-In Form.   Dahl also sends follow-up letters to claimants who have filed on behalf deceased Class Members when additional information is required for proper payment of the claim.  The deficiency notices give Class Members thirty (30) calendar days from the date of mailing of the notice to cure the deficiency and responses may be submitted by mail, email, or fax.

30.     As of October 18, 2013, Dahl has mailed 282 deficiency notices, of which 126 are

currently pending a response.

## REQUESTS FOR EXCLUSION RECEIVED

31.     To be valid, Requests for Exclusion from the settlement must have been postmarked on or before September 30, 2013.  Dahl received a total of 15 timely Requests for Exclusion.  As of October 18, 2013, Dahl received no untimely or otherwise invalid Requests for Exclusion.  A list of the names of Class Members who filed timely and valid Requests for Exclusion is attached hereto as Exhibit F.

32.     Dahl has been informed by Counsel that one objection has been filed with the Court.  Dahl has confirmed that the objector is a Class Member and has filed a valid Claim and Opt-In Form.

## CLAIMS ADMINISTRATION FEES AND EXPENSES

33.     All costs of the Claims Administrator are paid directly by Defendants and not from the Settlement Fund, including all costs associated with the notices to the Class and administration of this Settlement.

34.     Dahl's fees and expenses for activities completed as of October 18, 2013, including all notice and claims processing activities described herein, are $241,455.  Dahl estimates that final fees and expenses to complete its remaining settlement administration activities, including distribution of settlement payments, will be an additional $54,735.

## CLAIMS ADMINISTRATOR COMPLIANCE

35.     Dahl has complied with the requirements set forth in the Stipulation of Settlement and fulfilled the duties of the Claims Administrator as described therein with regard to notice to Class Members, website and toll-free line implementation and testing, and review of Claim Form and Opt-In submissions.  Dahl has provided weekly reports to the Parties and continues to work

jointly with the Parties to carry out its duties.

     36.    Dahl will also be responsible for calculations of settlement awards and reporting such to the Parties and distribution of settlement payments to eligible Class Members.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

     Executed this 24th day of October, 2013 in Minneapolis, Minnesota.

Kristin Dahl
Principal
Dahl Administration, LLC

# Exhibit A

## Firm Information



# OUR FIRM



**OUR FIRM**

## OUR HISTORY

Dahl, Inc., which is now Dahl Administration LLC ("Dahl"), was founded in early 2008 with a group of professionals experienced in settlement administration, process development, document and script development, data and image capture, quality control review, accounting, project management, and distribution. Dahl offers innovative and cost-effective solutions for all aspects of settlement administration.

Jeff Dahl was a founding partner and co-owner of Rust Consulting, a large national claims administration firm, and is a nationally recognized expert in the claims administration industry for his expertise administering class action settlements. Kristin Dahl was a senior project manager and the second employee at Rust Consulting. During their 15 years at Rust Consulting, Jeff and Kristin managed over 300 cases of all types including insurance, product liability, property, employment, mass tort, asbestos, and securities.

After 15 years of working for a large firm, Jeff and Kristin had a desire to return to their roots as hands-on project management consultants providing specialized settlement distribution services for a group of key clients. They realized that a niche existed in which a small, creative group of professionals could assist the courts, regulatory agencies, law firms and special masters with settlement project planning, data analysis, class member communications, claim processing, quality control, and distribution.

Today, Dahl specializes in high quality, fast turnaround and low cost settlement services – all with a personal touch. Our goal is to utilize our unsurpassed experience and unique processing methods to help clients:

- ■ Reduce fees;
- ■ Improve service;
- ■ Obtain higher accuracy levels; and
- ■ Reduce the length of time required from notice to distribution.



**OUR FIRM**

## OUR PHILOSOPHY

The Dahl professionals share a common goal – to listen to our clients and provide project solutions that exceed our clients' needs and expectations. We are committed to managing successful projects that are completed on time, on budget, and with the highest level of quality in the industry.

That means we are:

- Available
- Responsive
- Innovative
- Committed
- Efficient
- Cost-effective

## OUR SERVICES

Dahl provides project management and settlement distribution services to attorneys, distribution agents, special masters, governmental agencies, and the courts.

Our services include:

- Settlement Administration Planning and Design
- Project Management
- Cost Analysis
- Claimant Notification
- Claim Document Development and Layout
- Website and Call Center Services
- Document Imaging and Data Capture
- Claim Evaluation
- Reporting
- Quality Assurance Review
- Problem Identification and Resolution
- Distribution Management



**KRISTIN DAHL BIO**

---

**KRISTIN DAHL**
Principal

---

Kristin co-founded Dahl Administration LLC and a Principal Consultant in the project management group.

She has worked on three U.S. Securities and Exchange Commission settlements including the $432 million Global Research Analyst Settlement, the $100 million HealthSouth Securities settlement, and the $26 million Banc of America Securities settlement on behalf of Distribution Fund Administrator Francis E. McGovern.

Kristin has eighteen years of project management experience solely in the field of class action claims administration. In her career at both Dahl and Rust Consulting, she was the active project manager on over 150 settlements, including the groundbreaking Denny's race discrimination settlement during which over 1 million phone calls were answered and over 150,000 claims were processed.

At Dahl, Kristin as managed over 50 employment-related settlements.

Kristin holds a Bachelor of Science degree from the University of Wisconsin-River Falls.

# OUR CASE EXPERIENCE



**CASE CITES**

**CURRENT CASES – DAHL**

## CONSUMER

**Applewhite v. Capital One Bank,** No. 4:06-CV -69 (U.S. Dist. Ct. N.D. Miss.)

**Avalishvili v. Reussille Law Firm, LLC,** No. 3:12-CV-02772-TJB (U.S. Dist. Ct. N.J.)

**Banner v. Law Offices of David J. Stern,** No. 9:11-CV-80914 (U.S. Dist. Ct. S.D. Fla.)

**In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation,** No. 4:08-MD-1967 (U.S. Dist. Ct. W.D. Mo.)

**Boewer v. Chris Auffenberg Kirkwood Mitsubishi,** No. 09SL-CC05382 (Mo. Cir. Ct. St. Louis Cnty.)

**Bradley v. Sears, Roebuck and Co.,** No. 06-L-0095 (Ill. Cir. Ct. St. Clair County)

**Brandon v. Van Chevrolet-Cadillac, Inc.,** No. 1031-CV14654 (Mo. Cir Ct. Greene Cnty.)

**Brannon v. Capital One,** No. 3:07-CV -1016 (U.S. Dist. Ct. M.D. Fla.)

**Briggs v. Fletcher Automotive. No. 7, LLC,** No. 10AO-CC003331 (Mo. Cir. Ct. Jasper Cnty.)

**Brown v. Suntrup Ford, Inc.,** No. 08SL-CC05103 (Mo. Cir. Ct. St. Louis Cnty.)

**Brown v. Zeiser Motors,** No. 0811-CV04298 (Mo. Cir. Ct. St. Charles Cnty.)

**Brunner v. Head Motor Co.,** No. 0811-CV04298 (Mo. Cir. Ct. Boone Cnty.)

**Bryant v. Motors Liquidation Co.,** No. 09-50026 (Bankr. S.D. N.Y.)

**Budeprion XL Marketing & Sales Practices Litigation,** No. 2:09-CV-2811 (U.S. Dist. Ct. E.D. Pa.)

**Busby v. RealtySouth,** No. 2:04-CV -2799 (U.S. Dist. Ct. N.D. Ala.)

**Bush v. Cyber Asset Recovery, LLC, Renovo Services, LLC,** No. MID-L-005132-10 (N.J. Super. Ct. Middlesex Cnty.)

**Carlile v. Murfin Drilling Company, Inc.,** No. 13-CV-61 (Kan. Dist. Ct. Seward Cnty.)

**Charron v. Pinnacle Group, N.Y.,** No. 1:07-CV -6316 (U.S. Dist. Ct. S.D. N.Y.)

**Chulsky v. Hudson Law Offices, P.C.,** No. 3:10-CV-3058-FLW (U.S. Dist. Ct. N.J.)

**Conderman v. Jim Trenary Chevrolet, Inc.,** No. 0811-CV-11388 (Mo. Cir. Ct. St. Charles Cnty.)

**Custom LED, LLC v. eBay Inc.,** No. 3:12-CV-00350 (U.S. Dist. Ct. N.D. Cal.)

**Davis Landscape, LTD. v. Hertz Equipment Rental Corp.,** No. 06-3830 (U.S. Dist. Ct. N.J.)

**Diparvine v. A.P.S, Inc. d/b/a Car Quest Auto Parts,** No. 11-CV-6116 (U.S. Dist. Ct. N.D. Ill.)

**DKW Construction, Co., Inc., and Brian Wood v. Southtown Dodge, Inc.,** No. 08SL-CC05106 (Mo. Cir. Ct. St. Louis Cnty.)



**CASE CITES**

## CONSUMER – CONTINUED

Dobson v. Dave Cross Motors, Inc., No. 1016-CV-26853 (Mo. Cir. Ct. Independence)

Doherty v. The Hertz Corp., No. 1:10-CV-00359 (U.S. Dist. Ct. N.J.)

Dugan v. Lloyds TSB Bank, PLC, No. 3:12-CV-02549 (U.S. Dist. Ct. N.D. Cal.)

Farno v. Ansure Mortuaries of Indiana, LLC, No. 41C01-0910-PL-7 (Ind. Cir. Ct. Johnson Cnty.)

Friess v. Layne Energy, Inc., No. 11-CV-57 (Kan. Dist. Ct. Wilson Cnty.)

Gaffney v. Autohaus West, Inc., No. 09SL-CC00430 (Mo. Cir. Ct. St. Louis Cnty.)

Gentry v. Reliable Automotive, Inc., No. 0831-CV06073 (Mo. Cir. Ct. Greene Cnty.)

Grant v. Onyx Acceptance Corp., No. 07-20315 (Fla. Cir. Ct. Broward Cnty.)

Green v. Major Infiniti, Inc., No. 1116-CV09583 (Mo. Cir. Ct. Jackson Cnty.)

Gregg v. Check Into Cash of Missouri, Inc., No. 11-CV-368 (U.S. Dist. Ct. W.D. Mo.)

Gumm v. Joe Machens Ford, Inc., No. 08BA-CV03153 (Mo. Cir. Ct. Boone Cnty.)

Hamilton v. Cash America of Missouri, Inc., No. 1216-CV-10576 (Mo. Cir. Ct. Kansas City)

Herrera v. Check 'n Go of California, Inc., No. CGC-07-4627790 (Cal. Super. Ct. San Francisco Cnty.)

Hewitt v. Law Offices of David J. Stern, No. 50-2009-CA-036046-XXXXX (Fla. Cir. Ct. Palm Beach Cnty.)

Hooper v. Suntrup Buick-Pontiac-GMC Truck, Inc., No. 0811-CV10921 (Mo. Cir. Ct. St. Charles Cnty.)

Hopler v. Sapaugh Motors, Inc., No. 09JE-CC00146 (Mo. Cir. Ct. Jefferson Cnty.)

Horn v. Commercial Lending Capital, Inc., No. RIC10019819 (Cal. Super. Ct. Riverside Cnty.)

Janoka v. Veolia Environmental Services North America Corp., No. 69-CV-2011-900056 (Ala. Cir. Ct. Barbour Cnty.)

Johnson v. Washington University, No. 2:10-CV-4170 (U.S. Dist. Ct. W.D. Mo.)

Jones v. Wells Fargo, N.A., No. BC337821 (Cal. Super. Ct. L.A. Cnty.)

Jones v. West County BMW, Inc., No. 08SL-CC05222-01 (Mo. Cir. Ct. St Louis Cnty.)

Kreilich v. JL Autos, Inc., No. 09SL-CC0172 (Mo. Cir. Ct. St. Louis Cnty.)

LeFever v. American Ear Hearing Aid & Audiology, No. 11-CV-0832 (Ohio Comm. Pl. Licking Cnty.)

Lewellen v. Reliable Imports and RV, Inc., No. 1031-CV11926 (Mo. Cir. Ct. Greene Cnty.)

Lippert v. Edison Motor Cars, Inc., No. MID-L-6599-10 (N.J. Super. Ct. Middlesex Cnty.)



**CASE CITES**

## CONSUMER – CONTINUED

Livingston v. Capital One, No. 3:07-CV-266 (U.S. Dist. Ct. J.D. Fla.)

Love v. LendingTree Claims Admin., No. 2009CV009598 (Wis. Cir. Ct. Milwaukee Cnty.)

Lundy v. Check Into Cash of Missouri, Inc., No. 1216-CV10150 (Mo. Cir. Ct. Jackson Cnty.)

Lundy v. Mid-America Credit, Inc., No. 1116-CV02060 (Mo. Cir Ct. Jackson Cnty.)

Mayfield v. Thoroughbred Ford of Platte City, Inc., No. 08AE-CV00467 (Mo. Cir Ct. Platte Cnty.)

Metcalf v. Marshall Ford Sales, Inc., No. 0811-CV11381 (Mo. Cir. Ct. St. Charles Cnty.)

Mikale v. John Bommarito Oldsmobile-Cadillac, Inc., No. 08SL-CC05223 & 09SL-CC00167 (Mo. Cir. Ct. St. Louis Cnty.)

Miller v. Capital One Bank, No. 3:07-CV-265 (U.S. Dist. Ct. M.D. Fla.)

Motor Fuel Temperature Sales Practices, No. 07-MD-1840-KHV (U.S. Dist. Ct. Kan.)

Mortgage Store, Inc. v. LendingTree Loans, No. 06CC00250 (Cal. Super. Ct. Orange Cnty.

Moy v. Eltman, Eltman & Cooper, PC, No. 12-CV-02382 (U.S. Dist. Ct. E.D. N.Y.)

Naes v. Tom Pappas Toyota, Inc., No. 0711-CV09005 (Mo. Cir. Ct. St. Charles Cnty.)

Neese v. Lithia Chrysler Jeep of Anchorage, Inc., No. 3AN-06-4815 (Alaska Super. Ct. Anchorage)

North Star Capital Acquisitions v. King, No. 3:07-CV-264 (U.S. Dist. Ct. M.D. Fla.)

Omar v. 950 B14 DE, LLC, No. CGC-13-530203 (Cal. Super. Ct. San Francisco Cnty.)

Omohundro v. Glendale Chrysler-Jeep, Inc., No. 2107CC-03927 (Mo. Cir. Ct. St. Louis Cnty.)

Painter v. Ackerman Motor Company, Inc., No. 1022-CC10135 (Mo. Cir. Ct. St. Louis)

Perkins v. Philips Oral Healthcare, Inc., No. 12-CV-1414H BGS (U.S. Dist. Ct. S.D. Cal.)

Petersen v. Central Jersey Pool, No. MON-L-4044-11 (N.J. Super. Ct. Monmouth Cnty.)

In re Philips/Magnavox Television Litigation, No. 2:09-CV-3072 (U.S. Dist. Ct. N.J.)

Powers v. Fifth Third Mortgage Co., No. 1:09-CV-2059 (U.S. Dist. Ct. N.D. Ohio)

Redd v. Suntrup Hyundai, Inc., No. 09SL-CC00173 (Mo.Cir. Ct. St. Louis Cnty.)

Rhodenbaugh v. CVS Pharmacy, Inc., No. 0916-CV09631 (Mo. Cir. Ct. Jackson Cnty.)

Richards v. Lou Fusz Auto. Network, Inc., No. 08SL-CC04594 (Mo. Cir. Ct. St. Louis Cnty.)

Richardson v. Weber Chevrolet Co., No. 09SL-CC00170 (Mo. Cir Ct. St. Louis Cnty.)



**CASE CITES**

## CONSUMER – CONTINUED

Riley v. Northland Group, Inc., No. 2:12-CV-00950 (U.S. Dist. Ct. E.D. Wisc.)

Rizzo v. Hendrick Auto. Group., No. 4:08-CV-137 (U.S. Dist. Ct. W.D. Mo.)

Roberts v. Source for Public Data, No. 2:08-CV -4167 (U.S. Dist. Ct. W.D. Mo.)

S37 Management, Inc. v. Advance Refrigeration Co., No. 06-CH-20999 (Ill. Cir Ct. Cook Cnty.)

Sams v. Adams Auto Corp., No. 0916-CV1521 (Mo. Cir. Ct. Jackson Cnty.)

Schuster v. Machens Enterprises, Inc., No. 11BA-CV01269 (Mo. Cir. Ct. Boone Cnty.)

Shaffer v. Royal Gate Dodge, No. 07SL-CC00949 (Mo. Cir Ct. St. Louis Cnty.)

Shirley v. Reliable Chevrolet, Inc., No. 0831-CV06082 (Mo. Cir Ct. of Greene Cnty.)

Sims v. Rosedale Cemetery Co., No. 03-C-506 (W. Va. Cir. Ct. Berkeley Cnty.)

Stasko v. City of Chicago, No. 09-CH17167 (Ill. Cir. Ct. Cook Cnty.)

Stevens v. Bommarito Nissan, Inc. No. 09SL-CC00167 (Mo. Cir. Ct. St. Louis Cnty.)

Strickland v. Fletcher Automotive, No. 9, No. 09AP-CC00091 (Mo. Cir. Ct. Jasper Cnty.)

In re Surewest Communications Shareholder Litigation, No. SCV-0030665 (Cal. Super Ct. Placer Cnty.)

Swires v. Glaxosmithkline, No. 11-L-587 (Ill. Cir. Ct. St. Clair Cnty.)

The State of Texas v. Bluehippo, No. D-1-GV-10-000102 (Tex. Dist. Ct. Travis Cnty.)

Thomas v. Tenet Healthsystems SL, Inc., No. 12SL-CC01811 (Mo. Cir. Ct. St. Louis Cnty.)

Tortora v. Guardian Protection Services, Inc., No. MID-L-1041-10 (N.J. Super. Ct. Middlesex Cnty.)

Valley v. Johnny Londoff Chevrolet, Inc., No. 10SL-CC00523 (Mo. Cir. Ct. St. Louis Cnty.)

Van Loo v. Captiol City Chrysler-Nissan, Inc., No. 11AC-CC00324 (Mo. Cir. Ct. Cole Cnty.)

In re Voluntary Dissolution of Nexus Fiduciary Trust Corp., No. 29D03-1003-CC-323 (Ind. Super. Ct. Hamilton Cnty.)

Wade v. Thoroughbred Ford, Inc., No. 10AE-CV04323 (Mo. Cir. Ct. Platte Cnty.)

Walczak v. ONYX Acceptance Corp., No. 03 CH 0693 (Ill. Cir. Ct. Lake Cnty.)

Westman v. Rogers Family Funeral Home, Inc., No C 98-03165 (Cal. Super. Ct. Contra Costa Cnty.)



**CASE CITES**

## CONSUMER – CONTINUED

**Wiles v. S.W. Bell Tel. Co.,** No. 2:09-CV-4236 (U.S. Dist. Ct. W.D. Mo.)

**Wogoman v. Worth Harley Davidson North, Inc.,** No. 09CY-CV9090 (Mo. Cir. Ct. Clay Cnty.)

**Wood v. Plaza Tire Services,** Cause No. 11SL-CC01507 (Mo. Cir. Ct. St. Louis Cnty.)

**Woods v. QC Financial Services, Inc.,** No. 11-148-01395-09 (Am. Arbitration Ass'n)

**Woodward v. Ozark Kenworth, Inc.,** No. 1031-CV02203 (Mo. Cir Ct. Greene Cnty.)

**Yaakoby v. EagleRider,** No. 1:09-CV-5772 (U.S. Dist. Ct. N.D. Ill.)

**Zarbomb v. SSM Health Care Corp.,** No. 12SL-CC00654 (Mo. Cir. Ct. St. Louis Cnty.)

## INSURANCE

**Abrahams-Goullub v. United States Auto. Assoc.,** No. 3AN-09-6693CI (Alaska Super. Ct. Anchorage)

**Appel v. Liberty Am. Ins. Co.,** No. 1:08-cv-20385 (U.S. Dist. Ct. S.D. Fla.)

**Besecker v. Peerless Indemnity Insurance Co.,** No. 2:09-CV-05513-TJS (U.S. Dist. Ct. E.D. Pa.)

**Bower v. MetLife,** No. 1:09-cv-351 (U.S. Dist. Ct. S.D. Ohio)

**Casey v. Coventry Health Care of Kansas, Inc.,** No. 4:08-cv-201 (U.S. Dist. Ct. W.D. Mo.)

**Childs v. Unified Life Ins. Co.,** No. 4:10-cv-23 (U.S. Dist. Ct. N.D. Okla.)

**Douglass v. Am. United Life Ins. Co.,** No. 29D03-9810-CP-00568 (Ind. Super. Ct. Hamilton Cnty.)

**Holling-Fry v. Coventry Health Care of Kansas, Inc.,** No. 4:07-cv-0092 (U.S. Dist. Ct. W.D. Mo.)

**Martin v. Twin City Fire Insurance Company,** No. 3:08-CV-5651 (U.S. Dist. Ct. W.D. Wash.)

**Newendorp v. United Services Automobile Association,** No. CJ-04-195S (Ok. Dist. Ct. Cleveland Cnty.)

**Poutsch v. USAA Casualty Insurance Company,** No. CV-2011-01210 (N.M. Dist. Ct. Bernalillo Cnty.)

**Scott v. United Services Automobile Association,** No. 2:11-CV-01422-JCC (U.S. Dist. Ct. W.D. Wash.)

**San Allen v. Stephan Buehrer, Administrator of Ohio BWC,** No. CV-07-644950 (Ohio C.P. Cuyahoga Cnty.)

**Walker v. Life Insurance Company of the Southwest,** No. 10-CV-9198-JVS (U.S. Dist. Ct. C.D. Cal.)

**Waterman v. USAA Casualty Insurance Company,** No. 10-5016-TJS (U.S. Dist. Ct. E.D. Pa.)



**CASE CITES**

## EMPLOYMENT

**Agatep v. Forest Lawn Mortuary**, No. BC433744 (Cal. Super. Ct. L.A. Cnty.)

**Alexander v. Chevron Stations,** No. C11-00896 (Cal. Super. Ct. Contra Costa Cnty.)

**Anzaldo v. The Original Mowbray's Tree Service, Inc.,** No. S-1500-CV-274897 WDP (Cal. Super. Ct. Kern Cnty.)

**Ayon v. Cintas Corp., Inc.,** No. BC310696 (Cal. Super. Ct. L.A. Cnty.)

**Barbosa v. Cargill Meat,** No. CV F 11-00275 SKO (U.S. Dist. Ct. E.D. Cal.)

**Bedoya v. Rubio's Restaurants,** No. BC463799 (Cal. Super. Ct. L.A. Cnty.)

**Berg v. Zumiez Inc.,** No. BC408410 (Cal. Super. Ct. L.A. Cnty.)

**Bonilla v. Agri-Empire,** No. RIC1209556 (Cal. Super. Ct. Riverside Cnty.)

**Borja v. TNT Plastic Molding,** No. 30-2012-00423018-CU-OE-CXC (Cal. Super. Ct. Orange Cnty.)

**Bradley v. Networkers, Inc.,** No. GIC 862417 (Cal. Super. Ct. San Diego Cnty.)

**Bult-Ito v. Univ. of Alaska,** No. 3AN 09-7875CI (Alaska Super. Ct. Anchorage)

**Burden v. SelectQuote,** No. C10-05966 SBA (U.S. Dist. Ct. N.D. Cal.)

**Bustos v. Massage Envy Spa - Mission Valley,** No. 37-2012-00104022-CU-OE-CTL (Cal. Super. Ct. San Diego Cnty.)

**Calhoun v. Gen. Petroleum Corp.,** No. BC425216 (Cal. Super. Ct. L.A. Cnty.)

**Cardenas v. Crothall Healthcare,** No. 11-4145 (U.S. Dist. Ct. C.D. Cal.)

**Chambers v. Chase Bank USA,** No. 1:11-CV-6014 (U.S. Dist. Ct. N.D. Ill.)

**Cherry v. Mayor and City Council of Baltimore City,** No. 1:10-CV-01447 (U.S. Dist. Ct. Md.)

**Cioe v. Verizon Wireless,** No. 1:11-CV-1002 (U.S. Dist. Ct. N.D. Ill.)

**Copi v. Brainfuse,** No. 11-CV-05195 (U.S. Dist. Ct. S.D. N.Y.)

**Crosby v. California Healthcare Medical Billing, Inc.,** No. 37-2011-00087583-CU-OE-CTL (Cal. Super Ct. San Diego Cnty.)

**D'Ambrosia v. Claro Italian Markets,** No. BC497301 (Cal. Super. Ct. L.A. Cnty.)

**Diaz v. Alco Iron & Metal Co.,** No. HG10517616 (Cal. Super. Ct. Alameda Cnty.)

**Dunlap v. Universal Security Corp.,** No. 10 CH 18197 (Ill. Cir. Ct. Cook Cnty.)

**Echeverria v. Adir International,** No. BC395380 (Cal. Super. Ct. L.A. Cnty.)



**CASE CITES**

## EMPLOYMENT - CONTINUED

**Epton v. AIS Services, LLC,** No. 3:11-CV-00856-JM-POR (U.S. Dist. Ct. S.D. Cal.)

**Flournoy v. 3S Network, Inc.**, No. C09-00113 (Cal. Super. Ct. Contra Costa Cnty.)

**Haro v. Cotti Foods Corp.,** No. BC407056 (Cal. Super. Ct. L.A. Cnty.)

**Hobbs v. Ace Industrial Supplies, Inc.,** No. BC466122 (Cal. Super. Ct. L.A. Cnty.)

**Johnson v. Midwest Logistics Systems, Ltd.,** No. 2:11-CV-1061 (U.S. Dist. Ct. S.D. Ohio)

**Jones v. TNT Self-Storage Management, Inc.,** No. 30-2011-00513903 CU-OE-CXC (Cal. Super. Ct. Orange Cnty.)

**Kay v. Asian Rehabilitation Services Inc.,** No. BC442795 (Cal. Sup. Ct. L.A. Cnty.)

**Kulvicki v. Pick-N-Pull Auto Dismantlers,** No. RG11560441 (Cal. Super. Ct. Alameda Cnty.)

**Las v. ABM Industries Inc.,** No. 1:11-CV-05644 (U.S. Dist. Ct. N.D. Ill.)

**Las v. District Towing, Inc.,** No. 12-CV-5538 (U.S. Dist. Ct. N.D. Ill.)

**Macias v. Sun Grown Organic Distribution, Inc.,** No. 37-2012-00095817-CU-OE-CTL (Cal. Super. Ct. San Diego Cnty.)

**Magee v. American Residential Services, LLC,** No. BC423798 (Cal. Super. Ct. L.A. Cnty.)

**Myart v. AutoZone, Inc.,** No. 05CC03219 (Cal. Super. Ct. Orange Cnty.)

**O'Brien v. Cathy Jean, Inc.,** No. 37-2011-00085539-CU-OE-CTL (Cal. Super. Ct. San Diego Cnty.)

**Ortiz v. CVS Caremark Corp.,** No. 12-CV-05859-EDL (U.S. Dist. Ct. N.D. Cal.)

**Park v. Staples The Office Superstore LLC,** No. BC449815 (Cal. Super. Ct. L.A. Cnty.)

**Pina v. Con-way Freight,** No. C10-00100 (U.S. Dist. Ct. N.D. Cal.)

**Recendez v. Tidwell,** No. 56-2011-00404761-CU-OE-VTA (Cal. Super. Ct. Venture Cnty.)

**Robinson V. Defender Security Co.,** No. RG10505016 (Cal. Super. Ct. Alameda Cnty.)

**Rocha v. Royal Oaks,** No. 5:12-CV-01303 (U.S. Dist. Ct. N.D. Cal.)

**Roque v. Pick-N-Pull Auto Dismantlers,** No. 34-2012-00118782 (Cal. Super. Ct. Sacramento Cnty.)

**Sano v. Southland Management Group, Inc.,** No. BC489112 (Cal Super. Ct. L.A. Cnty.)

**Scaglione v. M.O. Dion & Sons, Inc.,** No. BC425216 (Cal. Super. Ct. San Bernardino Cnty.)

**Scott v. RailCrew Xpress, LLC,** No. 10C-000546 (Kansas Dist. Ct. Shawnee Cnty.)

**Shackleford v. Cargill,** No. 12-CV-4065-FJG (U.S. Dist. Ct. W.D. Mo.)



**CASE CITES**

## EMPLOYMENT - CONTINUED

**Stevenson v. Falcon Critical Care Transport,** No. CIVMSC09-00862 (Cal. Super. Ct. Contra Costa Cnty.)

**Tapia v. Pro's Ranch Markets,** No. S-1500-CV-274898 (Cal. Super. Ct. Kern Cnty.)

**Tula v ABM Industries Inc.,** No. 1:12-CV-054-LY (U.S. Dist. Ct. W.D. Tex.)

**Tuter, Bauer v. King's Seafood Co.,** No. 37-2011-00084756-CU-OE-CTL (Cal. Super. Ct. San Diego Cnty.)

**Veliz v. Cintas Corp.,** No. 5:03-CV-1180 (U.S. Dist. Ct. N.D. Cal.)

**Vincent v. Central Purchasing, LLC,** No. BC458544 (Cal. Super. Ct. L.A. Cnty.)

**Warren v. SCS-Chicago,** No. 10 CH 8380 (Ill. Cir. Ct. Cook Cnty.)

**Wynn v. Express, LLC,** No. 1:11-CV-04588 (U.S. Dist. Ct. N.D. Ill. E.D.)

**Zaniewski v. PRRC Inc.,** No. 3:11-CV-01535 (U.S. Dist. Ct. Conn.)

## BELAIRE-WEST PRIVACY NOTICE MAILINGS

**Angeles v Hofs Hut Restaurants Inc.,** No. BC495624 (Cal. Super. Ct. L.A. Cnty.)

**East v. Aces,** No. 11CECG04226 (Cal. Super. Ct. Fresno Cnty.)

**Erickson v. QSP & TI Media Solutions, L.A.S.C.,** No. BC469830 (Cal. Super. Ct. L.A. Cnty.)

**Gonzales v. Corsair Electrical Connectors, Inc.,** No. 30-2012-00594399-CU-OE-CXC (Cal. Super. Ct. Orange Cnty.)

**Gutierrez v. Commerce Casino,** No. BC360704 (Cal. Super. Ct. L.A. Cnty.)

**Huizar v. Newport Service Corp.,** No. 30-2010-00430372-CY-OE-CXC (Cal. Super. Ct. Orange Cnty.)

**Jaramillo-Tabar v. Nakase Brothers Wholesale Nursery,** No. 30-2012-00587417 (Cal. Super. Ct. Orange Cnty.)

**Read v. Howroyd-Wright Employment Agency, Inc.,** No. BC449744 (Cal. Super. Ct. L.A. Cnty.)

**Rodriguez v. Equinox Holdings, Inc.,** No. BC437283 (Cal. Super. Ct. L.A. Cnty.)

**Sanchez v. CPG Foods, LLC,** No. BC487187 (Cal. Super. Ct. L.A. Cnty.)

**Shiferaw v. Sunrise Senior Living Management, Inc.,** No. 2:13-CV-02171-JAK-PLA (U.S. Dist. Ct. C.D. Cal.)

**Walsh v. Pacific Bell Tel. Co.,** No. 30-2011-00498062-CY-OE-CXC (Cal. Super. Ct. Orange Cnty.)

**Wilson v. Rock-Tenn Company, Inc.,** No. BC488456 (Cal. Super. Ct. L.A. Cnty)



**CASE CITES**

## PRIVACY

**Edwards v. Impairment Resources, LLC,** No. 112CV220583 (Cal. Super. Ct. Santa Clara Cnty.)

**Fun Services of Kansas City, Inc. v. Hertz Equipment Rental Corp.,** No. 08-CV-03944 (Kan. Dist. Ct. Johnson Cnty.)

## ANTITRUST

**Kansas City Urology Care, PA, v. Blue Cross Blue Shield of Kansas City, Inc.,** No. 0516-CV-04219 (Mo. Cir. Ct. Jackson Cnty.)

## SECURITIES

**Capgrowth v. Franklin Elec. Publishers, Inc.,** No. BUR-C-043-09 (N.J. Super. Ct. Ch. Div. Burlington Cnty.)

**Waterford Township General Employees Retirement System v. Bankunited Financial Corporation,** No. 1:08-CV-22572-MGC (U.S. Dist. Ct. S.D. Fl.)

## PERSONAL INJURY

**Gray v. Derderian**, No. 1:04-CV-312 (U.S. Dist. Ct. R.I.)

## BANKRUPTCY

Old Carco LLC (f/k/a Chrysler LLC), et al., No. 09-50002 (Bankr. Ct. S.D. N.Y.)



**CASE CITES**

## PREVIOUS CASES – JEFF AND KRISTIN DAHL

### CONSUMER

**Aks v. Southgate Trust Co.**, No. 92-2193-L (U.S. Dist. Ct. Kan.)

**Alachua Gen. Hospital v. Greene**, No. 90-3359-CA (Fla. Cir. Ct. Alachua Cnty.)

**Gray v. Derderian**, No. 04-312L (U.S. Dist. Ct. R.I.)

**Arscott v. Humana Hospital Daytona Beach**, No. 91-2478-CI-CI (Fla. Cir. Ct. Volusia Cnty.)

**Benacquisto v. Am. Express Fin. Corp.**, No.00-1980 DSD (U.S. Dist. Ct. Minn.)

**Bokusky v. Edina Realty, Inc.**, No. 3-92--223 (U.S. Dist. Ct. Minn.)

**Bonilla v. Trebol Motors Corp.**, No. 92-1795(JP) (U.S. Dist. Ct. P.R.)

**Bunch v. Rent-A-Center, Inc.**, No. 00-0364-CV-W-3 (U.S. Dist. Ct W.D. Mo.)

**Burney v. Thorn Ams., Inc.**, No. 97-CV.-1596 (Wis. Cir. Ct. Racine Cnty.)

**Circle Plumbing v. Ferguson**, No. 92-036478 (Tex. Dist. Ct. Harris Cnty.)

**Cook v. LADA**, No. 94-1730 (U.S. Dist. Ct. W.D. L.A.)

**Crocker v. Sunshine Corp.**, No. 93-2224-H/A (U.S. Dist. Ct. W.D. Tenn.)

**Dismuke v. Edina Realty, Inc.**, No. 92-8716 (Minn. Dist. Ct. Hennepin Cnty.)

**Dyson v. Flagstar Corp.**, No. DKC93-1503 (U.S. Dist. Ct. Md.)

**Fed. Trade Comm'n v. Mylan Labs., Inc.**, No. 1:98-CV-3114 (TFH) No. 990276 (TFH/JMF)

**Garcia v. Houston Nw. Medical Ctr., Inc.**, No. H-94-2276, (U.S. Dist. Ct. S.D. Tex.)

**George v. BancOhio Nat'l Corp.**, No. C2-92-314 (U.S. Dist. Ct. S.D. Ohio)

**Gutterman v. American Airlines, Inc.**, No. 95 CH 982 (Ill. Cir. Ct. Cook Cnty.)

**Hartings v. American Express Co.**, No. 88-0744 (U.S. Dist. Ct. W.D. Pa.)

**Hinton v. ColorTyme Inc.**, No. 94-CV. 5198 (Wis. Cir. Ct. Milwaukee Cnty.)

**In re Compact Disc Minimum Advertised Price Antitrust Litigation**, No. 1361 (U.S. Dist. Ct. Me.)

**In re Toys R US Antitrust Litigation**, No. 98 M. D. L. 1211 (NG) (JLC) (U.S. Dist. Ct. E.D. N.Y.)

**LaMontagne v. Hurley State Bank**, No. 97-30093-MAP (U.S. Dist. Ct. Dist. Mass.)

**Nitti v. Edina Realty, Inc.**, No. 3-92--386 (U.S. Dist. Ct. Minn.)

**Ridgeway v. Denny's California**, No. C93-20202 JW (PV.T) (U.S. Dist. Ct. N.D. Cal.)

**Rowland v. Goldkist, Inc.**, No. CV. 94-106 (Ala. Cir. Ct. Walker Cnty.)

**Sparano v. Southland Corp.**, No. 04 C 2098 (U.S. Dist. Ct. N.D. Ill.)



**CASE CITES**

### CONSUMER – CONTINUED

**Connecticut v. Mylan Labs., Inc.,** No. 1:98-CV-3115 (TFH) Misc. No. 990276 (TFH/JMF) (U.S. Dist. Ct. D.C.)

**Thomas v. Charles Schwab & Co., Inc.,** No. 66,7000 (La. Dist. Ct. Natchitoches Parish)

**Toledo Fair Housing Ctr. v. Nat'l Mut. Ins. Co.,** No. 93-1685 (Ohio C.P. Lucas Cnty.)

**U.S. v. Am. Family Mut. Ins.,** No. 90-C-0759 (U.S. Dist. Ct. E.D. Wis.)

**Weiss v. Washington,** No. 99-2-11807-3 KNT (Wash. Super. Ct. King Cnty.)

**Weissberg v. Delta Air Lines, Inc.,** No. 88 CH 4846 (Ill. Cir. Ct. Cook Cnty.)

**Whitson v. Heilig-Meyers Furniture Co.,** No. CV. 94-PT-0309-E (U.S. Dist. Ct. N.D. Ala.)

**Wolens v. Am. Airlines, Inc.,** No. 88CH 7554 (Ill. Cir. Ct. Cook Cnty.)

**Woosley v. California,** No. CA 000499 (Cal. Super. Ct. L.A. Cnty.)

**Yoel v. New Jersey National Bank,** No. 94-4675 (MLP) (U.S. Dist. Ct. N.J.)

### EMPLOYMENT

**Allen v. Thorn Ams., Inc.,** Case No. 97-1159-CV.-W-SOW (U.S. Dist. Ct. W.D. Mo.)

**Babbitt v. Albertson's Inc.,** No. C92-1883 WHO (U.S. Dist. Ct. N.D. Cal.)

**Berquist v. Am. Family Mut. Ins. Co.,** No. 96CV (Wis. Cir. Ct. St. Croix Cnty.)

**Borja v. Wal-Mart Stores, Inc.,** No.98-CV-119 (Colo. Dist. Ct. Las Animas Cnty.)

**Brunson v. City of New York,** No. 94 Civ. 4507 (LAP) (U.S. Dist. Ct. S.D. N.Y.)

**Forbush v. J. C. Penney Co.,** No. 3:90-2719-X, No. 3:92-0109-X (U.S. Dist. Ct. N.D. Tex.)

**Hofer v. Capitol Am. Life Ins. Co.,** No. 336 (Wyo. Dist. Ct. Goshen Cnty.)

**Hoffman v. Sbarro, Inc.,** No. 982 F. Supp. 249 (U.S. Dist. Ct. S.D. N.Y.)

**Khan v. Denny's Holdings, Inc.,** No. BC 177254 (Cal. Super. Ct. L.A. Cnty.)

**Merk v. Jewel Foods,** No. 85 C 7876 (U.S. Dist. Ct. N.D. Ill.)

**OCAW v. Am. Home Prods.,** No. 92-1238 (JP) (U.S. Dist. Ct. P.R.)

**Stender v. Lucky Stores, Inc.,** No. 88-1467 (U.S. Dist. Ct. N.D. Cal.)

**Taylor v. O' Charley's,** No. 3-94-0489 (US Dist. Ct. M.D. Tenn.)

**Wooten v. Dillard's Inc.,** No. 99-0990-CV-W-3-ECF



**CASE CITES**

## INSURANCE

**Barnicle v. Am. Gen. Corp.,** No. EC 011 865 (Cal. Super. Ct. San Diego Cnty.)

**Beavers v. Am. Gen. Fin., Inc.,** No. CV.-94-174 (Ala. Cir. Ct. Walker Cnty.)

**Blanke v. Lincoln Nat'l Life Ins. Co.,** No. 512,048 Div. K (La. Dist. Ct. Jefferson Parrish)

**Bussie v. Allmerica,** No. 97-40204 (U.S. Dist. Ct. Mass.)

**Danko v. Erie Ins. Exch.,** No. 298 1991 G.D. (Pa. C.P. Fayette Cnty.)

**Elkins v. Equitable Life Ins. Co. of Iowa,** No. 96-296-CIV.-T-17B (U.S. Dist. Ct. M.D. Fla.)

**Garst v. Franklin Life Ins. Co.,** No. 97-C-0074-S (U.S. Dist. Ct. N.D. Ala.)

**Green v. Metro. Ins.,** No. 969547 (Cal. Super. Ct. S.F. Cnty.)

**Hearth v. First Nat'l Life Ins. Co. of Am.,** No. 95-818- T-21A (U.S. Dist. Ct. M.D. Fla.)

**In re Lutheran Brotherhood Variable Ins. Prods. Co.,** No. 99-MD-1309 (PAM/JGL)

**In re Metro. Life Ins. Co.,** No. 96-179 MDL No. 1091 (U.S. Dist. W. D. Pa.)

**In re Nat'l Life Ins. Co.,** No. 2-97-CV.-314 (U.S. Dist. Ct. Vt.)

**Jordan v. State Farm Life Ins.,** No. 97 CH 11 (Ill. Cir. Ct. McLean Cnty.)

**Kolsrud v. Equitable Life Ins. Co. of Iowa,** No. 320838 (Ariz. Super. Ct. Pima Cnty.)

**Kreidler v. W.-S. Life Assurance Co.,** No. 95-CV-157 (Ohio C.P. Erie Cnty.)

**Lee v. USLIFE Corp.,** No. 1:97CV. -55-M (U.S. Dist. Ct. W.D. Ky.)

**Levin v. Am. Gen. Life Ins. Co.,** No. 3-98-0266 (U.S. Dist. Ct. M.D. Tenn.)

**Ludwig v. Gen. Am. Life Ins. Co.,** No. 4:97CV.18920 CDP (U.S. Dist. Ct. E.D. Mo.)

**McNeil v. Am. Gen. Life & Accident Co.,** No. 3-99-1157 (U.S. Dist. Ct. M.D. Tenn.)

**Reyes v. Country Life Ins. Co.,** No. 98 CH 16502 (Ill. Cir. Ct. Cook Cnty.)

**Thompson v. Metro. Life Ins. Co.,** No. 00 Civ. 5071 (HB) Also applies to No.00 Civ., 9068, No.01-2090 & No. 01 Civ 5579 (U.S. Dist. Ct. S.D. N.Y.)

**Woodley v. Protective Life Ins. Co.,** No. CV. 95-005 (Ala. Cir. Ct. Fayette Cnty.)

## PRODUCT LIABILITY

**Ahearn v. Fibreboard,** No. 6:93cv.526 (U.S. Dist. Ct. E.D. Tex.)

**Cox v. Shell Oil Co.,** No. 18,844 (Tenn. Ch. Ct. Obion Cnty.)

**Garza v. Sporting Goods Props. Inc.,** No. SA 93-CA-1082 (U.S. Dist. Ct. W.D. Tex.)

**Hart v. Central Sprinkler Corp.,** No. BC176727 (C.A. Super. Ct. L.A. Cnty.)



**CASE CITES**

## PRODUCT LIABILITY – CONTINUED

**In re Louisiana-Pacific Corp. Inner-Seal Oriented Strand Board Trade Practices Litigation,** No. C96-2409 VRW (Mellett), No. C96-2468 VRW (Stewart) No. C95-3178 VRW(Aguis)

**In re Rio Hair Naturalizer Prods. Liability Litigation,** No. 1055 (U.S. Dist. Ct. E.D. Mich.)

**Ruff v. Parex, Inc.,** No. 96-CV.-500-59 (U.S. Dist. Ct. E.D. N.C.)

**Salah v. Consolidated Indus., Inc.,** No. CV 738376 (Cal. Super. Ct. Santa Clara Cnty.)

## PROPERTY

**Anderson v. Cedar Grove Composting, Inc.,** No. 97-2-22820-4SEA (Wash. Super. Ct. King Cnty.)

**Black v. Fag Bearings Corp.,** No. CV.396-264CC (Mo. Cir. Ct. Newton Cnty.)

**Branin v. Asarco, Inc.,** No. C93-5132 (B) WD (U.S. Dist. Ct. W.D. Wash.)

**Brighton v. Cedar Grove Composting,** No. 97-2-21660-5 SEA (Wash. Super. Ct. King Cnty.)

**Campbell v. Paducah & Louisville Railway, Inc.,** No. 93-CI-05543 (Ky. Cir. Ct. Jefferson Cnty.)

**Comfort v. Kimberly-Clark Corp.,** No. DV. -90-616 (Ala. Cir. Ct. Shelby Cnty.)

**Vicwood v. Skagit,** No. 00-2-00665-6 (Wash. Super. Ct. Thurston Cnty.)

## BANKRUPTCY

**In re Celotex Corp.**, No. 90-10016-8B1, 90-10017-8B1 (U.S. Dist. Ct. M.D. Fla.)

**In re Raytech Corp.**, Case No. 89-00293 (Bankr. Ct. Conn.)

**In re the Babcock & Wilcox Co.**, No. 00-0558 Bankr Case No. 00-10992 Sect: "R" (5) (U.S. Dist. Ct. E.D. La.)

**In re U.S. Brass Corp.**, No. 94-40823S (Bankr. Ct. E.D. Tex.)

**In re W.R. Grace & Co.**, No. 01-01139 (Bankr. Ct. Del.)

## SECURITIES

**Eilers Furs of Rapid City v. US West Commc'ns, Inc.,** No. 92-5121 (U.S. Dist. Ct. S.D.)

**Finucan v. Egghead, Inc.,** No. C93-1268WD (U.S. Dist. Ct. W.D. Wash.)

**Global Research Analyst Settlement,** (U.S. Dist. Ct. M.D. N.Y.)

**In re Chambers Dev. Corp. Sec. Litig.**, No. 982 (U.S. Dist. Ct. W.D. Pa.)

**U.S. SEC v. HealthSouth Corp.,** No. CV-03-J-06515S (U.S. Dist. Ct. N.D. Ala.)

**In re Banc of America Sec. LLC,** File No. 3-12591 (U.S. Securities and Exchange Commission Administrative Proceeding)



**CASE CITES**

---

**SECURITIES – CONTINUED**

**U.S. SEC v. MBIA,** No. 07Civ. 658 (LLS)  (U.S. Dist. Ct. S.D. N.Y.)

**SEC v. Fed. Nat'l Mortg. Assoc.**, No. 1:06-CV-00959 (RJL) (U.S. Dist. Ct. D.C.)

**BELAIRE-WEST PRIVACY NOTICE MAILINGS**

**Berg v. Zumiez, Inc.,** No. BC408410 (Cal. Super. Ct. L.A. Cnty.)

# Exhibit B

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601.1692

TELEPHONE: +1.312.782.3939 · FACSIMILE: +1.312.782.8585

May 10, 2013

**VIA CERTIFIED MAIL**

ATTORNEY GENERAL HON. ERIC HOLDER
OFFICE OF THE ATTORNEY GENERAL
950 PENNSYLVANIA AVE.
WASHINGTON DC 20530

Re:    Cioe v. Cellco Partnership, et al.
       Ped v. Cellco Partnership, et al.
       United States District Court for the Northern District of Illinois
       Consolidated Case No: 1:11-cv-1002
       Notice pursuant to 28 U.S.C. §1715

Dear Attorney General Holder:

Defendants Cellco Partnership, Airtouch Cellular, and Verizon Wireless Texas, LLC, all d/b/a
Verizon Wireless ("Defendants") provide you notice of the proposed settlement of Fed.R.Civ.P.
23 class-action claims in the consolidated action *Cioe v. Cellco Partnership, et al.*(Case No.
1:11-cv-1002) pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.
Please note that the *Cioe* matter consists of Fed.R.Civ.P. 23 class-action claims under various
state laws and collective action claims under the Fair Labor Standards Act. The Rule 23 class-
action claims are the subject of this letter.

Two similar actions were filed in the United States District Court for the Northern District of
Illinois, *Cioe v. Cellco Partnership, et al.* (Case No. 1:11-cv-1002) and *Ped v. Cellco
Partnership et al.* (Case No. 1:11-cv-01851). On January 29, 2013, the two cases were
consolidated under Case No. 1:11-cv-1002. On March 19, 2013, Plaintiffs filed a Consolidated
Class Complaint. On May 1, 2013, the Court dismissed Case No. 1:11-CV-1851 in light of the
consolidation of the cases. Also on May 1, 2013, the Court granted the motion for preliminary
approval of the class action settlement in the consolidated action.

The Court has scheduled a hearing for final approval of the class action settlement for September
11, 2013 at 10:30 a.m. In accordance with CAFA, Defendants provide copies of the following
documents for the above-referenced action on the enclosed CD:

(1)     Class Action Complaint (Docket No. 1, Case No. 1:11-cv-1002)
(2)     Class Action Complaint (Docket No. 1, Case No. 1:11-cv-1851)
(3)     Amended Class Action Complaint (Docket No. 8, Case No. 1:11-cv-1851)
(4)     Consolidated Class Action Complaint (Docket No. 116, Case No. 1:11-cv-1002)
(5)     Motion for Preliminary Approval of Class Action and Notice to Settlement Class (Docket No. 133, Case No. 1:11-cv-1002)
(6)     Agreement and Stipulation of Settlement and Release (Docket No. 133-1, Case No. 1:11-cv-1002)
(7)     [Proposed] Notice of Class Action Proposed Settlement and Settlement Hearing
(8)     [Proposed] Claim and Opt-in Form (Docket No. 133-3, Case No. 1:11-cv-1002)
(9)     Firm and Attorney Resumes (Docket No. 133-4, Case No. 1:11-cv-1002)
(10)    Order of Preliminary Approval, Notice to the Settlement Class and Conditional Certification (Docket No. 139, Case No. 1:11-cv-1002)
(11)    Order of Dismissal (Docket No. 76, Case No. 1:11-cv-1851)
(12)    A list of class members by state based on last currently known address
(13)    A list by resident state of each state's class members' estimated proportionate share of the total settlement. The estimate assumes a 100% participation rate among class members.

Pursuant to CAFA, you are not required to comment on the settlement. However, if you have questions about this notice, the lawsuit, or the enclosed materials, or if you did not receive any of the above-listed materials, please feel free to contact me at emcree@jonesday.com or (312) 269-4374.

Sincerely,

*Elizabeth McRee*

Elizabeth B. McRee
Jones Day

Enclosures

# Exhibit C



























U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage &

Sent To
ATTORNEY GENERAL TIM FOX
OFFICE OF THE ATTORNEY GENERAL
JUSTICE BLDG
Street, Apt. No.; or PO Box No.
215 N SANDERS
City, State, ZIP+4
HELENA MT 59620-1401

PS Form 3800, June 2002          See Reverse for Instructions



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

Sent To
ATTORNEY GENERAL CHRIS KOSTER
OFFICE OF THE ATTORNEY GENERAL
SUPREME CT. BLDG
Street, Apt. N
207 W HIGH ST.
City, State, Z
JEFFERSON CITY MO 65101

PS Form 3800, June 2002          See Reverse for Instructions



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

Sent To
ATTORNEY GENERAL ALAN WILSON
OFFICE OF THE ATTORNEY GENERAL
REMBERT C. DENNIS OFFICE BLDG.
Street, Apt. No.; or PO Box No.
PO BOX 11549
City, State, ZI
COLUMBIA SC 29211-1549

PS Form 3800, June 2002          See Reverse for Instructions



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

Sent To
ATTORNEY GENERAL DOUGLAS GANSLER
OFFICE OF THE ATTORNEY GENERAL
200 ST. PAUL PL.
Street, Apt. No.; or PO Box No.
BALTIMORE MD 21202-2202
City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

Sent To
ATTORNEY GENERAL HON. ERIC HOLDER
OFFICE OF THE ATTORNEY GENERAL
950 PENNSYLVANIA AVE.
Street, Apt. No.; or PO Box No.
WASHINGTON DC 20530
City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

ATTORNEY GENERAL GREG PHILLIPS
OFFICE OF THE ATTORNEY GENERAL
STATE CAPITOL BLDG.
CHEYENNE WY 82002

See for Instructions













U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | Postmark Here |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL ELLEN ROSENBLUM
OFFICE OF THE ATTORNEY GENERAL
Street, Apt. No. or PO Box No.: JUSTICE BLDG 1162 COURT ST. NE
City, State, ZIP+4: SALEM OR 97301

PS Form 3800, June 2002          See Reverse for Instructions

7005 1160 0003 3488 3451



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | MAY 10 2013 Postmark Here |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL SCOTT PRUITT
OFFICE OF THE ATTORNEY GENERAL
Street, Apt. No. or PO Box No.: 313 NE 21ST ST.
City, State, ZIP+4: OKLAHOMA CITY OK 73105

PS Form 3800, June 2002          See Reverse for Instructions

7005 1160 0003 3488 3944



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | Postmark Here |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL JACK CONWAY
OFFICE OF THE ATTORNEY GENERAL
Street, Apt. No. or PO Box No.: 700 CAPITOL AVE. CAPITOL BUILDING, STE. 118
City, State, ZIP+4: FRANKFORT KY 40601

PS Form 3800, June 2002          See Reverse for Instructions

7005 1160 0003 3488 3616



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | MAY 10 2013 Postmark Here |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL WILLIAM SORRELL
OFFICE OF THE ATTORNEY GENERAL
Street, Apt. No. or PO Box No.: 109 STATE ST.
City, State, ZIP+4: MONTPELIER VT 05609-1001

PS Form 3800, June 2002          See Reverse for Instructions

7005 1160 0003 3488 4040



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | Postmark Here |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL JANET MILLS
OFFICE OF THE ATTORNEY GENERAL
Street, Apt. No. or PO Box No.: STATE HOUSE STATION 6
City, State, ZIP+4: AUGUSTA ME 04333

PS Form 3800, June 2002          See Reverse for Instructions

7005 1160 0003 3488 9214



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | MAY 10 2013 Postmark Here |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL JAMES CALDWELL
OFFICE OF THE ATTORNEY GENERAL
Street, Apt. No. or PO Box No.: PO BOX 94095
City, State, ZIP+4: BATON ROUGE LA 70804-4095

PS Form 3800, June 2002          See Reverse for Instructions

7005 1160 0003 3488 9207



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL BILL SCHUETTE
OFFICE OF THE ATTORNEY GENERAL
PO BOX 30212
Street, Apt. No.; or PO Box No. 525 W OTTAWA ST.
City, State, ZIP LANSING MI 48909-0121

PS Form 3800, June 2002     See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL MARTHA COAKLEY
OFFICE OF THE ATTORNEY GENERAL
1 ASHBURTON PL.
Street, Apt. No.; or PO Box No. BOSTON MA 02108-1698
City, State, ZIP

PS Form 3800, June 2002     See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL JIM HOOD
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF JUSTICE
Street, Apt. No.; or PO Box No. PO BOX 220
City, State, ZIP JACKSON MS 39205

PS Form 3800, June 2002     See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL LORI SWANSON
OFFICE OF THE ATTORNEY GENERAL
STATE CAPITOL, STE 102
Street, Apt. No.; or PO Box No. ST. PAUL MN 55155
City, State, ZIP

PS Form 3800, June 2002     See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL MICHAEL GERAGHTY
OFFICE OF THE ATTORNEY GENERAL
PO BOX 110300
Street, Apt. No.; or PO Box No. DIAMOND COURTHOUSE
City, State, ZIP JUNEAU AK 99811-0300

PS Form 3800, June 2002     See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Sent To: ATTORNEY GENERAL JON BRUNING
OFFICE OF THE ATTORNEY GENERAL
STATE CAPITOL
Street, Apt. No.; or PO Box No. PO BOX 98920
City, State, ZIP LINCOLN NE 68509-8920

PS Form 3800, June 2002     See Reverse for Instructions



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ATTORNEY GENERAL LAWRENCE WASDEN
OFFICE OF THE ATTORNEY GENERAL
STATEHOUSE
BOISE ID 83720-1000



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ATTORNEY GENERAL DAVID LOUIE
OFFICE OF THE ATTORNEY GENERAL
425 QUEEN ST.
HONOLULU HI 96813



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ATTORNEY GENERAL GREG ZOELLER
OFFICE OF THE ATTORNEY GENERAL
INDIANA GOVERNMENT CENTER SOUTH – 5TH FL
302 WEST WASHINGTON ST.
INDIANAPOLIS IN 46204



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ATTORNEY GENERAL LISA MADIGAN
OFFICE OF THE ATTORNEY GENERAL
JAMES R. THOMPSON CTR.
100 W. RANDOLPH ST.
CHICAGO IL 60601



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ATTORNEY GENERAL TOM HORNE
OFFICE OF THE ATTORNEY GENERAL
1275 W WASHINGTON ST.
PHOENIX AZ 85007



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ATTORNEY GENERAL LUTHER STRANGE
OFFICE OF THE ATTORNEY GENERAL
501 WASHINGTON AVE
PO BOX 300152
MONTGOMERY AL 36130-0152



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

*Sent To* ATTORNEY GENERAL DEREK SCHMIDT
OFFICE OF THE ATTORNEY GENERAL
*Street, Apt. No. or PO Box No.* 120 SW 10TH AVE., 2ND FL.
*City, State, ZIP+* TOPEKA KS 66612-1597

PS Form 3800, June 2002    See Reverse for Instructions



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

*Sent To* ATTORNEY GENERAL TOM MILLER
OFFICE OF THE ATTORNEY GENERAL
HOOVER STATE OFFICE BLDG.
*Street, Apt. No. or PO Box No.* 1302 E WALNUT
*City, State, ZIP* DES MOINES IA 50319

PS Form 3800, June 2002    See Reverse for Instructions



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

*Sent To* ATTORNEY GENERAL KATHLEEN KANE
OFFICE OF THE ATTORNEY GENERAL
*Street, Apt. No. or PO Box No.* 1600 STRAWBERRY SQ.
*City, State, ZIP* HARRISBURG PA 17120

PS Form 3800, June 2002    See Reverse for Instructions



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage &

*Sent To* ATTORNEY GENERAL DUSTIN MCDANIEL
OFFICE OF THE ATTORNEY GENERAL
200 TOWER BLDG
*Street, Apt. No. or PO Box No.* 323 CENTER ST.
*City, State, ZIP+4* LITTLE ROCK AR 72201-2610

PS Form 3800, June 2002    See Reverse for Instructions



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

*Sent To* ATTORNEY GENERAL MARTY JACKLEY
OFFICE OF THE ATTORNEY GENERAL
*Street, Apt. No. or PO Box No.* 1302 E HWY 14, SUITE 1
*City, State, ZIP* PIERRE SD 57501-8501

PS Form 3800, June 2002    See Reverse for Instructions



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage

*Sent To* ATTORNEY GENERAL PETER KILMARTIN
OFFICE OF THE ATTORNEY GENERAL
*Street, Apt. No. or PO Box No.* 150 S MAIN ST.
*City, State, ZIP* PROVIDENCE RI 02903

PS Form 3800, June 2002    See Reverse for Instructions









**Exhibit D**

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT
AND SETTLEMENT HEARING

*THIS IS NOT A SOLICITATION FROM A LAWYER.*
*A COURT HAS AUTHORIZED THIS NOTICE.*

TO: ALL PERSONS WHO HAVE BEEN EMPLOYED IN A VERIZON WIRELESS RETAIL SALES LOCATION IN THE UNITED STATES (I.E., A STORE, KIOSK, OR IN-STORE LOCATION) WHO WERE CLASSIFIED AND PAID OVERTIME AS A NONEXEMPT OR SALARY PLUS EMPLOYEE AT ANY TIME FROM MARCH 16, 2008 TO AND INCLUDING FEBRUARY 15, 2013.

THE LIST OF JOB TITLES COVERED BY THIS SETTLEMENT IS ATTACHED.#

# You may be entitled to money from a class action settlement. This notice explains your rights, options, and deadlines.

# To request settlement money, complete and submit the accompanying Claim and Opt-In Form by September 30, 2013.

If you are still a Verizon Wireless employee, Defendants are not allowed to retaliate against you, and promise not to retaliate, if you participate in or inquire about this Settlement.

**Your legal rights may be affected whether you act or do not act. Please read this Notice carefully. It contains information about the choices you can make.**

1

## 1. Why did I get this Notice?

The Court has preliminarily approved a Settlement that may affect you. Defendants' records show that you are part of the Class and/or Subclass covered by this Settlement. The Settlement resolves consolidated lawsuits, *Cioe and Ped v. Cellco Partnership, Airtouch Cellular, and Verizon Wireless Texas LLC*, Case Nos. 11-cv-1002 and 11-cv-01851, in the Northern District of Illinois, Eastern Division federal court (the "Cases"). To make things easy, references in this Notice to the "Class" or "Class Members" are to members of the Class and Subclass.

## 2. What is this Settlement about?

The Settlement resolves claims that the Defendants violated federal and state overtime laws, by failing to pay Verizon Wireless retail employees overtime because of:

    i.  improper or untimely calculation and payment of overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation;

    ii.  deductions to overtime recorded or submitted by employees; and

    iii.  payment of overtime to workers classified as Salary Plus at a half-time rate.

Defendants deny that they did anything wrong. With respect to the claims asserted in the Cases, Defendants contend, among other things, that they complied at all times with all applicable statutes, laws and orders. Moreover, Defendants contend that the majority of Class Members were in fact overpaid. Nothing contained in this Notice, nor the fact of this Notice itself, shall be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants.

## 3. Why is this a class action?

In a class action lawsuit, one or more people called "Class Representatives" (in these Cases, Jeremy Cioe and Sarom Ped) sue as Lead Plaintiffs on behalf of people who have similar claims. These people together are called the "Class" or "Class Members." The companies they sued (in these Cases, Cellco Partnership, Airtouch Cellular, and Verizon Wireless Texas, LLC, all doing business as "Verizon Wireless") are called the Defendants or Verizon Wireless. If the Settlement is approved, it will be binding on all Class Members, except those who exclude themselves. Defendants deny that the Cases should be treated as a class action for any purpose other than settling the lawsuits.

## 4. Who is part of the Settlement?

The Court has decided that the Cases may proceed as a class action in order to settle the claims of these groups:

    a. *The Class*. All persons employed in a Verizon Wireless retail sales location in the United States (i.e., a store, kiosk, or in-store location) who were classified and paid overtime as nonexempt or Salary Plus employees at any time from March 16, 2008 to and including February 15, 2013.

    b. *The Subclass*. All persons employed in a Verizon Wireless retail sales location in the United States (i.e., a store, kiosk, or in-store location) who were classified and paid overtime as Salary Plus employees at any time from March 16, 2008 to and including February 15, 2013. Salary Plus employees are part of the Class and Subclass.

The list of job titles covered by this Settlement is attached.

2

## 5. What is *not* part of the Settlement?

The following are *not* part of the Settlement:

a. Claims, judgments or settlements for work performed at call centers are excluded.

b. Claims for work performed for Verizon Wireless resellers are excluded.

c. If you were a class member in a previous class action settlement of claims for unpaid compensation, in the lawsuit, *Garnica v. Cellco Partnership et al.*, Case Number 08-476827, resolved in the California Superior Court for San Francisco County, then you will only be included in this Settlement to the extent you worked at a Verizon Wireless retail sales location and time period not covered by the *Garnica* settlement. If you were a class member in *Garnica* but also worked at a location and time not covered by *Garnica,* your Settlement share will be pro-rated by excluding any time worked and overtime paid at a Verizon retail location and time period covered by *Garnica*.

d. Any claims, judgments or settlements in the lawsuit, *Atzimba Cisneros v. Cellco Partnership*, Case No. JCCP 4693, pending in the California Superior Court for Los Angeles County are excluded, except that such claims, judgments, or settlements concerning the calculation or untimely or insufficient payment of paid overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation, and retroactive deductions of overtime recorded by Class Members as having worked, are included in this Settlement.

e. Current and former officers of Defendants, Defendants' counsel, Plaintiffs' counsel, and any member of the judiciary presiding over this action are excluded from the Class.

## 6. Summary of Settlement Terms.

Settlement Fund: Defendants will pay Seven Million Seven Hundred and Twenty One Thousand Dollars ($7,721,000.00) to settle the claims in the Cases (the "Settlement Fund"). From this Settlement Fund, there will be deductions allowed by the Court for attorneys' fees and expenses and class representative payments.

Attorneys' Fees and Expenses: The Court appointed Robin Potter & Associates, P.C. and Progressive Law Group LLC as Class Counsel to represent the Settlement Class. They have been prosecuting the Cases on a contingency fee basis, without being paid, while advancing Case expenses. The Settlement provides that they will request that the Court award them attorneys' fees and expenses including expert costs in the total amount of up to Thirty Three and One Third Percent (33 1/3%) of the Settlement Fund. This payment must be approved by the Court before being deducted from the Settlement Fund. Any amounts approved by the Court will constitute full payment for all legal fees and expenses of Class Counsel in the Cases. These attorneys' fees are within the range of fees awarded to Class Counsel under similar circumstances in other cases of this type. You will not be personally responsible for any fees or expenses.

Class Representative Payments: Class Counsel will also ask the Court to award the following sums to each of the Class Representatives: to Lead Plaintiff Jeremy Cioe, Twelve Thousand Five Hundred Dollars ($12,500.00), and to Lead Plaintiff Sarom Ped, Twelve Thousand Five Hundred Dollars ($12,500.00), to compensate them for serving as the representatives for the Class and/or Subclass and for giving up the right to sue for any claims they may have against the Defendants. These payments will be in addition to what the Lead Plaintiffs are eligible to receive under the Settlement, and will be paid out of the Settlement Fund in the amount approved by the Court.

Claims Administrator: The Settlement is being administered by the Verizon Wireless Claims Administrator, c/o Dahl Administration, PO Box 3614, Minneapolis, MN 55403-0614; Email: mail@VerizonWirelessRetailSettlement.com; Telephone: 1-866-561-0058; and Fax: 1-952-955-4589. Verizon Wireless will pay the costs of the Claim Administrator out of pocket. No money from the Settlement Fund will be used for costs of this notice or Settlement administration.

Conditions of Settlement: The Settlement is conditioned upon the Court approving it and entering an order at or following the Fairness Hearing finding that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members. If the total number of Class Members who exclude themselves from the Settlement Class by

3

submitting valid and timely Requests for Exclusion from this class action Settlement exceeds five percent of the total number of Class Members, Defendants may withdraw their agreement to the Settlement. Additional terms can be found in the Settlement Agreement (see Question #15).

## 7. What Will I Receive From the Settlement?

Each Class Member who submits a valid and timely Claim and Opt-In Form will receive money from the Settlement, equal to the total number of his or her shares divided by the total number of shares of all Class Members who submit a valid and timely Claim and Opt-In Form, multiplied by the net amount of the Settlement Fund after deductions for attorneys' fees and expenses and Lead Plaintiffs' compensation. For example, if the net amount is $5,122,333.00, if a Class Member has 250 shares, and if the total shares of all Class Members submitting a valid and timely Claim and Opt In Form is 1,800,000, that Class member would receive: 250/1,800,000 x $5,122,333.00 = $711.44.

From March 16, 2008 to February 15, 2013, (i) each hour of overtime for which you were paid will be counted as approximately .0098 shares, and (ii) each hour of overtime for which you were paid in a position classified as Salary Plus, if any, will be counted as approximately .3727 shares, at a minimum. From March 16, 2008 to February 11, 2012 (iii) each dollar of monthly overtime adjustments you were paid will be counted as approximately .0230 shares, and from June 1, 2008 to February 11, 2012 (iv) each dollar of annual overtime adjustments you were paid will be counted as approximately .2270 shares, at a minimum. "Overtime adjustments" are a form of overtime payment that takes non-hourly pay like commissions into account to determine your overtime rate. The more overtime hours and overtime adjustments you were paid during these time periods, the more shares you will have and the more money you will get from the Settlement.

The accompanying Claim and Opt-In Form states the number of overtime and Salary Plus overtime hours for which you were paid, and the amount of monthly and annual overtime adjustments you were paid, during the above time periods based on Verizon Wireless business records. The Claims Administrator will calculate and send you your share of the Settlement based on these amounts. If you dispute any of these amounts and want to receive a Settlement payment, you must submit information or documents supporting your position to the Claims Administrator within 30 days of the date you submit your Claim and Opt-In Form. Your submission must include the name of these Cases, *Cioe and Ped v. Cellco Partnership et al.*, Case Nos. 11-cv-1002, 11-cv-01851.

A check for your share of the Settlement will be sent to your most current address located by the Claims Administrator, so it is important that you advise the Claims Administrator of any changes in your address. Settlement checks will be valid for 90 days after mailing. Payments will be mailed to you if you submit a Claim and Opt-In Form by September 30, 2013 and the Court gives final approval for the Settlement, and after any appeals are resolved. Settlement payments do not trigger any additional benefits or liabilities under Defendants' benefit or retirement plans.

## 8. What am I giving up to get a Settlement payment or stay in the Class?

In short, unless you exclude yourself from the Settlement (Option B below), if the Court grants final approval of the Settlement, you will give up or "release" the right to sue Cellco Partnership, Verizon Wireless Texas, LLC, and AirTouch Cellular, who are all doing business as Verizon Wireless, and related persons and entities, for the following claims arising from your employment at a Verizon Wireless retail sales location in the United States at any time from March 16, 2008 to February 15, 2013: (i) retroactive deductions of overtime you recorded as having worked; (ii) calculation and payment of overtime adjustments to your rate of pay, based upon commission, bonus or other incentive compensation and time you worked in whole or in part between March 16, 2008 and February 15, 2013; and (iii) *if* you were classified as "Salary Plus" – calculation and payment of your overtime pay rate at a half-time rate and under the fluctuating workweek method of compensation. If you submit the enclosed Claim and Opt-In Form, the release will include any rights you may have to sue for these claims under the Fair Labor Standards Act.

4

Below is the complete description of the claims you are giving up unless you exclude yourself from the Settlement:

A.  RELEASE OF CLAIMS BY THE CLASS.  Subject to the Exclusions below, upon the final approval by the Court of this Settlement, and except as to such rights or claims as may be created by this Settlement, the Settlement Class and each Class Member who has not submitted a valid and timely Request for Exclusion from this class action Settlement on their behalf, and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge Cellco Partnership d/b/a Verizon Wireless, Verizon Wireless Texas, LLC d/b/a Verizon Wireless, and AirTouch Cellular d/b/a Verizon Wireless, and each of their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, members, managers, co-joint venturers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with Cellco Partnership d/b/a Verizon Wireless, Verizon Wireless Texas, LLC d/b/a Verizon Wireless, and/or AirTouch Cellular d/b/a Verizon Wireless, (collectively, the "Released Parties") from any and all claims, debts, losses, demands, obligations, liabilities, penalties, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected which relate to nonpayment or inaccurate payment by any Released Parties of employee overtime compensation as described in this paragraph below as the Released Claims, under any federal, state or local law – inclusive of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., only insofar as individuals have opted-in to this Settlement and timely and validly completed a Claim and Opt-In Form – arising from the Class Members' employment at a Verizon Wireless retail sales location in the United States at any time from March 16, 2008 to February 15, 2013, concerning retroactive deductions of overtime recorded by Class Members as worked and calculation or payment of overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation and time worked in whole or in part between March 16, 2008 and February 15, 2013, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown (collectively, the "Released Claims").

B. ADDITIONAL RELEASE OF CLAIMS BY THE SUBCLASS – FOR "SALARY PLUS" WORKERS.  Subject to the Exclusions below, upon the final approval by the Court of this Settlement, and except as to such rights or claims as may be created by this Settlement, the Settlement Subclass and each Subclass Member who has not submitted a valid and timely Request for Exclusion from this class action Settlement on their behalf, and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge each of the "Released Parties" described in the paragraph above, from any and all claims, debts, losses, demands, obligations, liabilities, penalties, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected which relate to nonpayment or inaccurate payment, by any Released Parties, of employee overtime compensation as described in this paragraph below as the released subclass claims for the Subclass, under any federal, state or local law – inclusive of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., only insofar as individuals have opted-in to this Settlement and timely and validly completed a Claim and Opt-In Form – arising from the Subclass Members' employment at a Verizon Wireless retail sales location in the United States at any time from March 16, 2008 to February 15, 2013, concerning the calculation of overtime pay rates under the fluctuating workweek method of overtime compensation, and the payment of overtime at a half-time rate, for employees classified as "Salary Plus," including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown (collectively, the "Released Subclass Claims").

C. EXCLUSIONS.  The following persons and claims are excluded from this Release and all of the Released Claims and Released Subclass Claims set forth above:

- Claims, judgments or settlements for work performed at call center locations serving Verizon Wireless customers or customers of any Released Party or where Verizon Wireless sales or service has been provided primarily via telephone, internet or other virtual means rather than in person.
- Claims, judgments or settlements for work performed for resellers of Verizon Wireless products or services.

▪ Any claim, judgment or settlement in the lawsuit, *Atzimba Cisneros v. Cellco Partnership*, Case No. JCCP 4693, pending in the California Superior Court for Los Angeles County, on behalf of class members in California, except such claims, judgments, or settlements concerning the calculation or untimely or insufficient payment of paid overtime adjustments to the regular rate of pay based upon commission, bonus or other incentive compensation, and retroactive deductions of overtime recorded by Class Members as worked.

▪ Persons who were members of a previous settlement class concerning claims of unpaid compensation in the lawsuit *Garnica v. Cellco Partnership et al.*, Case No 08-476827, resolved in the California Superior Court for San Francisco County, and who worked at one or more Verizon Wireless retail locations and time periods that are covered entirely by the *Garnica* settlement. Class and Subclass Members whose periods of employment concerning allegedly unpaid compensation are released partially by *Garnica* will only be included in this Settlement to the extent they worked at a Verizon Wireless retail sales location during a period not covered by the *Garnica* settlement. In such a case, an individual's recovery of benefits under this Settlement will be pro-rated by excluding the amount of time worked at a Verizon Wireless retail location that is released by the *Garnica* settlement.

▪ Current and former officers of each of the Defendants, Defendants' counsel, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

▪ This Release does not waive, release or modify any Class Member's vested benefits under any ERISA plan, such as a Class Member's vested rights under a pension plan.

## 9. YOUR OPTIONS – AND THE SEPTEMBER 30, 2013 DEADLINE

### OPTION A. To Receive Money, Submit a Claim and Opt-In Form.

If you wish to claim Settlement money and agree to release your claims as described above, **you must complete and return the enclosed Claim and Opt-In Form, which must be submitted to the Claims Administrator as described in the Claim and Opt-In Form by September 30, 2013**. Your form must be completed in full, signed and submitted on time in order to be valid. **If you presently work for Verizon Wireless, submitting a claim will not impact your employment with Verizon Wireless in any way.**

If your Claim and Opt-In Form is received but is not fully completed and signed, the Claims Administrator will send one deficiency notice advising you to cure the deficiency. You must cure the deficiency within 30 days from the date of mailing of the deficiency notice. If you do not cure the deficiency, you may not receive any Settlement money.

OR

### OPTION B. Request for Exclusion.

If you are a Settlement Class Member and do not wish to receive money as part of the Settlement or to be bound by the terms of the Settlement, you may choose to exclude yourself from the Settlement. To exclude yourself, you must mail a letter postmarked on or before September 30, 2013 to Verizon Wireless Claims Administrator, c/o Dahl Administration, PO Box 3614, Minneapolis, MN 55403-0614, including: (1) your name, and former name if any; (2) your Social Security Number, (3) a statement that you agree not to participate in the Settlement in the Cases entitled, *Cioe and Ped v. Cellco Partnership et al.* Case Nos. 11-cv-1002 and 11-cv-01851; and (4) your signature. If you exclude yourself on time, you will not have any rights under the Settlement Agreement, you will not be entitled to receive a Settlement payment, you will not give up the right to be part of any other lawsuit against the Defendants for claims that are the subject of this Settlement, and you will not be a Class Member.

OR

### OPTION C. Object.

If you believe the Settlement should not be approved by the Court for any reason, you may state your objections to the Court. If you object and the Settlement is approved, you will still be a part of the Class and will be covered by the Settlement. If you wish to object, you must send your written objection on or before September 30, 2013, stating why you object to the Settlement. Be sure to include your full name, address, telephone number; the approximate

6

dates you were employed at a Verizon Wireless retail sales location; your signature; and the reasons you object to the Settlement. You must send copies of your objection by First-Class Mail, postmarked on or before September 30, 2013, to the Court and Counsel for both of the parties at the three addresses below:

U.S. District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

| Class Counsel | Defendants' Counsel |
|---|---|
| Mark Bulgarelli | Elizabeth McRee |
| Progressive Law Group LLC | Jones Day |
| 1 N. LaSalle Street, Suite 2255 | 77 West Wacker Drive, Suite 3500 |
| Chicago, IL 60602 | Chicago, IL 60601 |

Any Class Member filing an objection who intends to appear at the Fairness Hearing either in person or through counsel, must state in the objection the intention to appear, the purpose of the appearance, and whether the Class Member is represented by counsel. Any attorney representing anyone at the Fairness Hearing must file a notice of appearance with the Court on or before September 30, 2013. If you do not file your written objection(s) ahead of time in the manner described above, the Court will not consider them at the Fairness Hearing. All objections or other correspondence must state the name and number of the Cases, which is *Cioe and Ped v. Cellco Partnership et al.,* Case Nos. 11-cv-1002 and 11-cv-01851. If you do not follow the procedures for objecting described above, you will be deemed to have waived any objection to the Settlement.

OR

**OPTION D. Do nothing.**

If you are a Class Member and do nothing, you will get no money from the Settlement. If you do not exclude yourself (Option B), you will be bound by the Settlement and will not be able to start a lawsuit, continue with a lawsuit, or be part of another lawsuit against Verizon Wireless about the claims released in the Settlement.

### 10. How will taxes on my Settlement money be accounted for?

The Settlement provides that 50 percent of the amount you may receive under the Settlement represents taxable wage income, and the remainder represents non-wage income, to the extent permitted by law. Upon approval of the Settlement by the Court, the Claims Administrator will prepare and file IRS Forms W-2 and 1099 and other necessary tax forms (and the equivalent state forms) as required by law for those who receive Settlement payments. Class Members are responsible for paying the appropriate individual taxes due on the Settlement money. Please consult with your accountant or other tax advisor regarding the tax consequences of the Settlement payment. The usual and customary deductions will be made from the wage portion of the Settlement payment allocated to each person who receives a Settlement payment. Verizon Wireless will separately pay, out-of-pocket, the employer's portion of all federal and state withholdings required by law. No money from the Settlement Fund will be used to pay employer taxes.

### 11. How will any unclaimed funds be handled?

All Settlement checks must be cashed or deposited within 90 days of the date on which they were issued or reissued. Any portion of the Settlement Fund that Settlement recipients do not cash within the 90-day period will be donated in equal measure, for the purpose of protecting worker rights, or promoting job opportunities, job quality, or workplace fairness, to (1) the Center for Urban Economic Development at the University of Illinois at Chicago and (2) the Donald Vial Center for Employment in the Green Economy at the University of California, Berkeley Institute for Research on Labor and Employment, subject to approval or changes by the Court.

**12. When and where will the Court hear whether to approve the Settlement? May I speak at the Court hearing?**

The Fairness Hearing will be held on October 29, 2013 at 10:30 a.m. in Courtroom 1041 in the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At that hearing, the Court will determine if the Settlement is fair, reasonable, adequate, and in the best interests of the Verizon Wireless retail sales location employees that are affected by the Settlement. The Court may postpone the hearing or change its location without further notice to you.

You are not required to attend the Fairness Hearing, although you may do so at your own expense. If you are satisfied with the Settlement there is no need for you to attend.

If you object to the Settlement and want to ask the Court for permission to speak at the Fairness Hearing, you must follow the procedures set forth in Question #9 above.

**13. Does it matter if my address changes?**

If you move after receiving this Notice, or if it was misaddressed, or if for any reason you want your payment or future correspondence about the Cases and Settlement sent to a different address, you must advise the Claims Administrator at Verizon Wireless Claims Administrator, c/o Dahl Administration, PO Box 3614, Minneapolis, MN 55403-0614; by Email: mail@VerizonWirelessRetailSettlement.com; by Fax: 1-952-955-4589; or on the accompanying Claim and Opt-In Form. Failure to keep the Claims Administrator informed of your address may prevent you from receiving your Settlement check or notices from the Court or the Claims Administrator.

**14. What if a Class Member is deceased?**

The right to submit a Claim and Opt-In Form or a Request for Exclusion from the Settlement may be exercised by a Class Member's legally designated heir or the legal administrator of the deceased's estate.

**15. How do I get more information? Who can answer my questions? Is there a website?**

This Notice is only a summary of the Cases and the Settlement. You also may obtain copies of this Notice and the Settlement Agreement, and further information about the Settlement including whether the Court has approved it, from the Claims Administrator, the Settlement website, www.VerizonWirelessRetailSettlement.com, or Class Counsel. For additional information, or a more detailed statement of the Cases or Settlement:

    a. Contact the Claims Administrator with any inquiries about this Notice or Settlement at:

**Verizon Wireless Claims Administrator**
**c/o Dahl Administration**
**PO Box 3614**
**Minneapolis, MN 55403-0614**
**Phone: 1-866-561-0058**
**Email: mail@VerizonWirelessRetailSettlement.com**
**Fax: 1-952-955-4589**

    b. Contact Class Counsel. If you have a question for attorneys representing the Class, contact:

**Progressive Law Group LLC**
**1 N. LaSalle Street, Suite 2255**
**Chicago, IL 60602**
**Phone: (312) 787-2717**
**www.progressivelaw.com**

8

c.  Go to the Settlement Website: **www.VerizonWirelessRetailSettlement.com**.

d.  Inspect the Court records.  To see the electronic files and history of these Cases, you may visit the electronic public access service for court records, http://pacer.psc.uscourts.gov/, and upon registering for an account, the electronic files and history of these Cases may be retrieved by going to "Case Search Sign In" and signing in, clicking on the link "Illinois Northern – ECF" under the U.S. District Courts heading, and in the Query function entering 11-cv-1002 or 11-cv-01851 under "Case Number."  The Settlement papers and other papers filed with the Court in the Cases may also be inspected at the Office of the Clerk of the U.S. District Court, located at Everett McKinley Dirksen, United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, during regular business hours of each court day.

PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, THE JUDGE, OR DEFENDANTS' ATTORNEYS WITH INQUIRIES.

**NOTE:  YOU CAN ONLY GET MONEY FROM THE SETTLEMENT IF YOU SUBMIT A VALID CLAIM AND OPT-IN FORM BY <u>SEPTEMBER 30, 2013</u>.**

**IT IS YOUR RESPONSIBILITY TO ENSURE THAT THE CLAIMS ADMINISTRATOR HAS TIMELY RECEIVED YOUR CLAIM AND OPT-IN FORM, AND TO KEEP YOUR CURRENT ADDRESS ON FILE WITH THE CLAIMS ADMINISTRATOR SO YOU CAN BE PAID FROM ANY FINAL SETTLEMENT OR RECEIVE NOTICES.  YOU MAY CONTACT THE CLAIM ADMINISTRATOR, AT THE TOLL-FREE NUMBER 1-866-561-0058, TO MAKE SURE IT HAS BEEN RECEIVED OR WITH ANY QUESTIONS.**

9

## LIST OF CURRENT AND FORMER JOB TITLES COVERED
## BY THE VERIZON WIRELESS RETAIL SETTLEMENT

| JOB CODE | JOB TITLE |
|----------|-----------|
| V51232 | APPRENTICE 1-RETAIL SALES |
| 65302 | APPRENTICE 2-RETAIL SALES |
| 65303 | APPRENTICE 3-RETAIL SALES |
| 65304 | APPRENTICE 4-RETAIL SALES |
| 65318N | APPRENTICE 4-ARSM |
| 65318P | APPRENTICE 4-ARSM |
| 65041N | ASSISTANT MGR-RETAIL SALES |
| 65041P | ASSISTANT MGR-RETAIL SALES |
| 65042N | ASSISTANT MGR-RETAIL SALES |
| 65042P | ASSISTANT MGR-RETAIL SALES |
| 65043N | ASSISTANT MGR-RETAIL SALES |
| 65043P | ASSISTANT MGR-RETAIL SALES |
| A5043P | ASSISTANT MGR-RETAIL SALES |
| TC043P | ASSISTANT MGR-RETAIL SALES |
| V51098 | ASST-RETAIL SALES OPS |
| V51158 | GREETER |
| TC1158 | GREETER |
| V51103 | REP-RETAIL CUST SUPPORT |
| TC1103 | REP-RETAIL CUST SUPPORT |
| TC2103 | REP-RETAIL CUST SUPPORT |
| 65045 | REP-RETAIL SALES |
| Z65045 | REP-RETAIL SALES |
| TC1045 | REP-RETAIL SALES |
| TC2045 | REP-RETAIL SALES |
| TC3045 | REP-RETAIL SALES |
| TC4045 | REP-RETAIL SALES |
| M65045 | REP-RETAIL SALES |
| P65045 | REP-RETAIL SALES |
| A15045 | REP-RETAIL SALES |
| A25045 | REP-RETAIL SALES |
| 10847 | REP-RETAIL SERVICE TECHNICIAN |
| 65343N | SPECIALIST-SMB (A) |
| 65344P | SPECIALIST-SMB (A) |
| 65345N | SPECIALIST-SMB (B) |
| 65346P | SPECIALIST-SMB (B) |
| 65347N | SPECIALIST-SMB (C) |
| 65348P | SPECIALIST-SMB (C) |
| 65044 | SR REP-RETAIL SALES |
| A65044 | SR REP-RETAIL SALES |
| 65067 | SUPV-RETAIL SALES |
| P65067 | SUPV-RETAIL SALES |
| 10259 | SUPV-SALES OPS-RETAIL |

THIS PAGE INTENTIONALLY LEFT BLANK.

11

THIS PAGE INTENTIONALLY LEFT BLANK.

12

# CLAIM AND OPT-IN FORM
# TO REQUEST YOUR SETTLEMENT AWARD

*Verizon Wireless Retail Employee Class Action Settlement*
United States District Court, Northern District of Illinois, Case Numbers 11-cv-1002, 11-cv-01851

**YOU MUST COMPLETE AND SUBMIT THIS CLAIM FORM BY SEPTEMBER 30, 2013 TO BE ELIGIBLE TO RECEIVE MONEY FROM THIS SETTLEMENT FOR VERIZON WIRELESS RETAIL EMPLOYEES. THIS SETTLEMENT INCLUDES CLAIMS UNDER THE FAIR LABOR STANDARDS ACT.**

**CLAIMS SUBMITTED AFTER SEPTEMBER 30, 2013 WILL BE REJECTED.**

If your name or address is different from below, print the corrections on the lines provided. If you move you must give the Claims Administrator your new address so you can be paid from any final Settlement.

Please indicate any changes/corrections:

Claim Number: «DAHL_CLAIM_NUMBER»
«NAME»
«ADDRESS_LINE_1»
«CITY» «STATE» «ZIP_CODE»

If you are presently employed with Verizon Wireless, submitting a claim will not impact your employment with Verizon Wireless in any way.

TO CLAIM MONEY YOU MUST COMPLETE, SIGN, DATE, AND SUBMIT THIS FORM EITHER ONLINE, BY EMAIL, BY FAX, OR BY MAIL IN THE PRE-ADDRESSED ENVELOPE INCLUDED TO:

**Verizon Wireless Claims Administrator**
c/o Dahl Administration
PO Box 3614
Minneapolis, MN 55403-0614
Telephone: 1-866-561-0058
Fax: 1-952-955-4589
Email: mail@VerizonWirelessRetailSettlement.com
Website: www.VerizonWirelessRetailSettlement.com

## YOUR SETTLEMENT AWARD

If you complete and sign the **back page** of this Form and submit it by September 30, 2013, the Claims Administrator may determine your share of the Settlement and send you a check for the applicable amount, as set forth in the accompanying Notice and in the Settlement Agreement, based upon Verizon Wireless payroll records that show:

1. Total Overtime Hours for which you were paid from March 16, 2008 to February 15, 2013:
**«TOTAL_OVERTIMET_HOURS_PAID» hours**

1

2. Total Overtime Hours for which you were paid as part of the Salary Plus program from March 16, 2008 to February 15, 2013: **«TOTAL_SALARY_PLUS_OT_HOURS_PAID» hours**

3. Total Dollar Amount you were paid for Annual Overtime Adjustments or "true-ups" from June 1, 2008 to February 11, 2012: **«ANNUAL_OT_ADJ_PAID»**

4. Total Dollar Amount you were paid for Monthly Overtime Adjustments or "true-ups" from March 16, 2008 to February 11, 2012: **«MONTHLY_OT_ADJ_PAID»**

**Challenging payroll records.** For purposes of this Settlement, you may challenge the accuracy of these records. To do so, you must submit information or documents supporting your position to the Claims Administrator within 30 days of the date your Claim and Opt-In Form is postmarked, emailed, completed and submitted on the settlement website, or faxed. Your challenge will be resolved according to the terms of the Settlement Agreement.

### RELEASE OF YOUR CLAIMS

Here is a summary of the claims and rights that you will be giving up or releasing if you do not exclude yourself from the Settlement of these Cases.

If the Court grants final approval of the Settlement, you will give up the right to sue Cellco Partnership, Verizon Wireless Texas, LLC, and AirTouch Cellular – who are all doing business as Verizon Wireless – and related persons and entities, for the following claims arising from your employment at a Verizon Wireless retail sales location in the United States at any time from March 16, 2008 to February 15, 2013: (i) retroactive deductions of overtime you recorded as having worked; (ii) calculation and payment of overtime adjustments to your rate of pay, based upon commission, bonus or other incentive compensation and time you worked in whole or in part between March 16, 2008 and February 15, 2013; and (iii) *if* you were classified as "Salary Plus" – calculation and payment of your overtime pay rate at a half-time rate and under the fluctuating workweek method of compensation. If you submit this Claim and Opt-In Form, you also will be giving up any rights you may have to sue for these claims under the Fair Labor Standards Act. The entire release of claims you are giving up can be read in the accompanying Notice.

➡ **Yes, I wish to opt-in and to be a part of this Settlement and the Cases. I wish to claim any money due to me under this Settlement. I agree to release my claims against Verizon Wireless as set forth above, including claims under the Fair Labor Standards Act.**

_____    _____
Printed Name                        Signature

_____    _____
Printed Former Names (if any)       Email Address

Daytime Telephone Number:    (___ ___ ___)  ___ ___ ___ - ___ ___ ___ ___

Evening Telephone Number:    (___ ___ ___)  ___ ___ ___ - ___ ___ ___ ___

                                                            _____, 2013
___ ___ ___-___ ___-___ ___ ___ ___
Social Security Number                  Date

2

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO. 4    FARIBAULT MN

POSTAGE WILL BE PAID BY ADDRESSEE

**VERIZON WIRELESS CLAIMS ADMINISTRATOR**
**PO BOX 3614**
**MINNEAPOLIS MN 55403-9934**

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES



**VERIZON WIRELESS CLASS ACTION SETTLEMENT CLAIMS ADMINISTRATOR**
C/O DAHL ADMINISTRATION
PO BOX 3614
MINNEAPOLIS MN 55403-0614



←— **SCAN HERE** TO VIEW
THE SETTLEMENT WEBSITE

PRESORT
FIRST CLASS
U.S. POSTAGE
PAID
PERMIT NO. 17
FARIBAULT, MN

# Exhibit E

| Company Detail | |
|---|---|
| Company Name | DAHL, INC. |
| Address | 6465 WAYZATA BLVD STE 420 MINNEAPOLIS, MN 55426-1721 |
| Contact Name | KRISTIN DAHL |
| Phone Number | (507)384-6040 |
| Profit Indicator | P |

## PS Form 3607R - Mailing Transaction Receipt

RECEIVED AUG 0 5 2013

| | |
|---|---|
| Account Holder Account Number | 1155637 |
| Account Holder Permit Number | 17 |
| Account Holder Permit Type | PI |
| Account Holder CRID | 5296588 |
| Post Office of Permit | FARIBAULT, MN. 55021-9998 |
| Post Office of Mailing | FARIBAULT, MN. 55021-9998 |
| Post Office of Permit Cost Center | 263120-1588 |
| Post Office of Mailing Cost Center | 263120-1588 |
| | |
| Mailing Agent Name | ON TARGET A&M INC |
| Mailing Agent CRID | 5848878 |
| | |
| Mail Owner Name | DAHL, INC. |
| Mail Owner CRID | 5296588 |
| | |
| JOB ID | 00000022 |
| Customer Reference ID | |
| CAPS Transaction Number | N/A |
| | |
| Class of Mail | First-Class Mail and First-Class Package Service |
| Processing Category | Letters (may include Postcards) |
| Postage Statement ID | 166880357 |
| Mailing Group ID | 123497563 |
| Mailer's Mailing Date | 08/01/2013 |
| | |
| Total Pieces | 55,046 pcs. |
| Weight of a single-piece | 0.0990 lbs. |
| Total Weight | 5,565.1506 lbs. |
| Total Number of Containers | 356 |
| | |
| Total Adjusted Postage | $ 21,124.16 |
| | |
| Payment Date and Time | 08/01/2013 14:05 |
| Payment Transaction Number | 201321314052568M0 |
| | |
| Mailer Figures Adjusted? | No |
| Person authorizing adjustment | |
| Name | |
| Phone Number | |
| | |
| Acceptance Site Mailer ID | |
| Clerk Initials | LLF |
| Mail Arrival Date and Time | 08/01/2013 13:57 |

# Exhibit F



**CIOE V. VERIZON WIRELESS SETTLEMENT**
**OPT-OUT LIST**
**OCTOBER 14, 2013**

| OPT OUT NUMBER | NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| 01 | CHRISTOPHER GRAVES | 2032 9TH ST APT 16 | CORALVILLE | IA | 52241 |
| 02 | EDGAR MANSILLA | 1506 S BEDFORD ST APT 102 | LOS ANGELES | CA | 90035 |
| 03 | STAN THOMPSON | 7870 LOCKER WAY APT 5 | CITRUS HEIGHTS | CA | 95610 |
| 04 | PAULA VAN AUKEN | 208 MEADOWLARK LN | MONROE | OH | 45050 |
| 05 | LAYTON DIAMENT | 4117 REIMCHE DR | ANTIOCH | CA | 94509 |
| 06 | TAMMY SHAW | 13784 MIDWAY DR | WILLIS | TX | 77318 |
| 07 | LISA WOOD | 13788 MIDWAY DR | WILLIS | TX | 77318 |
| 08 | RHONDA ASHLEY | 3358 TAYLOR SPRING LN | HARRISONBURG | VA | 22801 |
| 09 | KENYA FULTS | 107 BURRUM DR | SHELBYVILLE | TN | 37160 |
| 10 | BLAKE WELDON | 19723 ASHLEY CT | LIVONIA | MI | 48152 |
| 11 | JAMES VANCE | 1122 THOMAS PAINE DR | HARRISONBURG | VA | 22802 |
| 12 | AIMEE LYNNE LUNSETH | 1104 W BURDESHAW ST | DOTHAN | AL | 36303 |
| 13 | MICHAEL SALVATORE DE NOVA | 527 RUSSELL SPRINGS DR | LYNCHBURG | VA | 24501 |
| 14 | DAVID ARKIN | 1122 REED AVE | SAN DIEGO | CA | 92109 |
| 15 | VESTINA MIKOLIUNAITE | 103 HAVEN CT | SEWELL | NJ | 08080 |